**Ryan E. Hatch**
ryan@ryanehatch.com
California Bar No. 235577
**LAW OFFICE OF RYAN E. HATCH, P.C.**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5079
Fax: (310) 693-5328

*Counsel listing continued on next page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINN, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>　　　　Defendant. | CASE NO. 8:19-cv-1805-DOC-JDE<br><br>**JOINT REPORT UNDER FED. R. CIV. P. 26(f)** |
| PINN, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br>　　　　Defendant. | CASE NO. 8:19-cv-1840-DOC-JDE<br><br>**Scheduling Conference**<br>**Date: March 9, 2020**<br>**Time: 8:30 a.m.**<br>**Judge: Hon. David O. Carter** |
| PINN, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>　　　　Defendant. | CASE NO. 8:19-cv-1856-DOC-JDE |

**David A. Skeels** (admitted *pro hac vice*)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel: (817) 878-0500
Fax: (817) 878-0501

**Cabrach J. Connor** (admitted *pro hac vice*)
cab@connorkudlaclee.com
Texas Bar No. 24036390
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel: (512) 777-1254
Fax: (888) 387-1134

**Attorneys for Plaintiff Pinn, Inc.**

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
Tucker N. Terhufen (SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Attorneys for Defendant*
*APPLE INC.*

SETH A. GOLD (SBN 163220)
seth.gold@btlaw.com
ROYA RAHMANPOUR (SBN 285076)
rrahmanpour@btlaw.com
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

TODD G. VARE (admitted pro hac vice)
todd.vare@btlaw.com
JEFF M. BARRON (admitted pro hac vice)
jeff.barron@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

*Attorneys for Defendant*
*GOOGLE LLC*

JIN-SUK PARK (*pro hac vice*)
jin.park@arnoldporter.com
PAUL MARGULIES (*pro hac vice*)
paul.margulies@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Ryan M. Nishimoto (SBN 235208)
ryan.nishimoto@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199

*Attorneys for Defendant*
*SAMSUNG ELECTRONICS AMERICA, INC.*

The plaintiff, Pinn, Inc., and all defendants in related cases, nos. 19-cv-1805, 19-cv-1840, and 19-cv-1856, respectfully submit this Joint Status Report pursuant to the Court's Orders Setting Scheduling Conferences and Fed. R. Civ. P. 26(f).

Counsel for the parties met and conferred telephonically on January 22, 2020, and they conferred at various times thereafter, telephonically and in person, including a telephone conference between Pinn and Apple on February 10, 2020. Pinn was represented by its co-lead counsel, David A. Skeels and Cabrach Connor, and by Jennifer Lee and Ryan Hatch. Apple was represented by its co-lead counsel, Chris Marchese and Seth Sproul. Google was represented by its lead counsel, Todd Vare. Samsung was represented by its co-lead counsel, Ryan Nishimoto.

## I.   Matters Required by Order Setting Scheduling Conference (Dkt. 36)

**(1)   A short factual summary of the case, including the nature and basis of the Parties' claims and defenses (*see also* Fed. R. Civ. P. 26(a)(2))**

### Pinn's Statement

Pinn filed three actions in September 2019, alleging infringement of the same two patents in each (U.S. Patent Nos. 9,807,491 (the "'491 Patent") and 10,455,066 (the "'066 Patent")):

(i)   *Pinn, Inc. v. Apple, Inc.*, Case No. 8:19-cv-01805-DOC-JDE (filed September 20, 2019);

(ii)  *Pinn, Inc. v. Google LLC*, Case No. 8:19-cv-01840-DOC-JDE (filed September 25, 2019); and

(iii) *Pinn, Inc. v. Samsung Elecs. Am., Inc.*, Case No. 8:19-cv-01856-DOC-JDE (filed September 27, 2019).

Pinn's infringement suits are based upon the Patent Act, 35 U.S.C. § 1 *et seq*. As discussed further below, Pinn's complaints against Apple and Samsung, filed in September 2019, also provided notice of U.S. Patent App. 15/694,736 (the "'736 App."), by identifying the '736 App. and by listing all claims that Pinn intended to

assert against them. Pinn received a Notice of Allowance for the '736 App. on January 29, 2020, and paid the issuance fee on February 12, 2020.[1]

Pinn is the owner of U.S. Patent Nos. 9,807,491, titled "ELECTRONIC DEVICE WITH WIRELESS EARBUD" (the "'491 Patent") and 10,455,066, titled "MOBILE SYSTEM WITH WIRELESS EARBUD" (the "'066 Patent") (collectively, the "Asserted Patents").[2] Generally speaking, the Asserted Patents claim methods, apparatuses, and systems relating to a personal wireless media station having a wireless earbud and main body, wherein the wireless earbud is capable of pairing with a device, such as a smartphone, to receive and play audio data, and is capable of connecting to an electric circuit in the main body for wired communication with the main body when plugged into a connection hole of the main body.

