RYAN E. HATCH
ryan@ryanehatch.com
California Bar No. 235577
**LAW OFFICE OF RYAN E. HATCH, P.C.**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5079 / Fax: (310) 693-5328

DAVID A. SKEELS (admitted *pro hac vice*)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel: (817) 878-0500 / Fax: (817) 878-0501

CABRACH J. CONNOR (admitted *pro hac vice*)
cab@connorkudlaclee.com
Texas Bar No. 24036390
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel: (512) 777-1254 / Fax: (888) 387-1134

*Attorneys for Plaintiff PINN, INC.*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>              Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>              Defendant. | **Case No. 8:19-cv-1805-DOC-JDE**<br><br>**PLAINTIFF PINN INC.'S MEMORANDUM IN SUPPORT OF ITS MOTIONS *IN LIMINE* (Nos. 1-15)**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Tech. Special Master: David Keyzer<br><br>Hearing Date:  January 25, 2021<br>Time:                8:30 a.m. |

# TABLE OF CONTENTS

I.     **EVIDENCE REGARDING FINANCIAL RESOURCES, LITIGATION FUNDING, CHARACTER TRAITS, NATIONALITY, AND THE PARTIES' SETTLEMENT EFFORTS AND NEGOTIATIONS.** ................................................................. 1

    **MIL No. 1.**    Gratuitously commenting on, or making negative statements about, the nationality, citizenship, place of residence, native language, or choice to testify in the native language of any witness. ....................................... 1

    **MIL No. 2.**    The location where each party's counsel practices, and the location or size of each party's counsel's law firms. .................... 2

    **MIL No. 3.**    Attorney compensation, litigation funding, or contingency arrangements. ..................................... 3

    **MIL No. 4.**    Derogatory terms to refer to Pinn or the inventor of the Asserted Patents, the propriety of asserting patents without practicing them, and that patents held by a non-practicing entity are less valuable. ........................ 4

    **MIL No. 5.**    The quality of the USPTO and its examiners, including that examiners are overworked or that the USPTO is prone to error. ................................................ 6

    **MIL No. 6.**    The number of patents Apple has been granted or Apple's propensity to be granted patents. ...................... 7

II.     **DISCOVERY DISPUTES AND COMPLIANCE, PRETRIAL MOTIONS AND PRIOR ORDERS.** ............................... 8

    **MIL No. 7.**    Objections to discovery requests or testimony including assertions of privilege or work product. ............ 8

III.     **CLAIM CONSTRUCTION AND APPLICATION OF CONSTRUED CLAIMS.** ................................................ 9

    **MIL No. 8.**    Comparing embodiments in the Asserted Patents to the Accused Products, the prior art, or Pinn's product / Arguing that Apple practices the prior art / Arguing that if the Accused Products infringe, then the Asserted Claims are invalid. ................................................ 9

    **MIL No. 9.**    Argument that the Accused Products do not infringe because they have two earbuds rather than only one. ................. 12

MIL No. 10.   Arguing in a manner inconsistent with the Court's claim construction or that questions or disparages it..................................................................... 13

MIL No. 11.   Testimony or argument that the Accused Products do not infringe because their charging cases do not have (1) wireless communication capability, (2) an information display, or (3) a clip. .............................................................. 14

IV.   UNASSERTED, DROPPED, UNSUPPORTED, AND OBJECTED TO CONTENTIONS, CLAIMS, AND DEFENSES; AND OTHER PROCEEDINGS ........................................................................ 16

MIL No. 12.   Evidence that Pinn has marked any of its products with the numbers of any Pinn Patents ............................................. 16

MIL No. 13.   Suggesting inequitable conduct was committed during the prosecution of any of the Asserted Patents or any related patents. ............ 16

MIL No. 14.   Evidence that Pinn no longer asserts certain claims, accuses the PowerBeats Pro of infringement, or of Summary Judgment of Non-infringement ...................................................... 18

V.   UNDISCLOSED OR IMPROPER EXPERT OPINIONS AND LAY OPINIONS .......................................................................... 19

MIL No. 15.   Opinions of non-disclosed experts or employees of Apple concerning infringement, non-infringement, validity, or invalidity. ........... 19

# TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab., Inc. v. Citrix Systems, Inc.*, 889 F.3d 735 (Fed. Cir. 2018) .........................11

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) ........................17

*Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM (GWF), 2013 U.S. Dist. LEXIS 76924 (D. Nev. May 30, 2013) ...................................................................................2

*Applied Material, Inc. v. Advanced Semiconductor Materials Am., Inc.*, NO. C 92-20643 RMW, 1995 U.S. Dist. LEXIS 22335 (N.D. Cal. 1995) ......................................7

*AVM Techs., LLC v. Intel Corp.,* Civil Action No. 15-33-RGA, 2017 U.S. Dist. LEXIS 65698 (D. Del. Apr. 29, 2017) ...................................................................................3

*B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419 (Fed. Cir. 1997)............................17

*Bakhico Co. v. Shasta Bevs.*, No. 3:94-CV-1780, 1998 U.S. Dist. LEXIS 7614 (N.D. Tex. May 18, 1998) ...................................................................................................8

*Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575 (Fed. Cir. 1995) ...............................11

*Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996) ............................7

*Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319 (Fed. Cir. 2009)..............................................14

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014)..................................................................................6, 7, 19

*Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, Dkt. 321 (E.D. Tex. Dec. 10, 2014) ...................................................................................................6

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006) ............................................................5

*Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 U.S. Dist. LEXIS 157062 (E.D. Tex. May 26, 2017) ...................................................3

*EMC Corp. v. Pure Storage, Inc*., 154 F. Supp. 3d 81 (D. Del. 2016) .........................................14

*Evicam Int'l., Inc. v. Enforcement Video LLC*, Civ. No. 4:16-CV-00105 (E.D. Tex. June 30, 2017) ...................................................................................................19

*Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009)....................................13

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).....................................18

*EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781 (D. Minn. Mar. 8, 2003) ...................................................................................................7, 8

*Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-03999-BLF (N.D. Cal. Jul. 8, 2015) ...................................................................................................................6

*Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367 (Fed. Cir. 2005)................................12, 13

