**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PINN, INC.,<br><br>       **Plaintiff,**<br><br><br>       **vs.**<br><br>APPLE INC.,<br><br>       **Defendants.** | **Case No.: SA CV 19-01805-DOC-(JDEx)**<br><br><br>**ORDER:**<br><br>   **ADOPTING TECHNICAL SPECIAL MASTER SUPPLEMENTAL REPORT AND RECOMMENDATION ON CLAIM CONSTRUCTION; AND**<br><br>   **ADOPTING-IN-PART AND MODIFYING-IN-PART TECHNICAL SPECIAL MASTER REPORT AND RECOMMENDATION ON MOTIONS IN LIMINE** |

Plaintiff Pinn, Inc. ("Plaintiff" or "Pinn") has asserted United States Patents No. 9,807,491 ("the '491 Patent"), 10,455,066 ("the '066 Patent"), and 10,609,198 ("the '198 Patent") against Defendant Apple Inc. ("Defendant" or "Apple").  The only remaining Defendant is Apple Inc.  Plaintiff presently asserts Claims 9, 10, 14, 30, and 34 of the '066 Patent and Claims 1, 3, 5, 21, and 25 of the '198 Patent.

As directed by the Court (*see* Dkt. 375), and by authority granted pursuant to Federal Rule of Civil Procedure 53 (*see* Dkt. 64, 77), the Technical Special Master resolved disputes regarding whether claim construction issues had arisen in briefing on the parties' motions *in limine*.  The Technical Special Master found supplemental claim construction proceedings appropriate as to the "wireless pairing" terms and the "base station" terms.  (*See* Dkt. 392-1, Jan. 29, 2021 Order No. TSM-5.)

The Court also referred motions *in limine* to the Technical Special Master for resolution.  (*See* Dkts. 375, 379).  The following motions *in limine* and briefing were presented to the Technical Special Master and are now before the Court:

> Plaintiff's Motions in Limine Nos. 1–15 (Dkt. 345), Plaintiff's Memorandum in Support of its Motions in Limine (Dkt. 345-1), and Defendant's opposition (Dkt. 353 (redacted version), Dkt. 370 (sealed version));
>
> Defendant's Motions in Limine Nos. 1–5 and memorandum in support (Dkt. 340), and Plaintiff's opposition (Dkt. 357 (redacted version), Dkt. 372 (sealed version));
>
> Defendant's Motions in Limine Nos. 6–10 and memorandum in support (Dkt. 341 (redacted version), Dkt. 369 (sealed version)), and Plaintiff's opposition (Dkt. 361 (redacted version), Dkt. 373 (sealed version));
>
> Defendant's Motions in Limine Nos. 11–15 and memorandum in support (Dkt. 339 (redacted version), Dkt. 369-1 (sealed version)), and Plaintiff's opposition (Dkt. 363 (redacted version), Dkt. 374 (sealed version));
>
> Defendant's Omnibus Declaration of Seth M. Sproul in Support of Defendant Apple Inc.'s Motions in Limine (Nos. 1–15) (Dkt. 344, Dkt. 369-2).[1]

The Technical Special Master held a full-day hearing on the motions *in limine* on February 16, 2021, held a hearing on supplemental claim construction on March 29, 2021, served a 122-page Technical Special Master Report and Recommendation on Motions in Limine on March 9, 2021 (Dkt. 411), and served a 45-page Technical Special Master Supplemental Report and Recommendation

---

[1] The Technical Special Master also permitted the parties to file notices of supplemental authority (*see* Dkts. 401 & 402).

on Claim Construction (Dkt. 423-1) on April 2, 2021 (in addition to the original 95-page Technical

Special Master Report and Recommendation on Claim Construction, entered June 29, 2020 (Dkt.

159-1), as to which the Court has already ruled on objections (*see* Dkt. 312)).  The objections now

before the Court are as follows:

Regarding the Technical Special Master Supplemental Report and Recommendation on Claim

Construction (Dkt. 423-1 ("Suppl. CC R&R")), before the Court are:

Plaintiff's objections (Dkt. 428); and

Defendant's objections (Dkt. 427).

