Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR ORDER TO SHORTEN BRIEFING SCHEDULE ON APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT** Defendant Apple Inc. ("Apple") hereby moves *ex parte* for this Court to issue an order pursuant to Federal Rule of Civil Procedure 6(c)(1)(C) to shorten the briefing schedule on Apple's pending motion requesting the Court pre-admit certain trial exhibits so that they can be used during opening statements. Apple has proposed a specific shortened schedule below in this pleading.

Apple counsel met and conferred with Pinn counsel prior to filing this *ex parte* application. <u>Pinn counsel has taken the following position</u>: "Pinn does not oppose the proposed briefing schedule. Pinn does, however, oppose the relief sought and the procedure Apple is undertaking, which is contrary to the Court's direct and clear instructions at the pretrial hearing.  Nor is there any emergency here." According to Local Rule 7-19, contact information for Pinn's counsel is provided in the certificate of service below.

As described below, Apple will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, has been diligent in seeking a resolution of these issues without Court intervention (as described below), and is without fault seeking this relief. *Ex parte* relief is justified because:

(1)    Apple's underlying motion seeks to pre-admit certain trial exhibits that Apple should be able to use in its opening statement because they are foundational to the case—copies of the documentary exhibits and images of the physical exhibits are attached to a declaration that is being filed with the underlying motion:

> a. Watson prior art patent applications that Apple intends to rely on at trial to invalidate the asserted patents: U.S. provisional patent application Nos. 62/171,338 (DTX-272) and 62/171,376 (DTX-273) that led to applications published as U.S. Patent Application No. 2016/0357510 (DTX-311) and U.S. Patent Application No. 2016/0360350 (DTX-312). These applications were filed by AirPods inventor Rob Watson, who will

DEFENDANT APPLE INC.'S UNOPPOSED *EX PARTE* APPLICATION TO SHORTEN BRIEFING SCHEDULE
Case No. 8:19-cv-1805-DOC-JDE

be Apple's corporate representative at trial and will testify about these exhibits;

b. Apple's 2007 iPhone Bluetooth Headset, which is prior art that Apple intends to rely on at trial to invalidate the asserted patents:

    i. Physical exhibits of the Bluetooth Headset with dock and charging cable (physical exhibits DTX-466 and DTX-467, respectively),

    ii. Bluetooth Headset User's Guide (PTX-475);

c. Lydon prior art patent that Apple intends to rely on at trial, in combination with the 2007 iPhone Bluetooth Headset, to invalidate the asserted patents: U.S. Patent No. 8,078,787 to Lydon (JTX-260) and blue-ribbon, certified copy (JTX-1290). Lydon is an Apple patent that relates to the 2007 iPhone Bluetooth Headset;

d. Kalayjian prior art published patent application that Apple intends to rely on at trial, in combination with the 2007 iPhone Bluetooth Headset, to invalidate the asserted patents: U.S. Patent Application No. 2008/0125040 to Kalayjian (DTX-274). Kalayjian is an Apple application that was filed shortly before release of the 2007 iPhone Bluetooth Headset;

e. Exhibits for the Pinn product:

    i. Pinn's physical product (DTX-70), which is contained in a box that is marked with Pinn patent numbers;

    ii. Pinn video (DTX-1212), which is currently available on Pinn's Kickstarter crowd funding web page (Pinn | All-In-One Handsfree Device For Your Smartphone by Pinn Inc. — Kickstarter) and Pinn's YouTube page (Introducing Pinn - All-In-One Bluetooth Clip & Wireless Earbud for Your Smartphone - YouTube). The video features Sean Kim, the inventor on the asserted patents and

the Pinn principal, and describes and demonstrates the features of the Pinn product; and

  f. An official Apple video that accompanied release of the Apple's AirPods (DTX-70)—the products accused of infringement in this action—that shows and describes features of the AirPods;

  (2) If Apple's motion were heard on the Court's regular briefing schedule, a hearing would not occur until March 28 (the earliest available regular hearing date), which would be too late to prevent prejudice to Apple because the trial is set to start on March 22, and Apple will not be able to present the exhibits to the jury during its opening statement unless the Court resolves the issue beforehand;

