Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS**<br><br>Hearing Date:  March 28, 2022[1]<br>Hearing Time:  8:30 a.m.<br>Courtroom:    9 D<br>Judge:       Hon. David O. Carter |

---

[1] Apple Inc. has filed an Unopposed *Ex Parte* Application to Shorten the Briefing Schedule that, if granted, would make Pinn's opposition due by March 3, 2022 and Apple's reply by March 7, 2022.

1

## **TABLE OF CONTENTS**

2

**Page**

3   I.     INTRODUCTION ...............................................................................1

4   II.    BACKGROUND ................................................................................1

5   III.   ARGUMENT.....................................................................................2

6          A.   Apple's Prior Art is Admissible .............................................3

7               1.   Apple's Prior Art ........................................................3

8               2.   Pinn's Objections to the Prior Art Should Be Overruled ............6

9          B.   The Pinn Product and Pinn Kickstarter Video .....................10

10              1.   The Pinn Product (DTX-70) Is Admissible ...............10

11              2.   The Pinn Video (DTX-1212) Is Admissible..............12

12         C.   The Official Video Trailer: Apple AirPods is
                    Admissible (DTX 910)...........................................14

13  IV.    CONCLUSION ...............................................................................16

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE
INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Epstein*,
   32 F.3d 1559 (Fed. Cir. 1994) ...................................................................7

*Freeman v. Minnesota Min. & Mfg. Co.*,
   675 F. Supp. 877 (D. Del. 1987) ...............................................................7

*James v. McKee*,
   2009 U.S. Dist. LEXIS 102380, 2009 WL 3672128 (E.D. Mich.
   Nov. 3, 2009) ...........................................................................................3

*United States v. Pac. Gas & Elec. Co.*,
   No. 14-CR-00175-TEH, 2016 WL 3648545 (N.D. Cal. July 7, 2016) ...........8, 13

**Other Authorities**

FRE 402 ...............................................................................................8, 12, 15

Rule 403 ..............................................................................................8, 12, 13

FRE 801 .................................................................................................14, 15

FRE 802 ......................................................................................................12

Rule 803 ......................................................................................................15

FRE 805 .................................................................................................12, 15

Rule 807 ......................................................................................................16

FRE 901 .............................................................................................7, 12, 14

FRE 902 ..............................................................................................5, 7, 14

## I.    INTRODUCTION

Apple hereby requests the Court pre-admit a small number of "dead bang" exhibits that will be used at trial. These exhibits consist of Apple's key prior art, the Pinn product and related Pinn video, and an Apple video showing the announcement of the Apple AirPods. These exhibits are central to issues the jury will decide, and the jury will get to see each of them during the trial. Despite their clear fundamental importance and admissibility, Pinn has objected to pre-admission. Pinn's objection weaponizes the Court's admonition that it will not be involved in resolving objections relating to opening statements and thereby seeks to gain an unfair advantage by preventing Apple from putting forward core evidence. Pinn should not be allowed to limit Apple's opening presentation in this way.

Apple has concurrently filed an unopposed *ex parte* application ("Application") to shorten time for this motion to be briefed and heard. Dkt. No. 514. As stated in that Application, under the normal briefing schedule, this motion will not be heard until March 28, 2022, which is nearly a week after trial is set to commence. Accordingly, by that Application, Apple requests, and Pinn does not oppose, that Pinn's opposition brief be due by March 3, 2022, and Apple's reply brief by March 7, 2022. This would allow the motion to be fully briefed and potentially decided in advance of trial. Apple respectfully requests that the Court grant the Application and hear this motion in time for the exhibits to be used in opening statements, should the Court grant this motion.