The defendants each market wireless earbud products that Pinn alleges infringe multiple claims of each patent.  Apple introduced the Apple AirPods with Charging Case in December 2016 and has introduced subsequent versions as well as Powerbeats Pro wireless earbuds.  Google introduced its Google Pixel Buds with Charging Case in October 2017.[3]  Samsung introduced its Gear IconX wireless earbuds with Charging Case in July 2016.  These are the products Pinn has accused.

In its pleadings, Pinn identified for Defendants 55 or so claims from the '491

---

[1] Pinn has since learned that Google's second-generation Pixel Buds wireless earbuds with charging case will include a "Find My Device" feature, which, like Apple's and Samsung's Accused Products, practice certain claims of the '066 Patent and the '736 App. – specifically, claims that recite an additional limitation in which the wireless earbud generates sound to assist in locating a lost earbud. Pinn's counsel advised Google's counsel on February 20, 2020, that Pinn intended to assert such claims against Google.

[2] As referenced above, Pinn is also the owner of the '736 App. and intends to assert that soon-to-be-issued patent against Defendants. The claims of the '736 App. overlap considerably with (but are not duplicative of) the claims of the '491 and '066 Patents.

[3] Google is expected to release its second-generation Pixel Buds in Spring, 2020. To date, infringement by Google's second-generation Pixel Buds appears to be limited to use and testing by Google.

Patent, '066 Patent, and '736 App that it believed were being practiced by Defendants. Pinn has since identified a few additional claims that it contends are practiced by Defendants. The claims identified against each Defendant in Pinn's Complaints or Amended Complaints are tabulated below (with independent claims identified in brackets, for ease of reference):

|  | Apple | Google (Pixel Buds Gen. 1 only) | Samsung |
|---|---|---|---|
| '491 Pat. | [1], 9, and 10 | [1], 9, and 10 | [1], 9, and 10 |
| '066 Pat. | [1], 2, 4, 6, 9, [10], 12, 14, 21, 24-28, [30], [34], and 36 | [1], 2, 4, 6, and 8 | [1], 2, 4, 6, 8, 9, [10], 12, 14, 16, 18-25, 27-29, [30], 31, [34], 35-37 |
| '736 App. | [1], 3, 5, 9, 12, 13, 15-19, [21], [25], 27, and 29 |  | [1], 3, 5, 7-20, [21], 23, [25], 26-29 |

However, Pinn expects to serve infringement contentions on or before March 9, 2020, and is prepared to narrow the number of claims included in its infringement contentions to a max of 15 claims per patent or patent application and a max of 30 claims total; further, Pinn is prepared to identify an identical set of claims applicable to each party (i.e., total overlap of claims in the infringement contentions) *if* Defendants will agree to limit the number of prior art references to a max of 16 prior art references per patent and not more than a total of 32 references.

As discussed further below (*see* Ex. A), Pinn proposes to further limit its Asserted Claims, by way of an election of claims, well in advance of the expert report deadline, if Defendants will agree to a corresponding reduction in the number

of prior art references at the time of expert reports. Pinn anticipates asserting ten (10) or fewer total claims at the time of trial, and, as discussed below, Pinn has proposed a time limit at trial of ten (10) hours per party (exclusive of jury selection, opening statement, closing argument, and instructions) and will thus be incentivized to limit its claims in proport      ion to its available time at trial.

The Asserted Patents claim priority to a provisional application filed in 2015, and Apple and Google were aware of Pinn's patent portfolio before these suits. Apple has had knowledge of Pinn's patent portfolio since at least as early as October 2016 when it received written notice of that provisional application. Over a year ago, Apple cited Pinn's '491 Patent in one or more of its own patent applications.

Google has had knowledge of Pinn's patent portfolio since at least 2016, when it received written notice of that provisional application. Over a year ago, Google cited Pinn's '491 Patent in one of its own patent applications.

Samsung has had knowledge of Pinn's patent portfolio since at least as early as September 27, 2019, when Pinn filed its Original Complaint against Samsung. Defendants' sales of their respective Accused Products constitute willful infringement.

Pinn seeks an award of damages adequate to compensate for Defendants' willful infringement, in an amount to be determined at trial but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.  Pinn also seeks enhanced damages and attorney's fees because this is an exceptional case.

Finally, Pinn seeks to permanently enjoin Defendants from committing further infringing acts or, alternatively (if the Court declines to grant injunctive relief), and to the extent calculable, damages adequate to compensate Pinn for Defendants' ongoing or future infringement. *See also* First Amended Complaint (*Apple*: Dkt. 34) (*Google*: Dkt. 30) (*Samsung*: Dkt. 33).

### **Defendants' Statements**

- **Apple's Statement**

On September 20, 2019, Pinn filed an original Complaint against Apple alleging infringement of three claims from U.S. Patent No. 9,807,491 (the "'491 Patent"). (ECF 1 at ¶ 90.) In that original Complaint, Pinn also alleged "notice" of two pending U.S. patent applications: Serial No. 15/563,937 ("the '937 Application"), and Serial No. 15/694,736 ("the '736 Application"). Neither of those Applications had issued when Pinn filed the Original Complaint.