*Glaros v. H.H. Robertson Co.*, 797 F.2d 1564 (Fed. Cir. 1986) ................................................ 8

*Glaverbel Societe Anonyme v. Northlake Mktg. Supply, Inc.*, 45 F.3d 1550 (Fed. Cir. 1995) ................................................................................................................. 11

*Gust v. Wireless Vision, L.L.C.*, No. 15-2646, 2017 WL 4236636, 2017 U.S. Dist. LEXIS 156166 (D. Kan. Sept. 25, 2017) ........................................................ 9

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ........................... 13

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1996 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 21, 1996) ............................................................................. 18

*Herbert v. Lisle Corp.,* 99 F.3d 1109 (Fed. Cir 1996) ................................................................. 14

*HTC Corp.  v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) ............................................................................... 6

*i4i L.P. et al. v. Microsoft Corp.,* Case No. 6:07-cv-001133-LED (Dkt. 323, p. 30) (May 19, 2009) .......................................................................................................... 4

*In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612 (D.N.J. 2019) .................................................................. 3

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.,* 589 F.3d 1179 (Fed. Cir. 2009) ......................................................................................................................... 13

*Intellectual Ventures I LLC v. Symantec  Corp.*, No. 10-1067-LPS, 2015 WL 82052 (D. Del. Jan. 6, 2015) ..................................................................................... 6

*Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-CV-00980-JRG (E.D. Tex. April 26, 20018) ...................................................................................................... 5

*Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046 (Fed. Cir. 2002) ......................................................................................................................... 10

*Liebel-Flarsheim Co. v. Medrad, Inc.,* 358 F.3d 898 (Fed. Cir. 2004) ........................................ 15

*Lighting Ballast Control LLC v. Philips Elecs. North Am. Corp.,* 744 F.3d 1272 (Fed. Cir. 2014) ................................................................................................. 13

*Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209 (Fed. Cir. 2006) ................................... 14

*MarcTec, LLC v. Johnson & Johnson,* 664 F.3d 907 (Fed. Cir. 2012) ........................................ 14

*McQuiston v. Helms*, No. 1:06-cv-1668, 2009 WL 554101, 2009 U.S. Dist. LEXIS 19141 (S.D. Ind. Mar. 4, 2009) ................................................................... 9

*Mukhtar v. California State Univ.*, 299 F.3d 1053 (9th Cir. 2002) ............................................... 13

*Mylan Pharm. Inc., v. Thompson*, 268 F.3d 1323 (Fed. Cir. 2001) ............................................. 17

*Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, Dkt. 962 (E.D. Tex. Sept. 13, 2017) .......................................... 14

*Personalized User Model, L.L.P. v. Google Inc.*, No. 09-525-LPS, 2014 WL
807736 (D. Del. Feb. 27, 2014) .................................................................6

*Peters v. Active Mfg. Co.*, 129 U.S. 530 (1889) ............................................11

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)...............................15

*Positive Ions, Inc. v. Ion Media Networks, Inc.*, No. CV 06-4296 ABC (FFMx),
2007 U.S. Dist. LEXIS 105295 (C.D. Cal. Nov. 7, 2007)..........................3

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,  No. 2:13-cv-1113-JRG-
RSP, Dkt. 237 (E.D. Tex. Aug. 14, 2015) .................................................10

*Rembrandt  Wireless Techs. LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-
RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .....................................6

*Roeder v. DirecTV, Inc.*, No. C14-4091, 2017 U.S. Dist. LEXIS 225305 (N.D.
Iowa May 31, 2017).....................................................................................9

*SimpleAir, Inc. v. Microsoft Corp.*, No. 2:11-cv-416-JRG, Dkt. 571 (E.D. Tex.
Jan. 8, 2014) ...............................................................................................11

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985)...................10

*SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-JRG, Dkt. 219 (E.D. Tex.
Mar. 24, 2012).............................................................................................6

*Stone Brewing Co. v. Millercoors, LLC*, Case No.: 3:18-cv-00331-BEN-LL,
2021 U.S. Dist. LEXIS 2979 (S.D. Cal. January 7, 2021)..........................2

*SuperGuide Corp. v. DirecTV Enters.*, 358 F.3d 870 (Fed. Cir. 2004) ........................12

*Survivor Prods. LLC v. Fox Broad. Co.*, No. CV 01-3234 LGB (SHx), 2001 WL
39829270, 2001 U.S. Dist. LEXIS 25511 (C.D. Cal. June 14, 2001).................17

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357
(Fed. Cir. 2002) ..........................................................................................11

*Techshell, Inc. v. Max Interactive, Inc.*, No. SACV 19-00608 AG (ADSx), 2019
U.S. Dist. LEXIS 163205 (C.D. Cal. Aug. 5, 2019)..................................18

*Thompson v. Polaris Indus.*, No. CV-16-02868-PHX-DJH, 2019 U.S. Dist.
LEXIS 83665 (D. Ariz. May 17, 2019) .....................................................2

*Transdata, Inc. v. Centerpoint Energy Hous. Elec. Llc, No.* 6:10cv557 RWS-
JDL, 2016 U.S. Dist. LEXIS 199823 (E.D. Tex. July 1, 2016)........................3

*Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706 (D. Del. 2016) .................4

*United States v. Weitzenhoff*, 35 F.3d 1275 (9th Cir. 1993) ...........................13

*Wi-Lan Inc. v. HTC Corp.*, No. 2:11-cv-68- JRG, Dkt. 608 (E.D. Tex. Oct. 11,
2013) ...........................................................................................................6

v

*Williams v. IQS Ins. Risk Retention*, No. 18-2472, 2019 U.S. Dist. LEXIS 30217 (E.D. La. Feb. 25, 2019)..................................................................................................3

*Wright v. Burlington Northern Santa Fe Ry.*, No. 4:13-CV-24, 2016 U.S. Dist. LEXIS 54029 (N.D. Ok. Apr. 22, 2016)...........................................................................9

*z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 U.S. Dist. LEXIS 58374 (E.D. Tex. Aug. 18, 2006)...........................................................................17

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418 (Fed. Cir. 1994)..............................10

**Rules**

Fed. R. Civ. P. 1 .........................................................................................................25

Fed. R. Civ. P. 9 .........................................................................................................24

Fed. R. Evid. 103 .........................................................................................................1

Fed. R. Evid. 104 .........................................................................................................1

Fed. R. Evid. 401 .......................................................................................................14

Fed. R. Evid. 701 .......................................................................................................27

Fed. R. Evid. 702 .......................................................................................................27

**Other Authorities**

MPEP § 2111.03(I) .................................................................................................16, 17

Memo in Support of Pinn's Motions *in Limine* (Nos. 1-15)
Case Nos. 8:19-cv-1805

Pinn respectfully submits the following Memorandum in Support of its Motions *in Limine* (Nos. 1-15).