Regarding the Technical Special Master Report and Recommendation on Motions in Limine

(Dkt. 411 ("R&R"); Dkt. 425-1 (redacted)), before the Court are:

Plaintiff's objections (Dkt. 434; Dkt. 433 (redacted));

Defendant's objections (Dkt. 432; Dkt. 418 (redacted));

Plaintiff's response (Dkt. 435); and

Defendant's response (Dkt. 437; Dkt. 438 (redacted)).

After hearing oral arguments from counsel at the pretrial conference on June 14–17, 2021, and

after conducting a *de novo* review, the Court **ADOPTS** the Technical Special Master Supplemental

Report and Recommendation on Claim Construction and **ADOPTS-IN-PART** and **MODIFIES-IN-**

**PART** the Technical Special Master Report and Recommendation on Motions in Limine as set forth

herein.

## I.    LEGAL STANDARD

The Court reviews *de novo* all objections to a Special Master's report and recommendation,

including legal conclusions and findings of fact.  Fed. R. Civ. P. 53(f)(3), (4); *Seaman v. Sedgwick,*

*Detert, Moran & Arnold, LLP*, No. SA CV 11-0664 DOC (RNBx), 2014 WL12700973, at *1 (C.D.

Cal. Sep. 30, 2014).  Accordingly, "[t]he court may 'accept, reject, or modify, in whole or in part, the

findings or recommendations made by the [special master].'  The [court] may also receive further

evidence or recommit the matter to the [special master] with instructions."  *McDonnell Douglas Corp.*

*v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981) (quoting 28 U.S.C. §

636(b)(1)(C)).

## II.   RULINGS AND ANALYSIS

### A.  Adoption of Supplemental Report and Recommendation on Claim Construction

After conducting *de novo* review, the Court adopts the following constructions as recommended by the Technical Special Master for the reasons described in the Technical Special Master Supplemental Report and Recommendation on Claim Construction (Dkt. 423-1).

| **Term** | **Adopted Construction** |
|---|---|
| A.(1) "wirelessly pairing"<br>A.(2) "wireless pairing" | **"establishing a trusted relationship between two devices that allows them to communicate wirelessly"**<br>(*See* Suppl. CC R&R, Dkt. 423-1 at 6–25) |
| A.(3) "wirelessly paired" | **"a trusted relationship is established between two devices that allows them to communicate wirelessly"**<br>(*See* Suppl. CC R&R, Dkt. 423-1 at 6–25) |
| J.(1)  "main body"<br>J.(2)  "base station"<br>J.(3)  "mobile base station" | **Plain meaning**<br>(*See* Suppl. CC R&R, Dkt. 423-1 at 26–45) |

### B. Rulings on Motions *in Limine*

| Plaintiff Pinn's Motions *in Limine* (Dkt. 345) | |
|---|---|
| <u>Motion</u> | <u>Court's Disposition</u> |
| Plaintiff Pinn  **#1**<br><br>"The nationality, citizenship, place of residence, native language, or choice to testify in the native language of any witness" | DENIED<br><br>The Court declines to adopt the analysis set forth in the R&R.  Native language, for example, may be relevant as to certain witnesses, such as when an interpreter is being used or has been used in the past.  The concerns presented by this motion *in limine* can be handled on a question-by-question basis during trial. |
| Plaintiff Pinn  **#2**<br><br>**"The location where each party's counsel practices, and the location or size of each party's counsel's law firms"** | **GRANTED**<br><br>The Court declines to adopt the analysis set forth in the R&R.  Locations and sizes of counsel and their law firms is irrelevant. |
| Plaintiff Pinn  **#3**<br><br>**"Attorney compensation, litigation funding, or contingency arrangements"** | GRANTED-IN-PART and DENIED-IN-PART as follows:<br><br>**GRANTED so as to exclude evidence or argument regarding:**<br>**    (a) litigation funding (if, however, Defendant believes at trial that Plaintiff has "opened the door" by presenting evidence or argument that is calculated to tell a so-called "David vs. Goliath narrative," Defendant should raise the issue at trial so that the Court can evaluate the issue at that time); and**<br>**    (b) compensation arrangements for Plaintiff's trial counsel (including any financial interest Plaintiff's trial counsel may have in Plaintiff or in the outcome of the present litigation);**<br><br>otherwise denied (including as to patent prosecution funding and as to investments in Plaintiff).<br><br>The Court adopts the analysis set forth in the R&R and thus finds, for example, that litigation funding and compensation arrangements for counsel are collateral matters and would be unduly consumptive of time at trial. |