  (3) Apple has timely moved. Apple and Pinn discussed pre-admission of exhibits beginning in December 2021. Once it became clear to Apple that agreements could not be reached on certain fundamental exhibits, including prior art that Apple would be presenting in its case in chief, Apple sought assistance from Special Master David Keyzer to try to resolve the issues. Apple emailed Mr. Keyzer on January 13, 2022 identifying the following exhibits identified above that it wished to have pre-admitted: (1) Watson references; (2) Pinn product; (3) Pinn video; and (4) Apple video. (*See* Decl. of Christopher S. Marchese, filed concurrently, Exh. 1 (1/13/22 email to Mr. Keyzer).)[1] In Apple's January 13 email, and a follow-up email (Exh. 1; Exh. 2), Apple ***addressed in detail each of Pinn's objections*** to these exhibits. Thus, Pinn has been on notice of Apple's position for more than a month.[2] After further email on the subject (*id.*), the parties discussed the issue with Mr. Keyzer in a call on

---

[1] The exhibits to the Marchese Declaration are cited in the following format below: "(Exh. 2)"

[2] Notably, at that point in time, Apple understood that Pinn would agree to pre-admit the 2007 iPhone Bluetooth Headset, Lydon, and Kalayjian prior art references, and thus did not include them in the January 13 email. But such an agreement did not materialize, and Apple has added that prior art to this motion. The argument for pre-admission on that prior art is similar to the Watson references, since Apple will be presenting both sets of prior art at trial as independent bases for invalidity of Pinn's asserted patents.

January 14, 2022, and agreed to continue the dialog with Mr. Keyzer. But before another call could be arranged, on January 18, 2022, Mr. Keyzer informed the parties that the Court had extended the pause on jury trials.

Apple emailed Mr. Keyzer and Pinn on February 2, 2022, asking to restart the discussion on these exhibits (Exh. 3), and discussed the issue on a call with Mr. Keyzer and Pinn that same day. Mr. Keyzer sent a follow-up email asking the parties to submit a "chart that Apple will prepare (with input from Pinn) showing any disputes regarding pre-admission of exhibits for opening statements." (Exh. 4.) The parties met and conferred concerning pre-admitted exhibits, and then Pinn emailed Mr. Keyzer on February 16, 2022 with a list of exhibits, claiming it understood the parties had agreed to pre-admit them—this chart did not include any of the exhibits listed above. (Exh. 5.) Pinn's email took Apple by surprise (*see* Exh. 6 (2/17/22 email from Apple counsel to Mr. Keyzer)), because, as stated above, Mr. Keyzer had requested a joint submission from the parties. And so Apple again requested Mr. Keyzer's assistance, if possible, with resolving the instant dispute. (*Id.*) Mr. Keyzer responded on February 17, 2022, suggesting that the parties would need to interact with the Court on these exhibit issues if they were unable to reach agreement on what his involvement should be. (Exh. 7.) After another call with Mr. Keyzer on February, 22, 2022, no such agreement was reached, and Apple understood it would need to file a motion to seek relief on the disputed exhibits. Accordingly, Apple met and conferred with Pinn that same day and informed Pinn's counsel (Exh. 8) that it would be moving *ex parte* as to the exhibits listed above. During the call, Pinn asked when Apple planned to file its motion so that it may consider making an offer on pre-admitted exhibits; Apple responded it planned to file in 1-2 days.

Apple followed-up on February 23, 2022, informing Pinn counsel of a proposed shortened briefing schedule, and asking if Pinn would oppose such a schedule. (Exh. 9.) Pinn responded on February 24, 2022 with the language quoted above on page 1,

stating that it does not oppose the proposed briefing schedule stated below. (Exh. 10.) However, Pinn did not make an offer on any pre-admitted exhibits; and

(4)     An expedited decision on Apple's request to pre-admit the exhibits listed above, if granted, would allow the parties to preview for the jury the key pieces of evidence during opening statements and would decrease the amount of time spent during trial on moving exhibits into evidence.

* * *

With respect to the request to shorten time to hear the motion, ***Apple respectfully requests that the normal time period for opposition and reply be shortened as follows***:

- Pinn's opposition to Apple's underlying motion will be due seven (7) calendar days after the filing date of Apple's underlying motion (which is also being filed on February 24, 2022), putting the due date for Pinn's opposition on March 3, 2022.

- Apple will file its reply brief within two business (2) days after Pinn's opposition, putting the due date for Apple's reply no later than March 7, 2022. This will result in the underlying motion becoming ripe and ready for a decision well before trial begins on March 22, 2022.

This *ex parte* application is based upon this notice, the attached Declaration of Christopher S. Marchese and exhibits attached thereto, the underlying motion and memorandum of points and authorities and supporting declaration and attached exhibits, the records before the Court, all matters of which this Court may take judicial notice, and further evidence and argument as may be permitted by the Court. A proposed order is also submitted for the Court's consideration.