## II.    BACKGROUND

During the pretrial conference, the Court set out ground-rules for how opening statements would be conducted. The parties would have to agree on the admission of demonstratives or exhibits to use them. The Court also advised: "Now *if they're 'dead bang' exhibits, I would certainly allow that*." *See* Exh. 1 (Sept. 10, 2021 Hearing Transcript at 40:7-8 (emphasis added).) Otherwise, the Court would not rule on objections to demonstratives or exhibits before opening. With those directives in mind, Apple reached agreement with Pinn to pre-admit the asserted patents, the file

histories, physical exhibits of the accused products and their manuals. Seeking an unfair advantage, Pinn has refused to reciprocate, and objects to key Apple exhibits. Pinn objects to Apple's prior art product (the 2007 iPhone Bluetooth Headset and related patent documents), Apple's prior art Watson patent applications, Apple's video introducing the AirPods, and its own Pinn product and associated video.[2] Because these exhibits are clearly admissible and important to Apple's case, Pinn's refusal to allow them is prejudicial and runs contrary to the Court's admonition that "dead bang" exhibits should be fair game for the opening statements.

Mindful of the Court's advice, Apple spent more than two months trying to get mutual agreement whereby key exhibits for both parties would be pre-admitted for use in openings. *See* Dkt. No. 514 (concurrently filed Application, which provides a timeline and some correspondence related to this process). As that process unfolded, Apple asked the Special Master to intervene. *See id.* Mr. Keyzer was unable to resolve the issue and suggested on February 17, 2022 that the parties turn to the Court for resolution. Apple had one final meet and confer with Pinn on February 22, 2022 in which Apple informed Pinn of its intent to seek *ex parte* relief. Pinn suggested it may yet offer a compromise, which may have been a delay tactic, as the parties had been discussing these issues for months, and in response Apple said it would file its pleadings within 1 to 2 days. Pinn never followed up with an offer, and the issue is ripe. Apple now moves the Court to pre-admit a discrete set of exhibits that will aid the jury from the start in grasping concepts critical to Apple's invalidity and damages case.

## III.   ARGUMENT

Apple seeks to pre-admit a small number of exhibits that are (1) clearly admissible; and (2) central to issues in the case. Pinn has objected to these exhibits

---

[2] Each of these exhibits is described in more detail below. They are also attached as exhibits to the concurrently filed Declaration of Christopher S. Marchese ("Marchese Declaration").

solely to prevent Apple from using them during opening statements. This is unreasonable, and a misapplication of the Court's admonition that the parties should resolve disputes on their own. As the Court has specifically said that it will allow "dead bang" exhibits in opening, Apple brings to the Court a limited number of exhibits that it seeks to use in its opening. Apple interprets this language from the Court in line with that proffered by other courts: a dead bang exhibit includes one that could be outcome determinative on a key issue. *See James v. McKee*, 2009 U.S. Dist. LEXIS 102380, *30, 2009 WL 3672128 (E.D. Mich. Nov. 3, 2009) ("Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal."). Under that interpretation, Apple's exhibits qualify—they go to invalidity (prior art), alleged infringement (AirPods video), and obviousness and damages (Pinn product and associated video).

### A.     Apple's Prior Art is Admissible

Apple's invalidity defenses are formidable. Indeed, most of Apple's prior art exhibits are Apple's own prior art product and patent publications that anticipate or render obvious the asserted patent claims. Apple seeks to pre-admit four pieces of prior art: (1) Apple's 2007 iPhone Bluetooth Headset; (2) Lydon, an Apple patent related to the Bluetooth Headset; (3) Kalayjian, an Apple patent application from the same time as the Bluetooth Headset; and (4) the Watson patent applications related to the Apple AirPods. Each reference is foundational to Apple's invalidity case, and each is admissible.

#### 1.     Apple's Prior Art

**The 2007 iPhone Apple Bluetooth Headset (DTX-466, DTX-467, PTX-475):** Apple seeks to pre-admit physical exhibits of the 2007 iPhone Bluetooth Headset—one with a dock and one with a charging cable (DTX-466 and DTX-467, respectively)—along with the User's Guide (PTX-475) that describes the operation of the Bluetooth Headset. *See* Marchese Decl. Exh. 2 (images of DTX 466—physical

3

exhibit of the 2007 iPhone Bluetooth Headset with dock), Exh. 3 (images of DTX 467—physical exhibit of same product with charging cable), Exh. 4 (PTX-475—2007 iPhone Bluetooth Headset User's Guide). The 2007 iPhone Bluetooth Headset is one of Apple's main prior art references that it will present to the jury. It, along with the Watson patent applications below, are core to Apple's invalidity case. Released in 2007 with the original iPhone, it is a Bluetooth wireless earbud with a dual dock station for docking the iPhone and wireless earbud, and a separate travel cable that also connects the iPhone and the earbud, both of which are shown below:



Apple engineer Jeff Terlizzi was a lead engineer on the 2007 iPhone Bluetooth Headset development and will testify on personal knowledge about the device, and Apple's expert will opine that the Bluetooth Headset, in combination with Lydon and Kalayjian below, renders obvious all asserted claims of the patents in suit.