On November 21, 2019, Pinn filed a First Amended Complaint ("FAC") against Apple, alleging infringement of the same three claims of the '491 Patent and of 17 claims from U.S. Patent No. 10,455,066 (the "'066 Patent"; collectively, the "Asserted Patents")—making a total of 20 claims asserted against Apple from the '491 and '066 patents. (ECF 34 at ¶ 118.) The '066 Patent had issued from the '937 Application between the filing dates of the original Complaint and the First Amended Complaint. In its FAC, Pinn stated its intention to amend its complaint again to assert a third patent if the '736 Application were to issue as a patent, and Pinn has alleged that it would assert 15 claims from this third patent, should it issue. (*Id.* at ¶ 46.) In its FAC, Pinn accuses Apple's AirPods (1st and 2nd Gen.) and Beats Powerbeats Pro headphone products of infringement.

On December 19, 2019, Apple filed an answer and counterclaims ("Answer"). In the Answer, Apples denies infringement of both of the Asserted Patents, let alone willful infringement of those patents, and contends that Pinn's patents are invalid. Apple's Answer addresses Pinn's allegations of "notice," for example, denying that Pinn sent an October 12, 2017 email that listed Pinn's intellectual property assets, or identified the pending application from which the '491 Patent issued. Apple also rejects Pinn's allegations that it is entitled to damages or an injunction. Apple's answer also asserts declaratory judgment counterclaims of non-infringement and invalidity.

Apple seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, a declaration that the Asserted

Patents are invalid and unenforceable, an order barring Pinn (and affiliates) from asserting infringement or continuing legal action, an award of expenses, costs, and disbursements in this action, and an order declaration that this is an exceptional case and awarding Apple its reasonable attorney fees.

- **Google's Statement**

On September 25, 2019, Pinn filed an original Complaint against Google alleging infringement of U.S. Patent No. 9,807,491 (the "'491 Patent"). On November 14, 2019, Pinn filed its First Amended Complaint alleging infringement of the '491 Patent and U.S. Patent No. 10,455,066 (the "'066 Patent"; collectively, the "Asserted Patents"). Google timely filed its Answer and Affirmative Defenses to the First Amended Complaint on December 12, 2019. Google denies Pinn's claims and contends that the Asserted Patents are invalid and not infringed, among other defenses.

- **Samsung's Statement**

On September 27, 2019, Pinn filed a Complaint against Samsung Electronics America, Inc. alleging infringement of three claims of U.S. Patent No. 9,807,491 (the "'491 Patent"). On November 21, 2019, Pinn filed its First Amended Complaint ("FAC") alleging infringement of the same three claims of the '491 Patent and 27 claims of U.S. Patent No. 10,455,066 (the "'066 Patent") (together, the "Asserted Patents")—making a total of 30 claims asserted against Samsung from the '491 and '066 patents. In its FAC, Pinn stated its intention to amend its complaint again to assert a third patent if the '736 Application were to issue as a patent. In its FAC, Pinn accuses Samsung's Gear IconX with charging case of infringement.

On December 19, 2019, Samsung filed an answer and counterclaims ("Answer"), denying infringement and Pinn's allegations that it is entitled to damages or an injunction, and contending that the Asserted Patents are invalid and not infringed, among other defenses. Samsung also asserts non-infringement and

invalidity counterclaims.

- **Defendant's Collective Statement Regarding Consolidation**

Pinn has filed a motion to consolidate in each of the separate actions against Apple, Google, and Samsung. (ECF 41 (Apple), 40 (Google), and 38 (Samsung).) In those motions, Pinn asserts that each of the three actions should be consolidated at least for discovery. The Defendants are not opposed to the principle of consolidation for purposes of discovery and claim construction, under certain conditions. Specifically, as the Defendants pointed out in their responses to Pinn's motions (ECF 45 (Apple), 42 & 51 (Google), and 43 (Samsung)), Pinn's consolidation proposal presents several problems that should be rectified before the cases are consolidated. Pinn's current number of asserted claims is far too many to try, and under the current schedule, presents a burden to litigate. Given the trial date and the case management schedule, Pinn should make a significant reduction of the number of asserted claims early in this case:

1. The asserted claims should be narrowed to a reasonable number given the accelerated schedule the parties anticipate in this case. Defendants propose that twelve would be reasonable at this stage. Currently, among the asserted claims, seven are commonly asserted against all Defendants: claims 1, 9, and 10 of the '491 patent and claims 1, 2, 4, and 6 of the '066 patent. As explained in the responses to Pinn's consolidation motions, the existing set of claims asserted by Pinn diverge significantly across Apple, Google, and Samsung, as illustrated by the following table (in which the red claim numbers indicate claims that are not common to all defendants, and bolded claim numbers indicate claims that are different between Apple and Samsung). Although Pinn has stated it will add claims against Google, it has not done so and the accelerated schedule strongly militates against allowing them do so:

| Patent | Apple | Google | Samsung |
|---|---|---|---|
| **'491 Patent** | 1 (independent), 9, and 10 | 1 (independent), 9, and 10 | 1 (independent), 9, and 10 |
| **'066 Patent** | 1 (independent), 2, 4, 6, 9, 10 (independent), 12, 14, 21, 24, 25, **26**, 27, 28, 30 (independent), 31 (independent), 34 (independent), 36 | 1 (independent), 2, 4, 6, 8 | 1 (independent), 2, 4, 6, **8**, 9, 10 (independent), 12, 14, **16**, **18**, **19**, **20**, 21, **22**, **23**, 24, 25, 27, 28, **29**, 30 (independent), 31 (independent), 34 (independent), **35**, 36, **37** |