## <u>INTRODUCTION</u>

Pinn moves for an order *in limine* prior to commencement of the voir dire examination of the jury panel, instructing Apple and its attorneys, representatives, and all defense witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner whatsoever, either directly or indirectly, any of the following matters without first approaching the bench and obtaining a permissive ruling from the Court outside the presence of any juror or prospective juror.  Fed. R. Evid. 103(c), 104(c).  Pinn requests that the Court instruct Apple to admonish each witness it may call to follow these same instructions.

The specific precautions Pinn seeks are appropriate given the sensitivity of these issues and the unfair prejudice that would result should the jury be exposed to any interrogation, testimony, or statements of counsel concerning them.  *In limine* orders are necessary because the usual evidentiary objection process likely would reinforce the impact of such prejudicial matters on the jurors.

**I.    EVIDENCE REGARDING FINANCIAL RESOURCES, LITIGATION FUNDING, CHARACTER TRAITS, NATIONALITY, AND THE PARTIES' SETTLEMENT EFFORTS AND NEGOTIATIONS.**

**MIL No. 1. Gratuitously commenting on, or making negative statements about, the nationality, citizenship, place of residence, native language, or choice to testify in the native language of any witness.**

Pinn moves *in limine* to exclude any gratuitous comments or negative statements on the nationality, citizenship, place of residence, native language, or choice to testify in the native language of any witness.

Three of Pinn's witnesses are of South Korean descent:

- Sean Kim (Inventor and President of Pinn, Inc.)
- Mincheol Kim (Pinn's Former Prosecution Attorney)

1

- Sang Hoon Lee (Head of AQ Corp. and Pinn Investor)

Sean Kim resides in the United States and holds a permanent resident card. Mr. Lee is a South Korean citizen and resides in South Korea. Commenting on either witness's citizenship may be unfairly prejudicial and potentially introduce immigration issues into a patent trial for no purpose other than to create prejudice. Such argument serves no probative purpose and is a classic example of evidence excluded under Rule 403. *See Stone Brewing Co. v. Millercoors, LLC*, Case No.: 3:18-cv-00331-BEN-LL, 2021 U.S. Dist. LEXIS 2979 *8-10 (S.D. Cal. January 7, 2021) (granting MIL with respect to nationality of investors).

Sean Kim was deposed in English but had a Korean interpreter present as needed. Mr. Lee's entire deposition was conducted through a Korean interpreter, and he testified that he has a limited ability to read in English. Apple examined Sean Kim about his need for an interpreter too. A witness's choice to testify with an interpreter should not be subject to attack and should be excluded under Fed. R. Evid. 403.

### MIL No. 2. The location where each party's counsel practices, and the location or size of each party's counsel's law firms.

Evidence of where each party's counsel practices, and the size of their respective firms, is irrelevant and unduly prejudicial. Whether counsel practices from Texas or California has no relevance and may prejudice the party represented by out-of-town attorneys. The same is true of evidence regarding the size of the parties' firms. This testimony should be excluded. *See, e.g., Thompson v. Polaris Indus.*, No. CV-16-02868-PHX-DJH, 2019 U.S. Dist. LEXIS 83665, at *37 (D. Ariz. May 17, 2019) (excluding evidence referring to the size, location, number of attorneys, their billing rates, experience, and amount of fees incurred by the law firms representing the parties, "as it is irrelevant to the litigation."); *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM (GWF), 2013 U.S. Dist. LEXIS 76924, at *11 (D. Nev. May 30, 2013) (granting motion to preclude defendants from referring to the name of each and every attorney in plaintiffs' law firms, when plaintiffs argued that

1   this would focus on the size of the law firm representing a party and be a "blatant

2   attempt to prejudice the jury").

3   **MIL No. 3. Attorney compensation, litigation funding, or contingency**
      **arrangements.**

4

5   Evidence regarding attorney compensation, litigation funding, or contingent-

6   fee arrangements has nothing to do with any issues being tried and will unfairly

7   prejudice Pinn.  Courts routinely exclude evidence of litigation funding as irrelevant

8   and prejudicial.  *See, e.g., AVM Techs., LLC v. Intel Corp.,* Civil Action No. 15-33-

9   RGA, 2017 U.S. Dist. LEXIS 65698, at *8 (D. Del. Apr. 29, 2017) (excluding

10  evidence of litigation funding as irrelevant, unfairly prejudicial, and confusing to the

11  jury); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017

12  U.S. Dist. LEXIS 157062, at *3 (E.D. Tex. May 26, 2017) (granting MIL and ordering

13  "No references, argument, or evidence regarding litigation funding documents.");

14  *Williams v. IQS Ins. Risk Retention*, No. 18-2472, 2019 U.S. Dist. LEXIS 30217, at

15  *10 (E.D. La. Feb. 25, 2019) (finding that "[e]vidence of the third party funding

16  arrangement with Plaintiffs' attorney has nothing to do with any issue being tried,"

17  and "will only serve to confuse the jury and unfairly prejudice Plaintiffs to admit the

18  evidence."); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods.*

19  *Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) ("litigation funding is irrelevant

20  to the claims and defenses in the case" and "is not discoverable.")