| Plaintiff Pinn  #4 | GRANTED-IN-PART and DENIED-IN-PART as follows: |
|---|---|
| **"Derogatory terms to refer to Pinn or the inventor of the Asserted Patents, the propriety of asserting patents without practicing them and that patents held by a non-practicing entity are less valuable"** | **GRANTED so as to preclude Defendant from:**<br>    **(a) suggesting that being a non-practicing entity is improper (or labeling Plaintiff as a "troll" or "patent troll" or any similar label); and**<br>    **(b) discussing Plaintiff's status as a non-practicing entity as part of any non-infringement argument;**<br><br>otherwise denied (such that Defendant is not precluded from discussing Plaintiff's status as a non-practicing entity as part of Defendant's arguments on invalidity and damages).<br><br>The Court adopts the analysis set forth in the R&R. The Court expressly excludes any use of terms such as "patent troll" or "troll" and prohibits any suggestion that it is improper for a non-practicing entity to allege infringement.  The Court anticipates, however, that the parties can discuss the patents-in-suit and Plaintiff's activities more generally. |
| Plaintiff Pinn  #5<br><br>"The quality of the USPTO and its examiners, including that examiners are overworked or that the USPTO is prone to error" | DENIED<br><br>The Court declines to adopt the analysis set forth in the R&R.  This motion is overly broad.  The concerns presented by this motion *in limine* can be handled on a question-by-question basis during trial. |
| Plaintiff Pinn  #6<br><br>"The number of patents Apple has been granted or Apple's propensity to be granted patents" | DENIED<br><br>The Court adopts the R&R on this motion *in limine* and rejects Defendant's request to strike footnote 4 of the R&R. |
| Plaintiff Pinn  #7<br><br>**"Objections to discovery requests or testimony including assertions of privilege or work product"** | **GRANTED**<br><br>The Court adopts the R&R on this motion *in limine* and hereby precludes the parties from mentioning privilege or work product protection unless the issue is brought to the Court's attention in advance. |

| Plaintiff Pinn  #8 | DENIED |
|---|---|
| "Comparing embodiments in the Asserted Patents to the Accused Products, the prior art, or Pinn's product / Arguing that Apple practices the prior art / Arguing that if the Accused Products infringe, then the Asserted Claims are invalid" | The Court declines to adopt the recommendation set forth in the R&R to grant-in-part and deny-in-part this motion *in limine*.<br><br>At the pretrial conference, on June 16, 2021, counsel provided the Court with a preview of the claimed features and prior art references that the parties anticipate presenting to support their infringement and invalidity arguments at trial.  For example, the Court anticipates allowing Defendant to present evidence of the "Kalayjian" patent application filed in 2006, the history of implementation of the "Find My" feature in Defendant's products, and the "Watson" patents such as United States Patents No. 10,070,212, 10,219,062, and 10,524,037.<br><br>The parties submitted the following limiting instruction as agreed-upon, for the Court to consider reading to the jury during the presentation of evidence regarding the Pinn Product: "The jury shall not compare the accused AirPods products to the Pinn Product for purposes of infringement or validity."<br><br>Plaintiff agrees that this agreed-upon limiting instruction addresses the concern raised by Plaintiff's MIL #8.  Based on this, and based on the Court's concern that Plaintiff's MIL #8 may be overbroad (notwithstanding the legal correctness of certain aspects of Plaintiff's MIL #8 as discussed by the parties and the Technical Special Master in the R&R), the Court denies Plaintiff's MIL #8. |
| Plaintiff Pinn  #9<br><br>"That the Accused Products do not infringe because they have two earbuds rather than only one" | WITHDRAWN by Plaintiff on June 16, 2021 |
| Plaintiff Pinn  #10<br><br>"Testimony or arguing in a manner inconsistent with the Court's claim construction or that questions or disparages it" | WITHDRAWN by Plaintiff on June 16, 2021 |
| Plaintiff Pinn  #11<br><br>"That the Accused Products do not infringe because their charging cases do not have (1) wireless communication capability, (2) an information display, or (3) a clip" | DENIED AS MOOT<br><br>(On June 16, 2021, the parties agreed that this motion *in limine* is moot.) |