As stated in the concurrently filed Marchese Declaration, on February 22, 2022, Apple and Pinn, through counsel, met and conferred by Zoom about the motion to pre-admit certain trial exhibits and Apple's intent to seek *ex parte* relief, and followed-up from the meet and confer with emails on February 23 and 24, 2022.

Dated:  February 24, 2022          FISH & RICHARDSON P.C.


By: */s/ Christopher S. Marchese*
     Christopher S. Marchese (SBN 170239)
     marchese@fr.com
     FISH & RICHARDSON P.C.
     633 West Fifth Street, 26th Floor
     Los Angeles, CA 90071
     Tel: (213) 533-4240
     Fax: (858) 678-5099

     Seth M. Sproul (SBN 217711)
     sproul@fr.com
     John W. Thornburgh (SBN 154627)
     thornburgh@fr.com
     FISH & RICHARDSON P.C.
     12860 El Camino Real, Suite 400
     San Diego, CA 92130
     Tel: (858) 678-5070
     Fax: (858) 678-5099

     Joy B. Kete *(pro hac vice)*
     kete@fr.com
     FISH & RICHARDSON P.C.
     One Marina Park
     Boston, MA 02210
     Tel: 617-542-5070
     Fax: 617-542-8906

     Karrie E. Wheatley *(pro hac vice)*
     wheatley@fr.com
     FISH & RICHARDSON P.C.
     1221 McKinney St., Suite 2800
     Houston, TX 77010

Attorneys for Defendant APPLE INC.

1

## **PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12860 El Camino Real, Suite 400, San Diego, California 92130.  I am over the age of 18 and not a party to the foregoing action.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for electronic transmission, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On February 24, 2022, I caused a copy of:

**UNOPPOSED *EX PARTE* APPLICATION FOR ORDER TO SHORTEN BRIEFING SCHEDULE ON APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS; DECLARATION OF MARCHESE; EXHIBITS IN SUPPORT; AND PROPOSED ORDER**

to be served on the interested parties in this action by attaching a PDF version of the document to an email message addressed as follows:

| | |
|---|---|
| Ryan E. Hatch (SBN 235577)<br>ryan@hatchlaw.com<br>LAW OFFICE OF RYAN E. HATCH, P.C.<br>13323 Washington Blvd., Suite 302<br>Los Angeles, CA 90066<br>Tel: 310-279-5079<br>ogii@ryanehatch.com | Attorney for Plaintiff<br>PINN, INC. |
| David A. Skeels (*pro hac vice*)<br>dskeels@whitakerchalk.com<br>Enrique Sanchez, Jr. (*pro hac vice*)<br>rsanchez@whitakerchalk.com<br>WHITAKER CHALK SWINDLE & SCHWARTZ PLLC<br>301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102<br>Tel: 817-878-0500 / Fax: 817-878-0501<br>ctower@whitakerchalk.com<br>kkrueger@whitakerchalk.com<br>jross@whitakerchalk.com | Attorneys for Plaintiff<br>PINN, INC. |
| Cabrach J. Connor (*pro hac vice*)<br>cab@connorkudlaclee.com | Attorneys for Plaintiff<br>PINN, INC. |

7

DEFENDANT APPLE INC.'S UNOPPOSED *EX PARTE* APPLICATION TO SHORTEN BRIEFING SCHEDULE
Case No. 8:19-cv-1805-DOC-JDE

1  Jennifer Tatum Lee (*pro hac vice*)
   jennifer@connorkudlaclee.com
2  CONNOR LEE PLLC
3  609 Castle Ridge Road, Suite 450
   Austin, Texas 78746
4  Tel: 512-777-1254 / Fax: 888-387-1134
5  jyastic@connorkudlaclee.com
   lgallagher@connorkudlaclee.com
6  josh@connorkudlaclee.com

7  | PERSONAL: | Such envelope was delivered by hand to the offices of the addressee. |
8
9  | [x] ELECTRONIC MAIL: | Such document was transmitted by electronic mail to the addressees' email addresses as stated above via service email: ServicePinnCounsel@fr.com. |
10
11 | FEDERAL EXPRESS: | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
12

13

14    I declare that I am employed in the office of a member of the bar of this Court
15 at whose direction the service was made.  I declare under penalty of perjury that the
16 above is true and correct. Executed on February 24, 2022, at San Diego, California.

17                              */s/ Katherine S. Root*
                                Katherine S. Root
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT APPLE INC.'S UNOPPOSED *EX PARTE* APPLICATION TO
SHORTEN BRIEFING SCHEDULE
Case No. 8:19-cv-1805-DOC-JDE