**U.S. Patent No. 8,087,787 to Lydon (DTX-260, DTX-1290):** Lydon is a U.S. Patent issued to Apple that discloses features related to the Apple Bluetooth Headset. *See* Marchese Decl. Exh. 5 (DTX-260—Lydon patent); Exh. 6 (DTX-1290—certified ribbon copy of Lydon). Notably, in the recent trial exhibit list exchanged between the parties, Pinn offers no objection to Lydon, (*see* Marchese Decl. Ex. 12 at 253)—yet Pinn will not agree to pre-admit Lydon. Apple's expert Dr. Jonathan Wells relied on Lydon has part of his invalidity analysis, and opined that Lydon disclosed certain key features that Pinn purports to have invented, including the use of a button on the docking station of Bluetooth Headset that would be used as part of the pairing process. Figure 1A, reproduced below, depicts the 2007 iPhone Bluetooth Headset.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE



FIG. 1A

Apple seeks to pre-admit Lydon (DTX-260) as well as the blue-ribbon certified copy of Lydon (DTX-1290). As a certified copy of a U.S patent, Lydon (DTX-1290), is self-authenticating under Rule 902(1)(A).

**U.S. Patent Application No. 2008/0125040 to Kalayjian (DTX-274):** Kalayjian is a patent application filed by Apple in 2006. *See* Marchese Decl. Exh. 7 (DTX-274—Kalayjian published patent application). Kalayjian discloses the functionality of Apple's Find My feature that Pinn accuses of infringement. For instance, Kalayjian discloses "a method and system for locating objects using a Bluetooth communications protocol." (Abstract.) In the embodiment of Figure 3A, reproduced below, the cell phone (310) and a wireless phone headset (320) use a Bluetooth protocol to wirelessly pair. (Kalayjian at [0007], [0032-003].) When prompted by the user, the cell phone can transmit a signal to the wireless phone headset to attempt to guide a user to its location, which is illustrated in Figure 8 below. (Kalayjian at [0007], [0032-003].)

FIG. 3a

FIG. 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

Apple's expert Dr. Wells opined that Kalayjian, combined with the 2007 iPhone Bluetooth Headset and the Watson references, renders the asserted claims obvious.

**The Watson Patent Publications (DTX 272, 273, 311, 312):** Apple engineer Rob Watson, who will be Apple's corporate representative at trial, will testify about the research and development that led to the AirPods. As part of this development work, Mr. Watson will testify that he filed two provisional patent applications on June 5, 2015. Provisional Application No. 62/171,338 (DTX-272) led to Application No. 15/172,070 that published as U.S. Patent Application No. 2016/0357510 A1 on December 8, 2016 (DTX-311). Provisional Application No. 62/171,376 (DTX-273) led to Application No. 15/171,310 that also published on December 8, 2016 as U.S. Patent Application No. 2016/0360350 (DTX-312). *See* Marchese Decl. Exh. 8 (DTX-272), Exh. 9 (DTX-273), Exh. 10 (DTX-311), Exh. 11 (DTX-312) (these four exhibits contain the Watson provisional applications and published applications). For instance, Figure 1A of DTX-311 (at right) discloses a representation of the accused AirPod earbud:



"Figure 1A illustrates a wireless ear bud 165 that wirelessly couples with a companion communication device according to some embodiments of the present technology." (DTX-311 at [0020].)