2. Pinn should not be allowed to add the third patent, should one issue from the '736 Application. Pinn itself has stated that the claims overlap with the already asserted claims. Adding the third patent would simply increase litigation burden and expense for the parties and the Court, and would not serve any legitimate interest of Pinn outside of prejudicing the defendants. As with the '491 Patent and '066 Patent, the claims that Pinn would assert against Apple and Samsung currently diverge significantly, as shown in the following table (where, once again, the red claim numbers indicate claims that are not common to all defendants, and bolded claim numbers indicate claims that are different between Apple and Samsung):

| Patent | Apple | Google | Samsung |
|---|---|---|---|
| **'736 Application** | 1 (independent), 3, 5, 9, 12, 13, 15, 16, 17, 18, 19, 21 (independent), 25 (independent), | None | 1 (independent), 3, 5, **7**, **8**, 9, **10**, **11**, 12, 13, **14**, 15, 16, 17, 18, 19, **20**, 21 (independent), |

| | 27, 29 | | **22, 23,**<br>25 (independent),<br>**26,** 27, **28,** 29 |
|---|---|---|---|

3. Each Defendant should be permitted to use its own experts.  For example, at page 3 of its consolidation motion filed in the Apple case (ECF 41), Pinn asserts as a reason for consolidation that "the accused products have common features," and that "it is likely that the same technical or damages experts will opine in all three cases."  However, these assertions are belied by the fact that Pinn has asserted different claim sets against each defendant.  Moreover, the accused products of each defendant were separately developed, each having its own unique design, features, interfaces, processors, and software code.  Indeed, many of the asserted claims recite "executing" code on a "processor" to perform various functions, and thus Pinn's allegations of infringement will differ from defendant to defendant, and from product to product.  Likewise, the damages issues as to each Defendant will differ, as, for example, the financials, sales, marketing, and costs for Apple will be different from Google and Samsung.  Accordingly, each Defendant should be permitted to use its own experts if the cases are consolidated.

4. Last, the cases against each Defendant should be severed for pretrial proceedings and trial.  The Patent Statute (35 U.S.C. § 299) provides that defendants shall receive separate trials in cases such as this one, where each defendant has its own accused products: "parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the

same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.  As stated above, Pinn accuses different products of infringement: Apple's AirPods and Powerbeats Pro, Google's PixelBuds, and Samsung's Gear IconX products.  Thus, the cases against the three Defendants may not be consolidated for a single trial absent consent, and the Defendants do not so consent.  The Defendants also request that the Court sever each case for pretrial proceedings, including the Final Pretrial Conference.

- **Plaintiff's Responsive Statement Regarding Consolidation**

Some of the "conditions" proposed by Defendants are unacceptable. In particular: (1) Plaintiff should not be forced to limit its claims now – before claim construction and before Defendants have produced core technical documents, provided their non-infringement positions, or served invalidity contentions. Nevertheless, Plaintiff has already made a proposal regarding election of claims, which also requires Defendants to make a corresponding election to limit their prior art references at various points in the litigation; (2) Pinn should be permitted to add the third patent when it issues, as its claims overlap significantly with (but are not duplicative of) the '491 and '066 Patents. Pinn has proposed to assert identical claim sets against all three defendants when it serves its infringement contentions on or before March 9, 2020. Further, Apple and Samsung have been on notice since September 2019 about the exact claims to be asserted against them from the '736 Patent App. Those claims will issue soon in a form identical to the form provided to Apple and Samsung in September 2019. Finally, with respect to Google's soon-to-be-released second-generation Pixel Buds, which now include the "Find My Device" feature, Pinn notified Google on February 20, 2020, that it intended to assert

claims that include the "find" feature against Google's second-generation product, and Pinn did so promptly after learning that Google's second-generation product would include the "find" feature. Pinn is not opposed to Defendants using experts of their choosing; however, to increase efficiencies in the consolidated action, the Court or the Special Master may wish to consider limiting each side to a single technical expert for claim construction proceedings.

**(2)   A short synopsis of the principal issues in the case**

The principal questions in these cases will be:

1. Whether Pinn is the proper and rightful owner of the Asserted Patents and whether Pinn has standing to sue the Defendants.

2. Whether Defendants infringe one or more of the Asserted Patents and, if so:

    a. Whether each Defendant's infringing conduct has been willful;

    b. Whether and in what amount Plaintiff is entitled to monetary damages; and

    c. Whether Plaintiff is entitled to injunctive relief.

3. Whether the Asserted Patents are invalid or unenforceable under 35 U.S.C. §§ 101, 102, 103, 112, 256, or any other statutory ground, and/or by reason of the Affirmative and Additional Defenses set forth in Defendants' Answers and/or by reason of Defendants' counterclaims for declaratory relief.