21  Evidence of attorney-fee compensation or contingent-fee arrangements is

22  likewise irrelevant and prejudicial and should be excluded.  *See Positive Ions, Inc. v.*

23  *Ion Media Networks, Inc.*, No. CV 06-4296 ABC (FFMx), 2007 U.S. Dist. LEXIS

24  105295, at *7-8 (C.D. Cal. Nov. 7, 2007) (excluding evidence regarding contingency

25  fee arrangements as being irrelevant, confusing, unfairly prejudicial, and potentially

26  misleading to the jury); *Transdata, Inc. v. Centerpoint Energy Hous. Elec. Llc, No.*

27  6:10cv557 RWS-JDL, 2016 U.S. Dist. LEXIS 199823, at *7 (E.D. Tex. July 1, 2016)

28

(holding that no party shall refer to any contingency fee agreement or refer to the amount of payment received pursuant to a contingency fee agreement).

**MIL No. 4.  Derogatory terms to refer to Pinn or the inventor of the Asserted Patents, the propriety of asserting patents without practicing them, and that patents held by a non-practicing entity are less valuable.**

Pinn moves *in limine* to preclude Apple from denigrating Pinn by using pejorative terms to refer to Pinn, its business, or its patents. Apple has agreed not to refer to Pinn as a "patent troll" or "patent terrorist." But Apple has not agreed to refrain from referring to Pinn as a "troll" or any similar derogatory term despite it being well accepted that "[i]t is of no consequence that plaintiff appears to be a non-practicing entity; such a business strategy is not nefarious." *Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 n.1 (D. Del. 2016) ("The court declines to treat such non-practicing entities as anything less than holders of constitutionally protected property rights, those rights having been legitimized by the Patent & Trademark Office."). The impropriety of Apple's potential behavior is laid bare by jury instructions like those given in *i4i L.P. et al. v. Microsoft Corp.*, Case No. 6:07-cv-001133-LED (Dkt. 323, p. 30) (May 19, 2009):

> You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. This is true in patent cases between corporations, partnerships, or individuals. A patent owner is entitled to protect its patent rights under the United States Constitution. This includes bringing suit in a United States District Court for money damages for infringement. This may be done regardless of whether the owner of the patent is an individual, a partnership, a bank, a small company with only a few investors, or a large company made up of many investors. The law recognizes no distinction among types of patent owners. A patent owner may be a competitor of an accused infringer, but it does not have to be. The characterization of a patent lawsuit as good or bad or as misuse of the patent laws based upon the status of the patent owner is inappropriate and should not play any part in your deliberations. All

corporations, partnerships and other organizations stand equal before the law, regardless of size or who owns them, and are to be treated as equals.

Comments that Pinn is in the business of asserting patents and not making products based upon its patents, that its patents are less valuable because it does not practice them, or that it is a "troll", "non-practicing entity," "patent assertion entity," or similar pejoratives that slur or negatively characterize Pinn are prejudicial and cater to emotional reactions, rather than serve the even-handed evaluation of the claims and defenses based upon the admissible relevant evidence. Such inflammatory comments contravene the Constitutional basis upon which the patent system is based and Supreme Court precedent recognizing that inventors like Sean Kim and his company are on equal footing with the likes of Apple when asserting their patents.[1]  Numerous courts have recognized the impropriety of Apple's apparent desire to denigrate Mr. Kim and Pinn.  *See Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-CV-00980-JRG (E.D. Tex. April 26, 20018) (Dkt. 505) ("Defendants are not permitted to denigrate Plaintiff by asserting that Plaintiff 'buys, settles, and sues,' or doesn't produce anything or contribute to the economy." Defendant was permitted to establish that Plaintiff does not manufacture a product.  However, "once established before the

---

[1]  "[T]he District Court . . . appeared to adopt certain expansive principles suggesting that injunctive relief could not issue in a broad swath of cases. Most notably, it concluded that a plaintiff's willingness to license its patents and its lack of commercial activity in practicing the patents would be sufficient to establish that the patent holder would not suffer irreparable harm if an injunction did not issue. But traditional equitable principles do not permit such broad classifications. For example, **some patent holders, such as university researchers or self-made inventors, might reasonably prefer to license their patents, rather than undertake efforts to secure the financing necessary to bring their works to market themselves**. Such patent holders may be able to satisfy the traditional four-factor test, and we see no basis for categorically denying them the opportunity to do so." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 393 (2006) (emphasis added, internal quotes omitted).

5

jury, Defendant [was not] permitted to continually return to the topic in an attempt to denigrate Plaintiff through repetition."); *see also Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-03999-BLF (N.D. Cal. Jul. 8, 2015); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *15 (N.D. Cal. Aug. 19, 2014); *HTC Corp.  v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013);  *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, Dkt. 321 (E.D. Tex. Dec. 10, 2014) (granting plaintiff's motion *in limine* 3); *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-JRG, Dkt. 219 (E.D. Tex. Mar. 24, 2012) (granting plaintiff's motion *in limine* 10); *Wi-Lan Inc. v. HTC Corp.*, No. 2:11-cv-68- JRG, Dkt. 608 (E.D. Tex. Oct. 11, 2013) (granting plaintiff's motion *in limine* 8).

Only terms whose probative value outweighs unfair prejudicial implications should be permitted to be used at trial.  *See, e.g., Personalized User Model, L.L.P. v. Google Inc.*, No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (granting motion in limine to preclude use of "the term 'patent troll' or other similar pejorative terms"); *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (holding defendant may not refer to plaintiff as a "patent troll . . . as such disparagement is irrelevant"); *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (precluding defendant from making derogatory, disparaging, and/or pejorative references to plaintiff, including "patent troll" or other similar terms).

### MIL No. 5.  The quality of the USPTO and its examiners, including that examiners are overworked or that the USPTO is prone to error.

Pinn moves *in limine* to exclude any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or attempts to elicit any testimony concerning, the workload of the USPTO or its examiners, or disparagement

of the USPTO or its employees. Apple may try to paint the USPTO in a bad light to discredit the validity of the Asserted Patents, but such evidence is irrelevant under Fed. R. Evid. 402 and more prejudicial than probative under Fed. R. Evid. 403.