| Plaintiff Pinn  #12<br><br>"Whether Pinn has marked any of its products with the numbers of any Pinn Patents" | DENIED<br><br>The Court adopts the analysis set forth in the R&R.  For example, Defendant can present evidence of public instances of Plaintiff marking the Pinn Product with patent numbers. |
|---|---|
| Plaintiff Pinn  #13<br><br>**"Suggesting inequitable conduct was committed during the prosecution of any of the Asserted Patents or any related patents"** | **GRANTED AS MODIFIED: Defendant is precluded from arguing that Plaintiff committed "inequitable conduct," but Defendant can otherwise present evidence and argument regarding prosecution.**<br><br>The Court adopts the analysis set forth in the R&R.  On June 16, 2021, the Court **OVERRULED** Plaintiff's objections to evidence regarding patent prosecution.[2]<br><br>The Court does *not* anticipate submitting the question of unclean hands to the jury for an advisory verdict.  Defendant should not argue to the jury that Plaintiff has unclean hands. |

---

[2] This evidence includes: e-mail correspondence between named inventor Mr. Sean Kim and Speck Design (an engineering firm hired by Mr. Sean Kim); the financial interest in Plaintiff given to a patent prosecution attorney, Mr. Mincheol Kim, and any other compensation provided to Mr. Mincheol Kim; all documents in the prosecution file history for the '066 Patent, including correspondence between the patent office and Mr. Sean Kim and Mr. Mincheol Kim; documents reflecting events during prosecution of the '066 Patent, including patent claim cancellations, introduction of new claims, and amendment of claims, and the timing thereof; deletion of the Speck engineers originally named as inventors on the application that issued as the '066 Patent, namely Mr. Vincent Pascual, Mr. H. Lawson Fisher, Mr. Devjeet Mishra, and Mr. Jason Stone, and the timing of their deletion as named inventors; that these four deleted named inventors were not advised regarding their deletion at the time of the deletion; and any other evidence regarding the facts and circumstances of the prosecution of the '066 Patent.  The Court hereby OVERRULES Plaintiff's objections to such evidence because this evidence pertains to relevant issues such as proper inventorship of the '066 Patent.

| | |
|---|---|
| Plaintiff Pinn   **#14**<br><br>**"Evidence that Pinn no longer asserts certain claims, [no longer] accuses the PowerBeats Pro of infringement, or of Summary Judgment of Non-infringement"** | GRANTED-IN-PART and DENIED-IN-PART as follows:<br><br>**GRANTED so as to preclude Apple from:**<br>    **(a) presenting evidence or argument that Plaintiff dropped asserted patent claims or that the Court granted summary judgment as to certain claims; and**<br>    **(b) presenting evidence or arguments regarding dropped accused products** *except* **as to: (i) the feasibility of Defendant designing around the patents-in-suit; and (ii) any reliance by Plaintiff's experts on Powerbeats Pro source code.**<br><br>The Court adopts the analysis set forth in the R&R except that the Court also allows discussion and cross-examination regarding the dropped Powerbeats Pro product to the extent that Plaintiff's source code expert relies on: analysis of Powerbeats Pro source code; and purported similarities between such source code and the source code of the accused AirPods products.<br><br>The Court emphasizes that the parties shall not discuss the Court's summary judgment rulings. The parties can raise with the Court, for example, whether the parties can stipulate for the jury that the accused products do not infringe the '491 Patent. |
| Plaintiff Pinn   **#15**<br><br>"Opinions of non-disclosed experts or employees of Apple concerning infringement, non-infringement, validity, or invalidity" | WITHDRAWN by Plaintiff on June 16, 2021 |