## 2. Pinn's Objections to the Prior Art Should Be Overruled

Pinn has no reasonable objection to any of the 2007 Bluetooth Headset, Lydon, Kalayjian, or the Watson applications. At one point, Apple understood that Pinn had agreed to pre-admit the 2007 Bluetooth Headset, Lydon, and Kalayjian. However, Pinn now seeks to hamstring Apple's opening by precluding use of any of this prior art until *after Pinn has presented its case in chief*. Moreover, because Apple has agreed to pre-admission of the patents in suit, the prosecution histories, and the accused Apple AirPods, Pinn will be able to show these exhibits in its opening,

whereas Apple will not be allowed to show its own prior art that it contends invalidates the Pinn patents. Pinn should not be able to use the exhibits Apple has agreed to pre-admit in Pinn's opening and leave Apple with no exhibits to preview its prior art invalidity defense.

### a)     The Prior Art Is Authentic

There is no real question as to the authenticity of the prior art. Apple, the manufacturer of the 2007 iPhone Bluetooth Headset and its User's Guide, produced the exhibits in this litigation; each bear the distinctive Apple logo and are thus authentic under Rule 901(b)(4). In addition, as stated above, Mr. Terlizzi was a lead engineer on the iPhone Bluetooth Headset and will be testifying about it at trial, further authenticating these exhibits under Rule 901(b)(1). The printed patent publications (Lydon, Kalayjian, and Watson) can be viewed on https://portal.uspto.gov/pair/PublicPair, a website maintained by the United States Patent Office, and are therefore self-authenticating under Rule 902(7) and are public records "from the office where items of this kind are kept" and were themselves "filed in a public office as authorized by law" under Rule 901(b)(7).

### b)     The Prior Art Is Not Hearsay

None of the prior art references is hearsay, as none is offered for the truth of the matter asserted. That is, they are offered because they contain a technological disclosure, not because the disclosure is true. *See, e.g., Freeman v. Minnesota Min. & Mfg. Co.*, 675 F. Supp. 877, 884 (D. Del. 1987) ("Section 102(b) requires only that the invention be described in a printed publication, not that the description be true. Therefore, the Protocol is being introduced, not for the truth of the matter asserted, i.e., that 150 lenses were made or 24 implanted, but only for the fact that it was indeed written and filed before March 15, 1975. Thus, it cannot be hearsay."). Patents are admissible for their filing and publication dates. *Cf. In re Epstein*, 32 F.3d 1559, 1565 (Fed. Cir. 1994) ("The statements are out-of-court written assertions offered by the PTO to prove the truth of the matter asserted, namely, that the various software

1  products were 'in public use or on sale' at a time some two years before the date that
2  the abstracts were published.").

3                    **c)**        **The Prior Art Is Relevant**

4        As stated above, in the recent trial exhibit list, Pinn is not objecting to Lydon,
5  including under Rule 402 or 403—yet Pinn will not agree to pre-admission. *See*
6  Marchese Decl. Exh. 12 at 253. As to Kalayjian, Pinn offers no relevance objection,
7  and instead objects solely on the basis of ***six separate motions in limine***. *Id.* at 253
8  (citing Pinn's MIL Nos. 6, 8-11, and 13). Five of these MILs—Nos. 6 and 8-11—
9  were either denied or withdrawn. Dkt. No. 459 at 6-7. MIL No. 13 was granted to
10  prevent Apple from arguing inequitable conduct, but Apple is not arguing that
11  defense, and Kalayjian is being offered for invalidity, which is a live issue for the
12  trial. As to the 2007 iPhone Bluetooth Headset, Pinn objects on Rule 402 and 403
13  grounds (Marchese Decl. Exh. 12 at 255), but the Bluetooth Headset is undeniably
14  relevant, and while Pinn may find it prejudicial—since it may invalidate the asserted
15  claims—its probative value is extremely high, and any prejudice is not "unfair." *See*
16  Rule 403; *see also United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH,
17  2016 WL 3648545, at *4 (N.D. Cal. July 7, 2016) (admitting statements by PG&E
18  employees that more money should be spent replacing old pipelines because they
19  were relevant to government theory that PG&E's noncompliance led to the explosion
20  and reasoning that "though these statements are certainly prejudicial to PG&E, PG&E
21  has offered no reason that this prejudice is 'unfair'").