4. Whether this is an exceptional case pursuant to 35 U.S.C. § 285, and, if so, whether any Party is entitled to recover its expenses, attorneys' fees, or other relief under the law.

**(3)   A statement of whether parties are likely to be added and whether the pleadings are likely to be amended**

The Parties do not presently anticipate that any parties will be added.

Pinn anticipates amending its pleadings to add a third patent expected to issue

soon.  Apple will oppose such an amendment, and moreover, for the reasons stated above, opposes consolidation of its action with those of Google and Samsung absent adoption of the four conditions listed above, including that the third patent (should it issue) is not added to the consolidated case.

The Parties reserve the right to amend their pleadings as permitted under the Federal Rules of Civil Procedure or for good cause, as the case progresses – subject to applicable rules and orders.

**(4)   A statement as to issues which any party believes may be determined by motion and a listing of then-contemplated law and motion matters**

**Pinn's General Statement:** On January 4, 2020, the USPTO provided its "Reasons for Allowance" with respect to Pinn's U.S. Patent Application No. 15/694,736 (the "'736 App.). That patent is expected to issue on or before March 10, 2020. That patent incudes many similarities to, and overlaps considerably with, the two Asserted Patents. In very general terms, the '736 App. covers a similar system that also includes a "find" feature, wherein some portion of the claimed system (e.g., the wireless earbuds) may "generate sound" to assist the user in locating a lost or missing component of the system (e.g., a wireless earbud).

In view of the impending issuance of a third patent, Pinn anticipates amending its pleadings to assert a third patent against Defendants. If necessary and as may be required by the Court or by applicable rules, Pinn will file a motion for leave in order to amend its pleadings.

**Apple's General Statement:**   As set forth above, Apple opposes an amendment to add the third patent (should it issue), regardless of whether the cases remain separate or are consolidated.  Pinn's case against Apple has been pending for over five months, Apple has filed its answer and counterclaims, the parties have appeared for two status conferences with the Court (on February 6, 2020 and February 20, 2020), and a scheduling conference is set for March 9, 2020.  Apple

asserts that a third patent would complicate issues for discovery, claim construction, pretrial, summary judgment, and trial, and that such additional complexity should not be injected into the case at this juncture. Additionally, if the case is consolidated, Apple opposes adding a third patent for these same reasons—plus, as stated above, a third patent would substantially decrease any efficiencies that would be gained by consolidation since it would be asserted only against Apple and Samsung, and even then there would be divergence between the claims asserted against these two parties. As such, Pinn should not be allowed to add a third patent to the litigation.

Apple submits that issues concerning at least non-infringement and validity may be determined by motion. Apple expects to file a motion for summary judgment challenging Pinn's allegations of infringement, Pinn's allegations of priority, and possibly the validity of some or all of the asserted claims. Apple also expects to file *Daubert* challenges regarding at least damages.

**Pinn's Statement Regarding Consolidation:** See Pinn's comments above in Section I(1). Pinn disagrees with and opposes at least the first two conditions proposed by Defendants.

**Defendants' Statement Regarding Consolidation:** In a section I(1) above, Defendants stated that they are not opposed to the principle of consolidation for purposes of discovery and claim construction, but have listed four problems with Pinn's consolidation proposal that should be rectified before the case is consolidated: (1) the case be narrowed to twelve claims (or at least a reasonable number Pinn may try), (2) the third patent (should it issue) not be added to the case, (3) the Defendants be allowed to use their own experts, and (4) the cases be severed for pretrial proceedings and trial.

**(5)    A statement of what settlement discussions have occurred (specifically excluding any statement of the terms discussed) and what settlement procedure is recommended, pursuant to Local Rules 16-15 through 16-15.9)**

Pinn and Google have engaged in substantive, good faith settlement discussions over a period of months, including a conference call between Pinn's representatives and Google's representatives on or about October 30, 2019, and follow-up emails since then.  Those efforts have been unsuccessful, and although Pinn is not optimistic about a prompt resolution, the Parties remain committed to pursuing settlement in good faith.

Pinn and Samsung have engaged in substantive, good faith settlement discussions, including a conference call between Pinn's representatives and Samsung's representatives on or about November 7, 2019, as well as a follow-up call on or about December 19, 2020. Those efforts have thus far been unsuccessful, but the Parties remain committed to pursuing settlement in good faith.

**Pinn's statement regarding settlement discussions**: Apple, who owns the lion's share of the market in this space, has not yet provided sales or financial data, and has not yet set forth its non-infringement positions or invalidity positions. When Apple provides such information and, in particular, provides data sufficient for Pinn to formulate a settlement position based upon an appropriate damages model, Pinn expects the parties will engage in settlement discussions. Pinn has served document requests and is awaiting additional data necessary to formulate its settlement position.