For example, in *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.,* the court found that evidence regarding "overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually" was "irrelevant speculation" that would "constitute an inappropriate attack on the Patent Office." Case No. C 92-20643 RMW, 1995 U.S. Dist. LEXIS 22335 at *11 (N.D. Cal. 1995); *see also Dig. Reg of Tex., LLC v. Adobe Sys.*, No. C 12-1971 CW, 2014 U.S. Dist. LEXIS 115565 at * 33 (N.D. Cal. Aug. 19, 2014). The "quality of the USPTO's examination process" and issues related thereto are "irrelevant and may be unfairly prejudicial or distracting from the relevant standard." *Dig. Reg. of Tex.*, 2014 U.S. Dist. LEXIS 115565 at *33.  Apple should be prohibited from presenting evidence about the Patent Examiners' workload or disparagement of the USPTO.

### MIL No. 6. The number of patents Apple has been granted or Apple's propensity to be granted patents.

Pinn moves *in limine* to exclude any statement, argument, testimony, or evidence regarding the number of patent Apple has been granted or Apple's propensity to be granted patents. Apple has no legitimate purpose for mentioning or introducing the number of its patents or its propensity to be granted patents because such information is not relevant to any disputed issue. Fed. R. Evid. 402; *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *11 (D. Minn. Mar. 8, 2003) (Defendant's possession of patents "is irrelevant to the issue of infringement.").  Nor is it relevant to the issue of whether Apple infringes the Asserted Patents. A defendant cannot use its own patent as a defense to patent infringement. *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement

of someone else's patent."). Accordingly, evidence about the number of Apple's patents or its propensity to obtain patents would waste time and distract the jury.

Even if evidence about any of Apple's patents is arguably relevant to some issue at trial, there is a real danger that the impression that Apple has many patents or many patents allegedly covering the Accused Products will confuse and mislead the jury into thinking that the existence of a different patent or patent application may give Apple an affirmative right to practice the Asserted Patents even if Apple infringes. *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (affirming district court's exclusion of other patents under Rule 403 as being "prejudicial, confusing, and cumulative"); *EZ Dock, Inc.*, 2003 WL 1610781, at *11 (excluding evidence of defendant's patents due to the "common misconception by the public that a patent grants an affirmative right to make the patented article.")

Allowing Apple to discuss the number of patents it has obtained on the Accused Products creates an unwarranted risk of confusing the issues of the claims and defenses are being asserted. *See, e.g., Cameco*, 1995 WL 468234, at *6 ("[T]his evidence is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent.").

## II.   DISCOVERY DISPUTES AND COMPLIANCE, PRETRIAL MOTIONS AND PRIOR ORDERS.

### MIL No. 7. Objections to discovery requests or testimony including assertions of privilege or work product.

Motions *in limine* regarding objections made in discovery proceedings should be granted, because "[o]bjections and claims of privilege are not admissible as evidence." *Bakhico Co. v. Shasta Bevs.*, No. 3:94-CV-1780, 1998 U.S. Dist. LEXIS 7614, *4 (N.D. Tex. May 18, 1998). "Any testimony, evidence or reference to the fact that Defendants made an objection to certain discovery or asserted a claim of privilege during pre-trial proceedings in this case" should be prohibited *in*

*limine.  McQuiston v. Helms*, No. 1:06-cv-1668, 2009 WL 554101, 2009 U.S. Dist. LEXIS 19141, *33-34 (S.D. Ind. Mar. 4, 2009).  This point is so well established that, generally, such motions are not opposed.  *See Gust v. Wireless Vision, L.L.C.*, No. 15-2646, 2017 WL 4236636, 2017 U.S. Dist. LEXIS 156166, *7 (D. Kan. Sept. 25, 2017); *Roeder v. DirecTV, Inc.*, No. C14-4091, 2017 U.S. Dist. LEXIS 225305, *8 (N.D. Iowa May 31, 2017); *Wright v. Burlington Northern Santa Fe Ry.*, No. 4:13-CV-24, 2016 U.S. Dist. LEXIS 54029, *3-4 (N.D. Ok. Apr. 22, 2016).

Apple seeks to inject highly prejudicial video footage of Pinn's lawyers raising objections and asserting privilege objections (including valid and proper instructions not to answer) during depositions and has designated for use at trial dozens of deposition excerpts that include these exchanges.  Such exchanges are unduly prejudicial (FRE 403), inadmissible, and should be excluded.  Accordingly, Pinn asks the Court to preclude any reference to or evidence of any discovery objections by either party or claims of privilege raised or asserted by Pinn or its counsel in the discovery proceedings in this case.  Pinn also asks the Court to preclude Apple from eliciting privileged communications from Pinn's witnesses on the stand.

## III.   CLAIM CONSTRUCTION AND APPLICATION OF CONSTRUED CLAIMS.

### MIL No. 8.  Comparing embodiments in the Asserted Patents to the Accused Products, the prior art, or Pinn's product / Arguing that Apple practices the prior art / Arguing that if the Accused Products infringe, then the Asserted Claims are invalid.

Pinn moves *in limine* to exclude any statement, argument, testimony or evidence by Apple comparing any embodiments in the Asserted Patents[2] to the Accused Products, any purported prior art device, prior art patent, or any other prior

---

[2] Pinn presently asserts that Apple infringes U.S. Patent Nos. 10,455,066 (the "'066 Patent") and 10,609198 (the "'198") Patent.  For purposes of these motions *in limine*, however, the term "Asserted Patents" includes both the '066 Patent and the '198 Patent as well as the asserted '491 Patent (U.S. Patent No. 9,807,491).

9

art.  For both invalidity and infringement, the proper comparison is to the construed claims and nothing else.

It is well-settled that "[i]nfringement, literal or by equivalents, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (*en banc*); *see also Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002). The Federal Circuit has "repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Any differences between preferred embodiments in the specification or Pinn's products, on the one hand, and Apple's Accused Products, on the other hand, are irrelevant to any issue before the jury. Apple should not be permitted to make this sort of comparison or suggest that any differences between Apple's products and Pinn products are relevant to the jury's infringement analysis. Fed. R. Evid. 401-402.