| Defendant Apple's Motions *in Limine* (Dkts. 339, 340, 341) ||
|---|---|
| <u>Motion</u> | <u>Disposition</u> |
| Defendant Apple  **#1** <br><br> **"Pinn shall not introduce argument, evidence, or questions regarding unannounced, non-accused Apple products"** | **GRANTED** <br><br> The Court adopts the analysis set forth in the R&R.  The Court rules *in limine* to exclude any evidence, argument, implications, or cross-examination regarding Defendant's unannounced products (including discussion or characterization of "secret" projects). <br><br> On June 17, 2021, the parties discussed Defendant's recently-announced Beats Studio Buds product, and the Court explained that although Plaintiff is not permitted to add the Beats Studio Buds as an additional accused product, the Court anticipates allowing Plaintiff to cross-examine regarding the Beats Studio Buds to rebut any evidence by Defendant regarding the purported ease with which Defendant would be able to design around Plaintiff's asserted patents. |

| Defendant Apple   #2 | **GRANTED AS MODIFIED so as to preclude:** |
|---|---|
| **"Pinn shall not introduce argument, evidence, or questions regarding Apple's unrelated litigations and investigations"** | **(a) discussion of unrelated litigations or investigations (with the understanding that "unrelated" refers to litigations or investigations other than those discussed in the parties' experts reports or in which Defendant's experts were involved); and** |
| | **(b) any evidence or discussion of the outcomes of other litigations or investigations (even those that are not "unrelated"), including the amounts of any damage awards** |
| | As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple   #3 | GRANTED-IN-PART and DENIED-IN-PART, as follows: |
| **"Pinn shall not introduce argument, evidence, or questions regarding Apple's foreign operations and contract manufacturers"** | Denied as to evidence of the fact of foreign manufacturing (and subsequent importation into the United States), as well as regarding product development events that occurred abroad; |
| | **otherwise GRANTED**. |
| | As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |

| Defendant Apple   #4 | GRANTED-IN-PART and DENIED-IN-PART, as follows: |
|---|---|
| **"Pinn shall not introduce argument, evidence, or questions regarding compensation of Apple witnesses or employees"** | **GRANTED as to:**  **(a) each fact witness's total income (total from all sources) and net worth (total from all sources);**  **(b) each fact witness's amounts of compensation (including stock or stock options) from Defendant; and**  **(c) each expert witness's total income (total from all sources) and net worth (total from all sources);**  otherwise denied (including as to:  (i) fact witnesses receiving some amount of compensation, stock, or stock options from Defendant (without specifying the actual amount(s)); and  (ii) each expert witness's amount of compensation from Defendant, as well as evidence of what *percentage* of an expert witness's total income comes from Defendant).  As expressed on June 16, 2021, Defendant withdraws its objection to the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple   #5 | **GRANTED** |
| **"Pinn shall not introduce argument, evidence, or questions regarding Steve Jobs and political positions taken by Apple or its leadership"** | As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |

| Defendant Apple  **#6** | DENIED |
|---|---|
| "Pinn shall not introduce any argument, evidence, or questions regarding the '446 Patent, nor any associated testimony from Mr. Stiehl" | The Court rejects the recommendation set forth in the R&R, and the Court sets forth analysis in Section II.C., below. |
| Defendant Apple  **#7** | DENIED AS MOOT |
| "Pinn shall not introduce any argument, evidence, or questions that wireless pairing requires establishing pairing by wireless means, as opposed to establishing a trusted relationship regardless of mechanism; Pinn shall comply with the Court's claim construction for the term 'wireless pairing'" | As expressed by the parties on June 16, 2021, the parties agree that this motion *in limine* is moot. |
| Defendant Apple  **#8**<br><br>**"The parties shall not compare the burdens of proof standards to other areas of the law"** | **GRANTED**<br><br>As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple  **#9**<br><br>**"Pinn shall not introduce any argument, evidence, or questions as to the identity, presence, or absence of Apple's corporate representatives, employees, or officers in the courtroom"** | **GRANTED AS MODIFIED as follows:**<br><br>**The Court rejects the recommendation set forth in the R&R.  Pursuant to Federal Rule of Evidence 403, the Court hereby rules *in limine* to preclude any argument that the following individuals should be expected to be in the courtroom or that any negative inference should be drawn against Defendant based on their absence at trial:<br>    Tim Cook, Adrian Perica, Kevin Lynch, Omar Alwarid, and Jonathan Ive.**<br><br>On June 17, 2021, Defendant submitted that Dan Leiva will likely testify at trial, which moots Defendant's motion as to Dan Leiva. |