22        The Watson applications are relevant and Pinn has repeatedly conceded as
23  much. Nevertheless, Pinn has objected that these references are not relevant because
24  they are not yet prior art. *See* Marchese Decl. Exh. 12 at 253-254 (excerpt of most
25  recent exhibit list with Pinn objections; recently emailed by Pinn to Apple on February
26  22, 2022). That is, Pinn's argument seems to be that until Apple has proven they are
27  prior art at trial, they cannot be admitted. This is not a reasonable objection. Apple
28  will introduce the Watson applications, which were filed in June 2015, and will

1  establish through documents and expert testimony that they predate the Pinn patents,

2  and thus invalidate them. While Pinn argues that its own April 2015 provisional

3  application establishes that it was first to file, Apple contends that the April 2015

4  provisional does not support the asserted claims, and that therefore the Watson

5  applications are prior art. This is a disputed issue for the jury to decide. That Pinn

6  disagrees *on the merits* is no reason to exclude prior art. The jury will decide if the

7  Watson applications are prior art. Pinn cannot exclude them as evidence because the

8  jury has not yet decided that issue.[3]

9       The Court has already considered this issue in ruling on the motions *in limine*.

10  There, the Court stated "it anticipates allowing Defendant to present evidence of…the

11  'Watson' patents such as United States Patents No. 10,070,212, 10,219,062, and

12  10,524,037." Dkt. No. 459 at p. 7. Apple submits that this indicates the Court

13  anticipates allowing not just the listed patents, but also the underlying applications.

14       Importantly, Pinn's counsel has told the Court that Watson prior art is

15  "relevant" and even conceded that Pinn is not seeking to exclude them. In argument

16  to the Court at the September 10, 2021 status conference regarding jury instructions,

17  Pinn counsel stated that if Apple meets its burden to show the '066 patent is not

18  entitled to the earliest priority date, Apple has a "***very compelling argument***" that the

19  Watson patent applications invalidate the asserted patents. Marchese Decl. Exh. 1

20  (Sept. 10, 2021 Hearing Transcript at 27:8-11) (emphasis added). Additionally, at the

---

[3] As stated, Apple contends that the asserted claims are not entitled to the priority date of Pinn's provisional application No. 62/142,978 ("the '978 provisional") filed April 3, 2015. Dkt. No. 241. If Apple prevails on that point, the Watson published patent applications are invalidating prior art. *See* Marchese Decl. Exh. 1 (September 10, 2021 Hearing Transcript at 20:22-25 (MR. CONNOR: "And the question of validity in light of Watson will be reviewed based upon the understanding that the effective filing date was determined to be after Watson. In other words, Watson is prior art.")). Apple has offered to pre-admit the '978 provisional if Pinn would agree to pre-admit the Watson applications. Pinn refused. Should the Court grant Apple's request to pre-admit the Watson applications, Apple will stipulate to pre-admission of the '978 provisional.

hearing on the motions *in limine*, Pinn counsel said the following regarding the relevance of the Watson prior art: "We all agree that the '446 patent, ***Watson patent***, you know, the Hankey Group patents, these are Apple patents that—we'll talk about the Harman patents in a little bit. ***But those are patents that for other reasons are relevant, and we're not seeking to exclude those***." Exh. 13 (February 16, 2021 Hearing Transcript at 78:22-79:1) (emphasis added).

Put simply, Pinn's attempt to prevent the jury from seeing critical prior art in the opening statement is meritless and should be overruled.

### B.   The Pinn Product and Pinn Kickstarter Video

Apple would like to show Pinn's product (Marchese Decl. Exh. 14 (DTX-70)) in the opening and a video created by Pinn (Marchese Decl. Exh. 15 (DTX-1212)) that shows and describes the Pinn product.[4] The video features the inventor and Pinn principal, Sean Kim, using the product. Mr. Kim will be Pinn's first witness in its case in chief, and he is expected to discuss Pinn's efforts to patent his alleged invention and produce the Pinn product. Both the Pinn product and the Pinn video should be pre-admitted.

### 1.   The Pinn Product (DTX-70) Is Admissible

Pinn objects to the Pinn product on relevance grounds, but the relevance of the Pinn product to the case is clear. The label on the box of the Pinn product produced in the case references the asserted '066 patent. Marchese Decl. Exh. 14 (DTX-70). Pinn's website states that the Pinn product "is covered by one or more claims of U.S. Patent Nos. 9,807,491; 10,455,066; 10,609,198 and/or 10,701,197 other patents pending." *Id.* Exh. 16 (<mypinn.com> APL-PINN_01135545-550 at APL-PINN_01135549). The '066 and '198 patents are asserted in the trial, and Pinn has clearly associated its product with the asserted patents.