**Apple's statement regarding settlement discussions**: Pinn and Apple have not engaged in substantive settlement discussions.  On October 15, 2019, Pinn's counsel and Apple's counsel spoke on the phone, during which Pinn asked if Apple would be open to a meeting for Pinn to present its view on the merits and to talk settlement.  That same day, Apple's counsel responded stating that Apple would be open to a meeting at its facilities.  Pinn was silent regarding such a meeting, until another call that occurred on October 31, 2019, during which Pinn's counsel suggested a WebEx meeting instead of in-person at Apple, and indicated that they would respond with proposed dates.  Pinn never proposed any such dates to Apple.

During the Rule 26(f) conference, on February 10, 2020, the parties addressed the requirement in Rule 26(f) to discuss settlement possibilities, and Pinn's counsel indicated that Pinn would be open to a WebEx meeting with Apple.  Apple expects that such a meeting will occur at some point after the March 9, 2020 scheduling conference.  Pinn has never requested sales data from Apple, and Apple understands that Pinn had meetings with Google and Samsung without such data.

The Parties agree that alternative dispute resolution procedures may be useful. To that end, the Parties agree that a private mediator (ADR Procedure No. 3) would provide the most likely path to settlement.

Pinn and Google agree to mediate with Hon. Dickran M. Tevrizian (Ret.): https://www.jamsadr.com/tevrizian/. If Judge Tevrizian is unavailable, Pinn and Google agree to exchange names of alternative mediators.

Pinn and Samsung agree to mediate with the Hon. David Folsom (Ret.): https://www.fedarb.com/professionals/david-folsom/.   If   Judge   Folsom   is unavailable, Pinn and Samsung agree to exchange names of alternative mediators.

Pinn and Apple agree to mediate with the Hon. David Folsom (Ret.). If Judge Folsom is unavailable, Pinn and Apple agree to mediate with Hon. Dickran M. Tevrizian (Ret.): https://www.jamsadr.com/tevrizian/.

> **(6)** **A discovery plan, which should set forth discovery phases, the order of discovery, and any limitations on discovery [as well as any other issues required to be addressed by Fed. R. Civ. P. 26(a)(3)(A) through (F)].**
>
> > **(A)** **Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The Parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), except as set forth in this Report and

its Exhibit A.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiff anticipates seeking discovery on at least the following subjects:

1. Design, development, structure, functionality, and operation of the Accused Product(s) and other substantially similar products, including technical documents, such as specifications, data sheets, technical requirements, test reports, focus group reports, surveys, product roadmaps, competitive analyses, application notes, and circuit schematics – some of which may need to be produced in native format;

2. Testing of the Accused Product(s);

3. Infringement by the Accused Product(s);

4. Defendant's knowledge of Pinn, Inc., the Pinn product, Sean Kim, and the Asserted Patents;

5. Defendants' respective market share, market analysis, and competitive positioning;

6. Defendants' non-infringement positions, if any;

7. Defendants' invalidity positions, if any, and prior art (or alleged prior art) to the Asserted Patents. Sub-topics would include secondary considerations of non-obviousness, such as commercial success of the Accused Product(s);

8. Defendants' other defenses, including affirmative defenses;

9. Financial information relevant to the Accused Product(s), including sales, revenue, costs, and profits relating to the Accused Product(s) and forecasts regarding same, and

specifically including information and documents sufficient to determine or calculate net profits.

10. Information relevant to the *Georgia-Pacific* factors that might bear on the calculation of a reasonable royalty, including but not limited to Defendants' licensing practices and licensing history;

11. Marketing information relevant to the Accused Product(s), including manuals, instructions, advertising, market studies, and consumer surveys;

12. Defendants' counterclaims, if any.

Discovery is ongoing, and Pinn may seek discovery on other subject based upon defendants' arguments and defensive theories as they develop.

Without waiving its right to seek discovery on any subject matter if and when warranted by the facts and circumstances of this case, Defendants anticipate seeking discovery on the following non-exhaustive subjects:

1. The Asserted Patents, their file histories, and priority claims;

2. Conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents;

3. Prosecution of the Asserted Patents;

4. Commercial embodiments, prototypes, or other embodiments of the Asserted Patents;

5. Plaintiff's proposed claim constructions for the Asserted Patents;

6. Plaintiff's infringement contentions;

7. Plaintiff's willful infringement claim, and "notice" claims as to Apple and Google;

8. Plaintiff's positions on validity and enforceability of the Asserted Patents;

9. Prior art to the Asserted Patents;

10. The inventor and any prior co-inventors named on the applications leading to the Asserted Patents;

11. Plaintiff's ownership of the Asserted Patents;

12. Investment in the Asserted Patents, in Pinn, or in the litigation;

13. Plaintiff's licensing and/or attempted licensing of the Asserted Patents or any other alleged intellectual property;

14. Plaintiff's decision to file suit and selection of defendants;

15. Facts relating to Plaintiff's allegations and supporting Defendant's denials, affirmative defenses, and other defenses;

16. Financial information relevant to Plaintiff's commercial embodiments of the alleged inventions in the Asserted Patents, including sales, revenue, costs, and profits relating to such embodiments and forecasts regarding same, and specifically including information and documents sufficient to determine or calculate net profits.