Apple should not be permitted to identify differences between its products and Pinn products because the probative value of such evidence is substantially outweighed by the danger of confusing the jury about how to properly evaluate whether an accused product infringes any of the Asserted Claims.  Fed. R. Evid. 403. Apple should be prohibited from arguing that it does not infringe by comparing the Accused Products to products or embodiments disclosed in the Asserted Patents rather than the construed claim language.  Courts have granted similar motions under these circumstances.  *See e.g., Promethean Insulation Tech. LLC v. Sealed Air Corp.,*  No. 2:13-cv-1113-JRG-RSP, Dkt. 237 (E.D. Tex. Aug. 14, 2015) (granting plaintiff's

motion *in limine* 2); *SimpleAir, Inc. v. Microsoft Corp.*, No. 2:11-cv-416-JRG, Dkt. 571 (E.D. Tex. Jan. 8, 2014) (granting plaintiff's motion *in limine* 4).

As with infringement, the proper comparison for invalidity is to compare the construed claims to the prior art. *See Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."); *See, e.g., Glaverbel Societe Anonyme v. Northlake Mktg. Supply, Inc.,* 45 F.3d 1550, 1554 (Fed. Cir. 1995) (Anticipation, however, requires identity of invention: the claimed invention, as described in appropriately construed claims, must be the same as that of the reference, in order to anticipate). Apple should not be permitted to argue that the Asserted Patents are invalid by comparing the prior art to embodiments in the Asserted Patents (or any other embodiments or products) rather than the construed claim language.

Apple should likewise be precluded from arguing or presenting evidence that it practices the prior art because such arguments are irrelevant and confusing to the jury. The Federal Circuit "made unequivocally clear in *Baxter* that there is no 'practicing the prior art' defense to literal infringement." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) (*citing Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583, (Fed. Cir. 1995). Allowing Apple to compare the Accused Products to the prior art could "potentially allow [Apple] to skirt evidentiary hurdles and conflate the infringement and invalidity inquiries." *01 Communique Lab., Inc. v. Citrix Systems, Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018). Any comparison of an Accused Product to prior art should be precluded.

Apple does not contend that the Asserted Claims must be read so broadly to cover the Accused Products that they encompass prior art. So, any comparison of the Accused Products to any prior art is irrelevant and confusing. Allowing Apple to shortcut its burden and argue that its infringement necessarily would mean the Asserted Claims are invalid would cause speculation and confusion by the jury and undue prejudice to Pinn. Fed. R. Evid. 403.

11

1

2

### MIL No. 9.  Argument that the Accused Products do not infringe because they have two earbuds rather than only one.

3   Pinn moves *in limine* to exclude any reference, evidence, testimony, or
4   argument that the Accused Products do not infringe because they have two earbuds,
5   as opposed to having single earbud.  During claim construction, Apple never argued
6   for an interpretation of the Asserted Claims (which recite an "earbud") limiting them
7   to devices having only one earbud.  And there is good reason Apple did not try.

8   Concrete principles of patent law hold that "comprising" (as used in the
9   Asserted Patents, i.e., the Asserted Claims cover an invention that "comprises" "a
10  wireless earbud") is "inclusive or open-ended and does not exclude additional,
11  unrecited elements." MPEP § 2111.03(I). This section of the MPEP, which is
12  dedicated solely to explaining the inherent inclusiveness of the word "comprising,"
13  finds its roots in long-standing precedent from the Federal Circuit, which has
14  repeatedly held that "an accused product infringes a 'comprising' claim if it meets
15  every limitation and also has additional components." *SuperGuide Corp. v. DirecTV*
16  *Enters.*, 358 F.3d 870, 889 (Fed. Cir. 2004).

17  For example, in *Gillette Co. v. Energizer Holdings Inc.*, the court held that a
18  claim with the language "'comprising . . . a group of first, second, and third blades' .
19  . . encompasse[d] more than only three-bladed razors." *Gillette Co. v. Energizer*
20  *Holdings, Inc.*, 405 F.3d 1367, 1371 (Fed. Cir. 2005). The court reasoned that the
21  word "comprising" "signal[ed] that the entire claim [was] presumptively open-ended"
22  and found that the claim appropriately covered razors with "'a plurality of blades.'"
23  *Id* 1371, 1374.

24  The Court should apply the same reasoning as in *Gillette Co*. (and other cases
25  emphasized in MPEP § 2111.03(I)) to find that Pinn's claims covering an invention
26  that "comprises" an earbud is not limited to inventions only having a single earbud.
27  Just as in *Gillette Co*., the open and inclusive term "comprising" inherently renders
28  the Asserted Claims broad enough to capture two-earbud devices (or devices with "'a

Memo in Support of Pinn's Motions *in Limine* (Nos. 1-15)
Case Nos. 8:19-cv-1805

plurality'" of earbuds), and Apple should be precluded from offering irrelevant and confusingly prejudicial evidence or arguments that its two-earbud Accused Product does not infringe because it has more than one earbud. *Id*. at 1374.

### MIL No. 10.   Arguing in a manner inconsistent with the Court's claim construction or that questions or disparages it.

Pinn moves *in limine* to exclude any statement, argument, testimony or evidence by Apple inconsistent with the Court's claim constructions or that attempts to relitigate claim construction.  In particular, Apple should be precluded from: (1) presenting evidence or argument that would contradict the constructions this Court adopted; (2) arguing for or suggesting limits on the scope of the claims, or alterations to the Court's claim construction based on, for example, embodiments (preferred or otherwise) in the Asserted Patents or an expert witness' interpretation of what a defined claim term means; or (3) further construing the Court's constructions.

Testimony or argument relating to these subjects is not relevant.  Fed. R. Evid. 401-402.  Claim construction is a question of law decided by the Court.  *Lighting Ballast Control LLC v. Philips Elecs. North Am. Corp.,* 744 F.3d 1272, 1292 (Fed. Cir. 2014).  "No party may contradict the court's [claim] construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1321 (Fed. Cir. 2009). "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Mukhtar v. California State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (citations and quotation marks omitted)." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

The same instruction applies to expert witnesses who must use "the claim construction adopted by the court." *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.,* 589 F.3d 1179, 1183 (Fed. Cir. 2009) (citations omitted).  Experts are not permitted to disregard or misapply the Court's claim constructions. *MarcTec, LLC v. Johnson*

*& Johnson,* 664 F.3d 907, 913 (Fed. Cir. 2012).  Expert opinions based on erroneous statements of law are not admissible. *See Herbert v. Lisle Corp.,* 99 F.3d 1109, 1117 (Fed. Cir 1996).  *See, e.g., MarcTec,* 664 F.3d at 913 ("expert testimony [that] ignored the court's claim construction 'is irrelevant to the question of infringement' and is inadmissible under *Daubert*").