| Defendant Apple  #10 | DENIED |
|---|---|
| "The parties shall not introduce unproduced and untimely disclosed documents that were subject to discovery requests, except documents being proffered for impeachment" | As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple  #11 | DENIED |
| "Pinn shall not introduce argument, evidence, or questions regarding Apple revenue and profits for the accused products prior to issuance of the '066 patent" | The Court adopts the analysis set forth in the R&R.  At the pretrial conference on June 17, 2021, Plaintiff stipulated that it will ask the jury for no more than $0.60 per unit, for an approximate total of no more than about $31 million (plus a supplemental amount that is expected to arise from a supplemental production of sales data that Defendant submits will be forthcoming in early July 2021).  The Court stressed at the pretrial conference that Plaintiff shall not ask the jury for an undefined, open-ended damages award.  The Court's limitation in this regard, as well as Plaintiff's above-noted stipulation, will mitigate any risk of pre-issuance sales numbers improperly influencing the jury's deliberation while also permitting Plaintiff to present pre-issuance sales information that is relevant to a *Georgia-Pacific* hypothetical negotiation as discussed in the R&R. |
| Defendant Apple  #12<br><br>**"Pinn shall not introduce argument, evidence, or questions regarding Apple's total revenue and total profits for AirPods"** | GRANTED-IN-PART and DENIED-IN-PART, as follows:<br><br>**GRANTED as to:**<br>**    (a) Defendant's valuation or market capitalization,**<br>**    (b) the *total* revenue and profits that Defendant derives from *all* of Defendant's products; and**<br>**    (c) drawing a comparison, as to any damages model, between what percentage of AirPods total revenue (or profits) Plaintiff would receive and what percentage of AirPods total revenue (or profits) Defendant would keep;**<br><br>otherwise denied (including as to revenue and profits from Defendant's AirPods products).<br><br>The Court adopts the analysis set forth in the R&R.  Further of note, at the pretrial conference, when again faced with Plaintiff's identification of the smallest salable patent-practicing unit ("SSPPU") as being each entire accused AirPods product unit, Defendant was unable to identify any smaller alternative SSPPU.  As to the parties' arguments regarding apportionment, these arguments can be properly framed as a battle of the experts, and the parties' concerns can be addressed by cross-examination and presentation of contrary evidence at trial. |

| | |
|---|---|
| Defendant Apple  **#13**<br><br>**"Pinn shall not introduce argument, evidence, or questions regarding Apple's technology agreements"** | **GRANTED**<br><br>As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple  **#14**<br><br>**"Pinn shall not introduce argument, evidence, or questions regarding the two confidential agreements that are the subject of Apple's motion"** | **GRANTED**<br><br>As expressed by the parties on June 16, 2021, the parties now accept the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |
| Defendant Apple  **#15**<br><br>**"Pinn shall not introduce argument, evidence, or questions regarding the acceptability of any non-infringing alternative based on the timing of issuance of the '491 patent"** | **GRANTED**<br><br>As expressed on June 16, 2021, Defendant withdraws its objection to the R&R as to this motion *in limine*.  The Court therefore adopts the R&R as to this motion *in limine* as being without objection, and in addition, the Court adopts the R&R based on the Court's *de novo* review of the issues presented by this motion *in limine*. |

### C.  Analysis on Defendant's Motion *in Limine* No. 6

The following analysis explains the Court's above-noted rejection of the Technical Special Master's recommendation as to Defendant's Motion *in Limine* #6:

To argue invalidity and to counter Plaintiff's allegation of willfulness, Defendant intends to present evidence that "Apple developed its own technology and filed its own patents."  (Dkt. 338, Def.'s Mem. of Contentions of Fact & Law at 4.)