---

[4] Exhibit 15 to the Marchese Declaration is a screen shot of a frame of the video. The video can be viewed in its entirety at the links provided in footnote 5 below, and a thumb drive containing the video exhibit is being delivered to chambers.

As recognized by the Court in denying Pinn's MIL 12, the Pinn product is also relevant to damages and obviousness. *See* Dkt. No. 459 at p. 8 ("The Court adopts the analysis set forth in the R&R. For example, Defendant can present evidence of public instances of Plaintiff marking the Pinn Product with patent numbers."); Dkt. No. 411 at p. 38 ("Defendant persuasively argues that evidence of marking is relevant to commercial success, which is a factor relevant to damages as well as to validity."). It is no secret that Pinn's product was a commercial failure. Pinn offered the Pinn Product for sale through its 2017 Kickstarter campaign at a suggested retail price of $199. *Id.* Exh. 17 (Dep. Tr. Hwang at 56:1-4). After Pinn stopped manufacturing the Pinn product in March 2018, the Pinn product was selling for a few dollars on e-commerce sites. Indeed, counsel for Pinn has acknowledged that the Pinn product is relevant to the issue of whether the Pinn product was commercially successful, which goes to damages. *See id.* Exh. 18 (June 16, 2021 MIL Hearing Transcript at 7:10-18 ("MR. CONNOR: We expect, and I think that we agree, that certain lines of questioning about the Pinn product will be permissible because…THE COURT: Give me an example. MR. CONNOR: An example would be whether this product was commercial successful. Okay? THE COURT: And the relevance of that is what? It goes to damages? MR. CONNOR: Yes, sir.")).

Pinn also objects that the Pinn product violates MILs 8-11 and 13, notably skipping MIL 12—in which, as described above, the Court recognized the relevance of the product. MILs 8-11 were either denied or withdrawn. Dkt. No. 459 at 6-7. MIL 13, as explained previously, was granted to preclude Apple from arguing inequitable conduct, and it has nothing to with the Pinn product. To the extent Pinn invokes MIL 8, which related to whether Apple could argue noninfringement or invalidity based on the Pinn product, Apple said it would not, and the motion was denied after the parties agreed to a joint instruction for the jury. Dkt. No. 459 at 7. Apple is not arguing noninfringement or invalidity based on the Pinn product, and Pinn's objection is misplaced. Rather, the Pinn product is relevant to damages as an embodying product

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

of the asserted patents. It is also relevant to commercial success of the alleged invention, which goes to the issue of obviousness.

### 2.    The Pinn Video (DTX-1212) Is Admissible

The Pinn video features the inventor and Pinn CEO, Mr. Kim, using the Pinn product. It was created by Pinn as part of its Kickstarter funding campaign to market and sell its Pinn product. The video was found on the Pinn Kickstarter website, and is still accessible.[5] Pinn failed to produce this highly relevant video during discovery, but Apple found it and produced it many months ago. The jury should have the benefit of seeing the Pinn product and the related video in Apple's opening statement before hearing Pinn's damages expert testify that, assuming the Pinn patents are valid and infringed, the jury should award Pinn tens of millions of dollars in damages.

Pinn objects on multiple grounds: FRE 402 as to relevance, FRE 403 as to prejudice (presumably), untimely, not produced, FRE 802 as to hearsay, FRE 805 as to hearsay within hearsay, FRE 901 as not authentic, and contrary to a MIL ruling. None of these objections hold water, and they should be overruled.