17. Information relevant to the *Georgia-Pacific* factors that might bear on the calculation of a reasonable royalty, including but not limited to Plaintiff's licensing practices and licensing history;

18. Marketing, advertising, or promotional information relevant to the Plaintiff's asserted patents or any commercial embodiments of the alleged inventions in the asserted patents, including manuals, instructions, advertising, market studies, and consumer surveys.

The Parties agree that discovery should be phased so that fact discovery precedes expert discovery. *See* Exhibit A.

**(C)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

In its pleadings, Plaintiff has provided notice to Defendants regarding their obligation to preserve all relevant documents and ESI.  The Parties have agreed to negotiate a Joint Consolidated ESI Order and submit before the Scheduling Conference.  If possible, the proposed order will be agreed.  If the proposed order includes disagreements, the Parties will work in good faith to minimize those disagreements and to present those disagreements in a written form that will permit the Court to easily identify the Parties' differences.  In the meantime, the parties agree to preserve discoverable information.

> **(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The Parties agree that the Federal Rules of Civil Procedure, including Rule 26, and the Federal Rules of Evidence, including Rule 502, govern the issues of privilege and inadvertent production in this matter, except as set forth in this Report and Exhibit A and except as modified in a future order or by written stipulation of the parties, including an ESI order or protective order, which the parties are negotiating and agreed to submit to the Court before the Scheduling Conference.

In response to discovery requests or under any disclosure requirement, the Parties need not identify or log privileged documents or communications created on or after September 20, 2019.

The Parties also note that they are including a provision on discoverability of expert materials in Paragraph 30 of the Protective Order, which will be submitted to the Court before the March 9, 2020 scheduling conference.

> **(E)** **Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and other limitations that should be imposed**

The Parties agree that the Federal Rules of Civil Procedure and this Court's Local Rules are adequate to guide and govern discovery in this case and that no changes are necessary, except as otherwise set forth in this Report and its Exhibit A.

The parties stipulate as follows:

**Written discovery:**

1. Interrogatories. Plaintiff may serve up to 20 common interrogatories (i.e., an identical set of interrogatories to be answered by each Defendant), plus up to 8 individual interrogatories per Defendant, such that no Defendant will have to answer more than 28 interrogatories. Defendants may serve up to 20 common interrogatories, plus 5 individualized interrogatories per Defendant, such that Plaintiff will not have to answer more than 35 interrogatories.

**Depositions:**

1. Deposition time shall be limited to 80 hours per side[4] for fact witnesses, inclusive of Rule 30(b)(6) witnesses and exclusive of third parties and of expert depositions. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), the parties may stipulate in writing to increase or decrease the number of depositions or deposition time.  Plaintiff's deposition time is reduced by 15 hours for every defendant that settles.

2. Each party may depose a testifying expert for up to 7 hours, provided the Parties may stipulate in writing to more or fewer hours and/or may seek protection or relief (e.g., a party may ask the Court or a Special Master for additional hours to depose an expert who has submitted multiple reports).

3. Any deposition time requiring the use of a translator shall be counted in an amount equal to 75% of the actual time incurred (e.g., 4 hours of

---

[4] "Side" means Plaintiff or the group of all Defendants including Defendants in the Related Cases.

deposition time requiring the use of a translator shall count as 3 hours);

4. The Parties agree to make foreign nationals under their control available for deposition in the country where the deponent resides or is employed within a reasonable time of receiving a deposition notice. Pinn proposes that the Parties agree to cooperate in good faith and to consider alternatives, such as video-deposition by Skype or similar platform, in the event serious health concerns, such as the existing coronavirus situation, so merit. Defendants are considering this proposal.

Pursuant to Fed. R. Civ. P. 29(b), the parties may stipulate that procedures governing or limiting discovery be modified, including that particular depositions occur after the fact or expert discovery cutoff, provided that a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial. The Parties may also move the Court to modify any discovery limits or deadlines, whether established by applicable rules, by Court order, or by the Parties' stipulation, upon a showing of good cause.

## (F) Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

The Court has asked the parties to submit a Protective Order that will address privilege and work product issues, as well as confidentiality protections for confidential information produced by the Parties and by third parties during discovery. The Protective Order will incorporate and will not alter the Court's procedures for filing sealed documents.

## (7) A statement of whether trial will be by jury or to the Court and a realistic estimated length of trial

The Parties have requested a jury trial. Defendants have requested separate trials, which Pinn does not oppose. Pinn anticipates that each trial will require 4

days and requests that each side be given ten (10) hours, exclusive of jury selection, opening statement, closing argument, and instructions; each Defendant anticipates that its separate trial will require 6-7 days and requests that each side in each such trial be given a maximum of seventeen (17) hours, exclusive of jury selection, opening statement, closing argument, and instructions.

**(8)   A statement of any other issues affecting the status or management of the case**

Pursuant to Fed. R. Civ. P. 5(b)(2)(F), the Parties have consented in writing and agreed to accept e-mail service of all papers, including discovery and papers generated during motion practice, and to treat service by e-mail as hand-delivery under the Rules.