Opining on or arguing claim construction to the jury is improper because the "risk of confusing the jury is high when experts opine on claim construction." *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) (citations omitted). Expert testimony that is inconsistent with or re-interprets the Court's claim construction is inadmissible because such evidence could confuse the jury. *Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, Dkt. 962 (E.D. Tex. Sept. 13, 2017 (*citing EMC Corp. v. Pure Storage, Inc*., 154 F. Supp. 3d 81, 109 (D. Del. 2016); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006)). Therefore, the prejudice, confusion, and waste of time associated with introducing evidence to the jury regarding a witness' understanding or interpretation of the Court's claim constructions substantially outweighs the probative value of such evidence, if any, and should be excluded pursuant to Fed. R. Evid. 403.

> **MIL No. 11.   Testimony or argument that the Accused Products do not infringe because their charging cases do not have (1) wireless communication capability, (2) an information display, or (3) a clip.**

Pinn moves *in limine* to exclude any reference, evidence, testimony (including expert testimony), or argument regarding any contention that the Accused Products do not infringe because the charging case does not have wireless communication capability, an information display, or a clip.  These are features of various embodiments disclosed in the patent specifications that are not claimed in the Asserted Claims.  Apple would not agree to this MIL and may argue that the claim

term "main body," "base station," or "mobile base station" necessarily refers to a device that includes one or more of an information display, mechanical clip, is wearable, or wireless communication capability. If permitted, Apple's attempt to read limitations from the specification into the Asserted Claims would contradict the Court's claim construction and the doctrine of claim differentiation.

Apple never identified any of the terms "main body," "base station," or "mobile base station" as a term requiring construction or having a meaning other than its plain and ordinary meaning. Apple did not make such arguments because they would violate well-established principles of patent law and claim construction. Apple should be precluded from attempting to create a non-infringement argument by reading a limitation into the claims from the specification. *Liebel-Flarsheim Co. v. Medrad, Inc.,* 358 F.3d 898, 913 (Fed. Cir. 2004) ("it is improper to read limitations from a preferred embodiment described in the specification — even if it is the only embodiment — into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.").

In *Phillips v. AWH Corp.*, the Federal Circuit opined that claim terms should be given their ordinary and customary meaning as understood by a person of ordinary skill in the art as informed by the context of the "entire patent, including the specification" and the "claims themselves." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-15 (Fed. Cir. 2005) ("the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim"). The scenario described in *Phillips* is now before this Court. The limitations of a mechanical clip, a wireless communication module, and an information display on the main body/base station appear in dependent claims of the Asserted Patents, highlighting that main body/base station is presumed to *not* inherently include such limitations. *See, e.g.*, U.S. Pat. No. 10,455,066 at 33:48-52, 33:58-61, 34:4-5; U.S. Pat. No. 10,609,198 at 15:49-53, 15:59-62; *Phillips*, 415 F.3d at 1315. Under this established precedent, Apple should not be permitted to argue

15

that the terms "main body," "base station," and "mobile base station" include a mechanical clip, information display, or wireless communication capability.

## IV.  UNASSERTED, DROPPED, UNSUPPORTED, AND OBJECTED TO CONTENTIONS, CLAIMS, AND DEFENSES; AND OTHER PROCEEDINGS

### MIL No. 12.   Evidence that Pinn has marked any of its products with the numbers of any Pinn Patents

Pinn moves *in limine* to exclude any statement, argument, testimony or evidence by Apple that Pinn has marked any of its products with the numbers of any of Pinn's patents, including the Asserted Patents.  Patent marking is not relevant to any claim or defense still at issue in this case.

Marking is not relevant to infringement, which requires comparing the construed claims to the Accused Products (not Pinn's device).  Nor is marking relevant to validity.  Apple does not contend that Pinn marked a prior art product.

Marking is no longer relevant to damages because the Asserted Claims issued after Pinn filed its original complaint.  Apple does not dispute actual notice.  Nor is marking relevant to any affirmative defense still at issue.  Apple agrees that marking is not part of its unclean hands defense, and the Court rejected Apple's patent misuse defense premised on marking.  ECF 311 at 3 ("Pinn's Motion for Partial Summary Judgment GRANTED as to patent misuse").  Accordingly, evidence of marking should be precluded as there is no probative value and introducing the concept of marking and the Pinn product will necessarily confuse the jury and not aid the jury in reaching its verdict but create undue prejudice. Fed. R. Evid. 403.

### MIL No. 13.   Suggesting inequitable conduct was committed during the prosecution of any of the Asserted Patents or any related patents.

Pinn moves *in limine* to exclude any statement, argument, testimony or evidence by Apple suggesting inequitable conduct was committed during the prosecution of any of the Asserted Patents or any related patents including that the

inventor, any patent attorney, or anyone substantively involved in the prosecution of the Asserted Patents acted improperly, provided inaccurate or incomplete information to the United States Patent and Trademark Office ("USPTO"), improperly withheld information from the USPTO, deceived or intended to deceive the USPTO, misled or intended to mislead the USPTO, or breached any duty of candor, good faith, or disclosure to the USPTO. Apple did not plead such a claim and even if it had, such determinations are for the Court and not the jury.