Nonetheless, Defendant's MIL #6 seeks to preclude Plaintiff from discussing Defendant's United States Patent No. 10,681,446 ("the '446 Patent"). The '446 Patent is directed to technology that is purportedly used in the accused AirPods products. In an infringement analysis, the asserted claims must be compared to the accused AirPods products, not to a patent that covers technology purportedly embodied by the AirPods products. Plaintiff agrees that infringement could *not* be proven by comparing the asserted claims to the disclosures in Defendant's '446 Patent. (*See* Dkts. 443, 449, Feb. 16, 2021 Hr'g Tr. at 240:15–241:14, 242:6–8 & 245:2–5.)

The R&R took all of this into consideration and found:

> Plaintiff's arguments regarding the '446 Patent might lead the jury to believe that the '446 Patent is *the* patent that covers the accused products. The proper focus is on the asserted claims, the accused product, and the asserted prior art references. Other patents that perhaps cover certain aspects of the accused products, such as the '446 Patent, might have some relevance in understanding the development of the accused product, but as to the '446 Patent in particular Defendant has demonstrated that any probative value is substantially outweighed by the dangers of jury confusion and waste of time. *See* Fed. R. Evid. 403.

R&R at 84.

Plaintiff argues:

> This MIL and the Special Master's recommendation to grant it presents a basic issue of fairness. The result of the Special Master's recommendations on Apple's MIL No. 6 and Pinn's MIL No. 6 is that Apple can present evidence on any of its patents "tied to relevant features of the accused products" (ECF 411 at 24:fn.4, TSM R&R) but Pinn cannot present evidence about Apple's '446 Patent that is tied to such features. The Special Master's recommendations allow Apple to present its best arguments at trial related to Apple's patents but Pinn is denied the right to do the same.

(Dkt. 434 at 8.)

Defendant responds that "Apple does not intend to introduce its portfolio of AirPods-related patents at trial (except for those related to its invalidity defense based on the Watson patents), let alone in the same way Pinn wants to use the '446 patent." (Dkt. 437 at 7.) Defendant submits: "Pinn's intent to conflate the disclosure of the '446 patent with the operation of the actual AirPods is clear— Pinn wants to confuse the jury with the patent and use it to implicitly argue infringement, but Mr.

-16-

1   Stiehl's testimony does not support this approach." (*Id.* at 9.)[3]  Further, Defendant submits that

2   although the '446 Patent cites the '491 Patent, the '491 Patent is no longer at issue in the present case.

3   (*Id.* at 10.)  Finally, Defendant argues that "[t]he question of who was 'first' is in part a priority battle

4   between Apple's Watson patents and the Pinn provisional.  The '446 patent is not asserted prior art and

5   is not relevant to this analysis, and Apple is not going to introduce it into evidence." (*Id.*)  Defendant

6   notes that the application for the '446 Patent was filed two weeks *after* Defendant publicly announced

7   its AirPods product in September 2016. (*Id.* at 10–11.)

8          On balance, Plaintiff's objection is persuasive.  The Court hereby expressly relies on the

9   statements by Plaintiff's counsel that Plaintiff will not use the '446 Patent to argue infringement.  (*See*

10  Dkts. 443, 449, Feb. 16, 2021 Hr'g Tr. at 240:15–241:14, 242:6–8 & 245:2–5.)  Instead, for example,

11  Plaintiff can cite the '446 Patent as evidence regarding Defendant's product development timeline, and

12  Defendant can challenge Plaintiff's assertions through cross-examination and presentation of contrary

13  evidence.  Plaintiff could also cite the '446 Patent as evidence of Defendant's purported knowledge of

14  Plaintiff's intellectual property because the '446 Patent itself cites the '491 Patent.

15         Finally, Defendant urges: ". . . Pinn's assertion that the '446 patent shows Apple didn't

16  implement a button until later in the development process should be disregarded.  Because the '446

17  patent filing is not tied directly to the timing of when Apple developed the pairing button, and it isn't

18  asserted as prior art for that purpose by Apple, it would be prejudicial to allow Pinn to use it in this

19  way." (Dkt. 437 at 11.)  Yet, Defendant submits that it "has other evidence showing the button from

20  much earlier.  For instance, the Watson patents also disclose a pairing button and were filed well

21  before the '446 patent." (*Id.*)  This is an issue for cross-examination and presentation of contrary

22  evidence.  It does not justify excluding any evidence regarding the '446 Patent.