***FRE 402 (Relevance):*** The video shows Mr. Kim, the patentee in this case, using the Pinn product and shows the product in action—this is relevant to damages and obviousness, as discussed above. The way Pinn marketed and sold its product is also relevant to Pinn's understanding of its device, especially vis-à-vis other products such as the Apple AirPods, which Mr. Kim has said destroyed his market. *See,* Dkt. No. 158-2 (Decl. of Sean Kim in Support of Opposition to Motion to Stay, June 22, 2020) at ¶¶ 8, 15 ("I started Pinn to commercialize my wireless earbud system technology and successfully raised money from multiple sources. … When Apple introduced AirPods, my product was effectively doomed. … Pinn has sold a couple

---

[5] https://www.kickstarter.com/projects/906938906/pinn-all-in-one-handsfree-device, last accessed on Feb.23, 2022. The video is also still accessible on Pinn's YouTube page. https://www.youtube.com/watch?v=yUQmuoDLkjM.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

of thousand units of our Pinn product, but Apple's infringing products dominate the market.").

*FRE 403:* The video is not unfairly prejudicial, misleading, or confusing under FRE 403, especially considering the agreed instruction referenced above, which states: "The jury shall not compare the accused AirPods products to the Pinn product for purposes of infringement or validity." Dkt. No. 459 at 7. It is a widely available marketing video made by Pinn describing the Pinn product. The relevance of Pinn's statements about its own product outweighs any potential prejudice, and Pinn has not articulated any reason why this video is unfairly prejudicial. *See, e.g.*, *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3648545, at *4 (N.D. Cal. July 7, 2016) (admitting statements by PG&E employees that more money should be spent replacing old pipelines because they were relevant to government theory that PG&E's noncompliance led to the explosion and reasoning that "though these statements are certainly prejudicial to PG&E, PG&E has offered no reason that this prejudice is 'unfair'").

*Untimely/Not produced:* Pinn's objection here is not well taken. This video was put together by Pinn and known to it for years—indeed, as stated above, it remains available on Pinn's Kickstarter and YouTube web pages. It was clearly responsive to requests for production in discovery, but Pinn never produced it. To object as "not produced" when it had an obligation to produce it is untenable, to say the least. Apple discovered the video after discovery closed and promptly disclosed it to Pinn as an exhibit. Pinn has now known of Apple's intent to use the video for many months. There is no surprise or prejudice from the timing of the production, and because Pinn should have itself produced it, Pinn cannot be heard to complain about timing.

*Hearsay:* The statements by Pinn in an official video advertising its product— a video that features Mr. Kim (the CEO of Pinn) in a primary role—are admissible as an opposing party's statement under Rule 801(d)(2).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

*FRE 902 (Authenticity):* Pinn's authenticity objection is meritless. The video is hosted on Pinn's Kickstarter and YouTube webpages, and it features Mr. Kim himself. It is what Apple purports it to be, a video made by Pinn to advertise the Pinn product. *See, e.g.*, Rule 901(a), (b)(1) and (b)(4).

*MIL:* The Court's ruling in Apple's favor on MIL 12 (as discussed above) demonstrates the relevance of a video about Pinn's failed product. However, Pinn objects under MIL 8, which is the MIL that resulted in the limiting instruction: "The jury shall not compare the accused AirPods products to the Pinn product for purposes of infringement or validity." Dkt. No. 459 at 7. The purpose of the limiting instruction was to allow Apple to show the jury the Pinn device and related evidence such as the video.

Pinn's many objections betray the relevance of the video. Apple should be allowed to show this video in the opening, and Pinn's objections should be overruled.

## C.   The Official Video Trailer: Apple AirPods is Admissible (DTX 910)

For some of its products, Apple creates high-quality trailer videos to introduce them to the public. Apple created one for the AirPods, and it was played at the Apple iPhone event in September 2016 when the AirPods were announced. This video, (Marchese Decl. Exh. 19 (DTX-910)),[6] introduces Apple AirPods, which are the products accused of infringement by Pinn. The video is available on YouTube as "Apple AirPods – Official Trailer."[7] The video is a short clip, just over two minutes long, and will introduce the jury to the accused AirPods technology that Apple developed. It is telling that Pinn wishes to keep this informative video—describing the very products that Pinn claims are covered by its patents—from the jury.

As stated above, Apple has agreed to pre-admit the accused AirPods products, their packaging, and the manuals that are shipped in the packaging. Apple has agreed

---

[6] Exhibit 19 to the Marchese Declaration is a screen shot of a frame of the video. The video can be viewed in its entirety at the link provided in footnote 7 below, and a thumb drive containing the video exhibit is being delivered to chambers.

[7] https://www.youtube.com/watch?v=NS0txu_Kzl8, last accessed on Feb. 24, 2022.

these are "dead bang" exhibits that can be used in the openings. So too is the AirPods video. It shows AirPods in their original announcement to the world. It shows internal circuitry of the earbuds and describes AirPods features, including features that Pinn accuses of infringement. To the extent AirPods are "dead bang" pre-admissible, the video should also be admitted so the jury can see more about them in the opening statements.

Pinn makes a number of objections: FRE 402 as to relevance, FRE 801 as to hearsay, FRE 805 as to hearsay within hearsay, and a MIL ruling. These should be overruled.

**FRE 402 (Relevance):** The video shows how Apple announced the accused product, the AirPods, and it describes their architecture and some of the features. Pinn will have the chance in its opening to use the Apple AirPods as exhibits to explain its infringement theories. One of Pinn's themes appears to be that AirPods destroyed the market for the Pinn product. Dkt. No. 158 (Decl. of Sean Kim in Support of Opposition to Motion to Stay, June 22, 2020) at ¶ 15 (quoted above). Apple should have the opportunity to use the video of the Apple AirPods official trailer to showcase unclaimed features of the AirPods that are critical to their commercial success. It is undisputed that the asserted patent claims do not contain limitations for infrared sensors, voice accelerometers, or beamforming microphones. Yet those are just three of the touted features in the official trailer. Apple expects Pinn to tell the jury in its opening statement that the AirPods are a huge success because they infringe the Pinn technology. The jury should hear Apple's side of the story.

**Hearsay:** This is admissible as an exception to hearsay as a record of a regularly conducted activity under Rule 803(6). The video was made by Apple as part of its regular practice of creating videos for the release of a new product, in this case the AirPods. This is also admissible under the residual exception to hearsay, which allows such evidence if there are sufficient guarantees of trustworthiness and if it is more probative on the point for which it is offered than other evidence. *See* Rule 807. No

other document captures the way Apple touted it as the video. Apple will also authenticate the video through witness testimony—Rob Watson viewed it live at the 2016 event where it was first played to the public.

**MIL:**  In the most recent exhibit list, Pinn objects based on MIL 6, but that MIL was denied. Dkt. 459 at 6.

## IV.   CONCLUSION

Apple respectfully requests that the Court pre-admit the following exhibits so that Apple may present them to the jury in its opening statement: DTX-260, DTX-274, DTX-466, DTX-467, PTX-475, DTX-272, DTX-273, DTX-311, DTX-312, DTX-70, DTX-1212, DTX-910 and DTX-1290.

1   Dated:  February 24, 2022              FISH & RICHARDSON P.C.

2

3                                          By: */s/ Christopher S. Marchese*
                                               Christopher S. Marchese (SBN 170239)
4                                              marchese@fr.com
                                               FISH & RICHARDSON P.C.
5                                              633 West Fifth Street, 26th Floor
                                               Los Angeles, CA 90071
6                                              Tel: (213) 533-4240
                                               Fax: (858) 678-5099
7

8                                              Seth M. Sproul (SBN 217711)
                                               sproul@fr.com
9                                              John W. Thornburgh (SBN 154627)
                                               thornburgh@fr.com
10                                             FISH & RICHARDSON P.C.
                                               12860 El Camino Real, Suite 400
11                                             San Diego, CA 92130
                                               Tel: (858) 678-5070
12                                             Fax: (858) 678-5099

13

14                                             Joy B. Kete *(pro hac vice)*
                                               kete@fr.com
15                                             FISH & RICHARDSON P.C.
                                               One Marina Park
16                                             Boston, MA 02210
                                               Tel: 617-542-5070
17                                             Fax: 617-542-8906

18
                                               Karrie E. Wheatley (*pro hac vice*)
19                                             wheatley@fr.com
                                               FISH & RICHARDSON P.C.
20                                             1221 McKinney St., Suite 2800
                                               Houston, TX 77010
21

22                                         Attorneys for Defendant APPLE INC.

23

24

25

26

27

28
                                          17
            MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE
                 INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
                                          Case No. 8:19-cv-1805-DOC-JDE