Regarding the four proposed, specific dates requested by the Court:

a.   discovery cut-off date: September 18, 2020

b.   final motion cut-off date: Nov. 23, 2020

c.   date for Trial #1 Final Pretrial Conference: Monday, Jan 11, 2021

d.   date for Trial #1: Tuesday, Jan. 26, 2021

e.   date for Trial #2 Final Pretrial Conference: Monday, March 15, 2021

f.   date for Trial #2 trial: Tuesday, Mar. 30, 2021

g.   date for Trial #3 Final Pretrial Conference: Monday, May 10, 2021

h.   date for Trial #3 trial: Tuesday, May 25, 2021

*See also* Exhibit A.

## II.   <u>Additional Matters Raised by L.R. 26-1</u>

**(a)   Complex Case**

The Parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

**(b)    Motion Schedule**

*See* Part I(4) *supra*; *see also* Exhibit A.

**(c)    ADR**

*See* Part I(5) *supra*; *see also* Exhibit A.

**(d)    Trial Estimate**

*See* Part I(7) *supra*; *see also* Exhibit A.

**(e)    Additional Parties**

None, currently.   However, Defendants note that Plaintiff has identified several individual witnesses in its initial disclosure that were at one point named as inventors on the '066 Patent, but were removed during prosecution.   Defendants reserve the right to seek to leave to add one or more of those removed inventors as a party should they learn in discovery that they should be added.

**(f)    Expert Witnesses**

*See* Part I(6) *supra*; *see also* Exhibit A.

**(g)    Patent-Specific Deadlines**

**Pinn's Statement**

Pinn has proposed patent-specific deadlines, including a proposed claim construction schedule, proposed deadlines for infringement contentions and invalidity contentions, and proposed deadlines for election of claims and election of prior art references.

**Defendants' Statement**

During the February 6, 2020 conference with the Court, Pinn submitted a proposed schedule that included dates for exchange of claim terms and claim constructions, submission of a Joint Claim Construction statement to the Court, filing of opening and rebuttal claim construction briefs, and a *Markman* hearing. Defendants believe that the schedule should also include dates for Pinn to serve infringement contentions and for the Defendants to serve invalidity contentions. *See* Exhibit A.

Defendants disagree with Pinn's contention that the technology at issue is not complex, or that extensive technical discovery will not be required.  It is Pinn's burden to prove infringement.  Pinn has accused several different wireless headset products from all three Defendants.  Each Defendant designs and develops the source code and hardware for these products independently from one another.  Pinn's asserted claims in numerous places recite, for example, a "processor" that "is configured to execute computer program instructions stored in" memory to perform functions such as initiating and turning off the wireless pairing, initiating battery charging, and sending audio data under certain conditions.  (*See* '491 Patent, claim 1.)  In order to carry its burden, for example, Pinn will need to prove that each individual accused product has such a processor and executes code stored in memory that performs these specific functions.  This proof will vary from defendant to defendant and will require extensive discovery into the underlying operation of the control system—as defined by the source code and hardware—for each accused product.    Thus, Defendants disagree with Pinn's contention that "extensive technical discovery" is not required, and submit that infringement and invalidity contentions would advance the case and put the parties and Court on notice of their respective theories.  Defendants have thus proposed, in the schedule set out in Exhibit A, dates for infringement and invalidity contentions.

Dated:  February 24, 2020

Respectfully submitted,

*/s/ Ryan E. Hatch*
**Ryan E. Hatch**
California Bar No. 235577
ryan@ryanehatch.com
**LAW OFFICE OF RYAN E. HATCH, P.C.**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5076
Fax: (310) 693-5328

**David A. Skeels** (admitted *pro hac vice*)
Texas Bar No.  24041925
dskeels@whitakerchalk.com
**Enrique Sanchez, Jr.** (*pro hac vice* forthcoming)
Texas Bar No. 24068961
rsanchez@whitakerchalk.com
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel:  (817) 878-0500
Fax:  (817) 878-0501

**Cabrach J. Connor** (*admitted pro hac vice*)
Texas Bar No. 24036390
cab@connorkudlaclee.com
**Jennifer Tatum Lee** (*pro hac vice* forthcoming)
Texas Bar No. 24046950
jennifer@connorkudlaclee.com
**Kevin S. Kudlac** (*pro hac vice* forthcoming)
Texas Bar No. 00790089
kevin@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel:  (512) 777-1254
Fax:  (888) 387-1134

**Attorneys for Pinn, Inc.**

Dated:  February 24, 2020          FISH & RICHARDSON P.C.

                                   By:  */s/ Christopher S. Marchese*
                                   Christopher S. Marchese
                                   Seth M. Sproul
                                   Tucker Terhufen

                                   Attorneys for APPLE INC.

Dated:  February 24, 2020          BARNES & THORNBURG LLP

                                   By:  */s/Todd G. Vare*
                                   Todd G. Vare
                                   Jeff M. Barron
                                   Seth A. Gold
                                   Roya Rahmanpour

                                   Attorneys for GOOGLE LLC

Dated:  February 24, 2020          ARNOLD & PORTER KAYE SCHOLER LLP

                                   By:  */s/Ryan M. Nishimoto*
                                   Ryan M. Nishimoto
                                   Attorneys for SAMSUNG ELECTRONICS
                                   AMERICA, INC.