Apple recently broadcast its intent to present evidence that Pinn and its counsel engaged in a "deliberately planned and carefully executed scheme[] to defraud not only the PTO but also the courts" and that Pinn, through its counsel, committed "egregious misconduct" on a par with "perjury, the manufacture of false evidence, and the suppression of evidence." ECF 258 at 14-15. Equitable issues, including inequitable conduct and unclean hands, are reserved for the court and not the jury. *z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 U.S. Dist. LEXIS 58374, at *60 (E.D. Tex. Aug. 18, 2006) (court reserved issue of inequitable conduct, heard evidence outside presence of jury, and made findings of fact and conclusions of law pursuant to FRCP 52(a)"); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc) ("equitable defenses … are matters committed to the sound discretion of the trial judge"); *Mylan Pharm. Inc., v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir. 2001) ("equitable defenses include unclean hands"); *B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419, 1423 (Fed. Cir. 1997) ("discretionary authority provided by [FRCP 39(b)] does not authorize jury trial of equitable issues"); *Survivor Prods. LLC v. Fox Broad. Co.*, No. CV 01-3234 LGB (SHx), 2001 WL 39829270, 2001 U.S. Dist. LEXIS 25511, *9 (C.D. Cal. June 14, 2001) (inequitable conduct is essential element of unclean hands affirmative defense). Any such reference or evidence would be irrelevant (FRE 402) and substantially more prejudicial than probative (FRE 403).

Apple has not pleaded any form of inequitable conduct or fraud on the patent office. See generally ECF 104.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'[I]nequitable conduct . . . must be pled with particularity under Rule 9(b).' As such, the pleadings must identify 'the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [USPTO]' and allege 'sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Techshell, Inc. v. Max Interactive, Inc.*, No. SACV 19-00608 AG (ADSx), 2019 U.S. Dist. LEXIS 163205, at *4 (C.D. Cal. Aug. 5, 2019), quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

Apple should be precluded from offering evidence of inequitable conduct, particularly in front of a jury, because it never pleaded the defense and the issue is not in the case.  An order *in limine* is appropriate to "prevent[] claims of fraud from being used to impugn the integrity of attorneys involved in patent prosecutions without sufficient evidence that wrongdoing has in fact occurred . . .." *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1996 U.S. Dist. LEXIS 17362, *4-6 (N.D. Ill. Nov. 21, 1996) ("[a]s a result of Defendants' failure to adequately plead the inequitable conduct defense, the Plaintiff's motion in limine will be granted").

### MIL No. 14.   Evidence that Pinn no longer asserts certain claims, accuses the PowerBeats Pro of infringement, or of Summary Judgment of Non-infringement

Before trial in this case, there has been a natural narrowing of the dispute, both through voluntary dismissal of certain claims and defenses, dismissal against formerly Accused Products, and through summary judgment rulings. The Court should carefully control what the jury learns about the pretrial proceedings and rulings to avoid speculation, confusion, and undue prejudice to either party.

In pretrial proceedings, Pinn voluntarily dismissed four claims of the '066 Patent and two claims of the '198 Patent.  Pinn also informed Apple that it did not intend to pursue infringement of the PowerBeats Pro.  The Court determined during in its summary judgment rulings that Apple does not infringe the asserted claims of the '491 Patent (and that Apple does not infringe certain claims of the '066 and '198 Patents).  As such, infringement of certain claims that had been asserted will not be presented to the jury for decision.  There should be no mention of the fact that these patents, claims, or products were asserted, dropped, or are no longer in the case.  It would not serve the intended policy goals of Fed. R. Civ. P. 1 (to expedite the resolution of cases) if parties are disincentivized to narrow the dispute before trial out of fear of having to explain or defend such narrowing to the jury at trial.  *See Evicam Int'l., Inc. v. Enforcement Video LLC*, Civ. No. 4:16-CV-00105, at *1 (E.D. Tex. June 30, 2017).

Because Pinn narrowed the issues to be tried before the Court and jury, Apple should not be allowed to introduce evidence of Pinn dropping any claims against a previously accused product at trial since it is irrelevant to any of the triable issues. *See e.g., Digital Reg. of Texas, LLC*, No. 12-cv-01971-CW, 2014 WL 4090550, at *10  (granting motion *in limine* prohibiting patentee's "decision to drop claims during litigation" as "not relevant to the issues to be tried" and "not probative of [infringer's] state of mind with respect to its alleged willful or indirect infringement of the separate claims that remain."). Simply put, the only patents, claims, and products that matter are the ones being tried to the jury.

## V.   UNDISCLOSED OR IMPROPER EXPERT OPINIONS AND LAY OPINIONS

   **MIL No. 15.   Opinions of non-disclosed experts or employees of Apple concerning infringement, non-infringement, validity, or invalidity.**

Pinn moves *in limine* to exclude any statement, argument, testimony, or evidence from Apple's fact witnesses about matters of law or matters reserved for experts (including opinions on infringement and validity).  Fact witnesses are not qualified to testify about legal issues or regarding scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702.  *See* Fed. R. Evid. 701-702.  Apple has not designated any of its fact witnesses as providing opinions on infringement or validity.  And during discovery, none of Apple's fact witnesses provided any such opinion.  Allowing Apple fact witnesses to provide opinion testimony now despite not being disclosed for such purposes, not being designated as experts in this case, and not having disclosed such opinions (either by report, deposition testimony, or other disclosure) would unfairly prejudice Pinn.

Dated:  January 8, 2021

Law Office of Ryan E. Hatch, P.C.

/s/*Ryan E. Hatch*
**Ryan E. Hatch**
ryan@ryanehatch.com
California Bar No. 235577
**LAW OFFICE OF RYAN E. HATCH, P.C.**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5076
Fax: (310) 693-5328

**David A. Skeels** (admitted *pro hac vice*)
dskeels@whitakerchalk.com
Texas Bar No.  24041925
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel:  (817) 878-0500
Fax:  (817) 878-0501

**Cabrach J. Connor** (*admitted pro hac vice*)
cab@connorkudlaclee.com
Texas Bar No. 24036390
Jennifer Tatum Lee (*admitted pro hac vice*)

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

jennifer@connorkudlaclee.com
Texas Bar No. 24046950
Kevin S. Kudlac (*admitted pro hac vice*)
kevin@connorkudlaclee.com
Texas Bar No. 00790089
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel:  (512) 777-1254
Fax:  (888) 387-1134

Attorneys for Plaintiff PINN, INC.

Memo in Support of Pinn's Motions *in Limine* (Nos. 1-15)
Case Nos. 8:19-cv-1805