23

24

25  _____

26  [3] Defendant cites various portions of a deposition in which Mr. Stiehl testified that he left the AirPods
    project before the design was completed and therefore could not say whether the '446 Patent describes
    the final design.  (*See* Def.'s Omnibus Decl. of Seth M. Sproul in Supp. of Def. Apple Inc.'s Mots. *in*
27  *Limine* (Nos. 1–15) (Dkt. 344, Dkt. 369-2), Ex. 2, July 14, 2020 Stiehl dep. at 35:25–36:2 ("I left the
    project in the middle of 2014 . . . ."), 128:23–129:4, 130:17–131:6, 202:12–203:8, 207:8–16, 210:23–
28  211:1 & 230:5–13.)

Having considered all of the foregoing, the Court hereby **SUSTAINS** Plaintiff's objection**, REJECTS** the recommendation, and **DENIES Defendant's MIL #6.**  The Court does, however, hereby caution Plaintiff to steer clear of any improper use of the '446 Patent as discussed in the R&R.

### D.  Additional Issues

To whatever extent Plaintiff's arguments at the pretrial conference amounted to a request to amend Plaintiff's pleadings and infringement contentions so as to include Defendant's recently announced Beats Studio Buds product, the Court does *not* allow Plaintiff leave to add Beats Studio Buds as an accused product in the present case.

Also, at the pretrial conference, the parties presented arguments regarding whether evidence of ownership (such as regarding purported lack of consideration for Speck Design engineers assigning any ownership interest to Plaintiff) can be presented to the jury.  *See, e.g., MemoryLink Corp. v. Motorola Solutions, Inc.*, 773 F.3d 1266 (Fed. Cir. 2014) (cited by Plaintiff on June 16, 2021); *Kahn v. General Motors Corp.*, 77 F.3d 457 (Fed. Cir. 1996) (cited by Defendant on June 17, 2021).  The Court hereby rules *in limine* that the parties are precluded from presenting evidence, argument, or questioning in front of the jury as to any issue of proper ownership or purported lack of consideration for assignment of the patents-in-suit.

Finally, the Court does *not* anticipate submitting any question of unclean hands to the jury for an advisory verdict.  Defendant should *not* argue to the jury that Plaintiff has unclean hands.

* * *

The foregoing charts, explanations, and analysis are intended to summarize and supplement the Court's rulings as articulated by the Court during the pretrial conference on June 14–17, 2021.  In Section III., below, the Court sets forth a summary of its dispositions on the pending motions and objections.

## III.   DISPOSITIONS

For the aforementioned reasons:

the Technical Special Master's Supplemental Report and Recommendation on Claim Construction (Dkt. 423-1) is hereby **ADOPTED** (and Plaintiff's objections (Dkt. 428) and Defendant's objections (Dkt. 427) are hereby overruled as set forth in Section II.A., above);

the Technical Special Master's Report and Recommendation on Motions in Limine (Dkt. 411) is hereby **ADOPTED-IN-PART and MODIFIED-IN-PART** (and Plaintiff's objections (Dkt. 433, 434) and Defendant's objections (Dkt. 418, 432) are hereby sustained-in-part and overruled-in-part as set forth in Section II.B. and Section II.C., above); and

Plaintiff's Motions in Limine Nos. 1–15 (Dkt. 345),

Defendant's Motions in Limine Nos. 1–5 (Dkt. 340),

Defendant's Motions in Limine Nos. 6–10 (Dkt. 341), and

Defendant's Motions in Limine Nos. 11–15 (Dkt. 339)

are hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth in Section II.B. and Section II.C., above.

DATED:        July 14, 2021

_David O. Carter_

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE