Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete (*pro hac vice*)
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. John D. Early<br>Technical Special Master: David Keyzer |

## I.   INTRODUCTION

Apple's request to admit certain exhibits focused on a few key exhibits that are central to Apple's case and admissible.  Pinn's opposition sidesteps the question of admissibility, and instead argues the merits and weight of the exhibits.  Although Pinn wraps its arguments in evidentiary terms, its arguments all resolve to the ***substantive question*** of whether the Watson Patent Applications ***are prior art***.

Apple is mindful of the Court's statement that the parties should seek agreement on exhibits for the opening statements, and has worked hard to try to reach an agreement with Pinn regarding pre-admission of a wide range of exhibits, including the ones at issue here.  Apple acknowledges (as it did in its opening brief) that the Court does not want to decide admissibility of exhibits and demonstratives for openings, but Pinn's objection to Apple's core evidence—including the prior art underlying its invalidity case—is simply not reasonable.  Apple's exhibits in this motion are "dead-bang," and this motion should be granted.

## II.   ARGUMENT

### A.   Apple's Prior Art Is Admissible

#### 1.   Pinn Does Not Dispute the admissibility of Apple Bluetooth Headset, the Lydon patent, or the Kalayjian application

Pinn does not devote a single sentence in its 18-page opposition to disputing the admissibility of most of the prior art that Apple seeks to pre-admit.  Accordingly, the following exhibits should be pre-admitted so they can be shown in the opening statements:

- The 2007 iPhone Apple Bluetooth Headset (DTX-466, DTX-467, PTX-475)

- U.S. Patent No. 8,087,787 to Lydon (DTX-260, DTX-1290 (certified ribbon copy))

- U.S. Patent Application No. 2008/0125040 to Kalayjian (DTX-274)

REPLY MEMORANDUM ISO DEFENDANT APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS

Admitting the exhibits now will streamline trial and allow Apple to effectively preview its defense to the jury in its opening statement.  And, of course, Pinn can similarly show the prior art and explain why it contends the art does not invalidate the asserted claims.

## 2.    The Watson Patent Applications Are Admissible

The only prior art references Pinn expressly addresses are the Watson Patent Applications (DTX 272, 273, 311, 312) ("Watson Apps").   However, Pinn's objections go to whether the Watson Applications are prior art, not whether they are admissible, and should be overruled.

One of the central issues to this case is whether the Watson Apps predate Pinn's claims.  Pinn's opposition is based on its argument that the Watson Apps are not prior art, a substantive question the jury will decide, and not one of admissibility. (Dkt. No. 518 at 1-2 (arguing admissibility is "hotly contested" because the Watson Apps "do not predate the Pinn provisional application to which the asserted patents claim").) Pinn's objections are superficial and will not keep the Watson Apps from being presented to the jury.

First, there is no question the Watson Apps are relevant and will come into evidence.  Pinn has already conceded as much.  (Mot. at 9-10, citing Pinn counsel: "***But those are patents that for other reasons are relevant, and we're not seeking to exclude those***." Exh. 13 (February 16, 2021 Hearing Transcript at 78:22-79:1) (emphasis added).)  Pinn nevertheless objects on relevance, arguing that Apple must prove the applications are prior art before they can be admitted.  (Opp. at 10-11.)  This is wrong and puts the cart before the horse.  The Watson Apps, which were filed in June 2015, reflect Apple's work on the accused products and predate the filing of the patents in suit—which were filed in April 2016.  They are prior art unless the jury decides that Pinn is entitled to priority based on a provisional application filed in April 2015.  That is a question for the jury to decide, not an evidentiary ground on which to preclude admission of the Watson Apps.

Pinn's hearsay objection is also wrong.  Prior art patents and patent applications are not hearsay and are admissible *as a matter of course* in patent cases.  (*See* Dkt. No. 515 at 7, *citing, e.g., Freeman v. Minnesota Min. & Mfg. Co.*, 675 F. Supp. 877, 884 (D. Del. 1987).)  Apple is offering the Watson Apps to establish what the disclosures would mean to a person of ordinary skill in the art and whether that meaning anticipates or renders obvious the patents.  The jury will consider the date on the Watson Apps just as it considers the dates on the asserted patents in determining whether the Watson Apps are prior art.  This is *de rigueur* for patent cases.

Pinn also argues authenticity, but Apple clearly explained why the Watson Apps are self-authenticating, and no sponsoring witness is thus necessary (though Apple is prepared through Rob Watson to authenticate the Watson Apps).  (Dkt. No. 515 at 7.)  Pinn fails to offer any reason or authority for why Rule 902(7) or Rule 901(b)(7) do not apply.  (Dkt. No. 518 at 12.)

In short, there is no sustainable objection that stands in the way of the Watson Apps, and they should be admitted so that the jury may decide whether they are invalidating prior art.

## B.     The Pinn Product and Video Are Admissible

The Court has already decided and Pinn has already admitted that the Pinn Product is relevant to damages.  (Dkt. No. 515-1 at 11 (citing Dkt. No. 459 at 8, Dkt. No. 411 at 38, and Exh. 18).)  Pinn will ask the jury to award a reasonable royalty. *Georgia-Pacific* Factor Eight examines the commercial success of a product made under the patent.[1]  Pinn cannot hide from the fact that it has marked its product packaging and web site with the asserted '066 and '198 patents.  (Dkt. No. 515 at 10.) That the Pinn product was a commercial failure is a fact that the jury may consider in evaluating the outcome of the hypothetical negotiation and in determining commercial success for purposes of obviousness.  To imply that the Pinn product is

---

[1] *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

REPLY MEMORANDUM ISO DEFENDANT APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

not relevant because "there is no lost profits damages theory in this case" is not just off the mark, but inconsistent with Pinn's previous assertion to the Court that the Pinn product is relevant to damages.  (Dkt. No. 518 at 4.)  Pinn has already lost the issue of whether undue prejudice outweighs relevancy when Pinn lost MIL 12 seeking to preclude Apple from showing the Pinn product.  Indeed, in denying the MIL the Court found "Defendant persuasively argues that evidence of marking is relevant to commercial success, which is a factor relevant to damages as well as to validity." (Dkt. No. 411 at p. 38; Dkt. No. 515 at 11.)  Apple should be able to show the Pinn product to the jury during opening statements for the purpose of previewing its theory that Pinn's alleged inventions were not commercially successful and why that was the case.

Like the Pinn product, the Pinn video is relevant to the reasonable royalty analysis because it showcases the marked Pinn product that was ultimately a commercial failure.  Pinn's authenticity objection is not well taken.  The Court can access the video from Pinn's Kickstarter and YouTube webpages, and it features Mr. Kim himself.  Pinn characterizes the narrator's statements as inadmissible statements by a "third party."  (Dkt. No. 518 at 15.)  Not so.  The narrator is reading text created for Pinn as part of its attempt to raise money, and describes Mr. Kim *by name*, the Pinn product, and towards the end of the video urges the listener to, "***Back us now. Be the first to get your very own Pinn***."[2]  These are statements made and adopted by Pinn and its agent and are thus party admissions under FRE 801(d)(2).

## C.     The Official Video Trailer: Apple AirPods Is Admissible

Pinn's objections on relevance and hearsay should be overruled.  Pinn admits that the Apple video is relevant to the extent to which Apple has made use of the patented invention under *Georgia-Pacific* Factor Number 11.  (Dkt No. 518 at 16.) Apple also showed in its opening brief that the video highlights many non-patented

---

[2] https://www.kickstarter.com/projects/906938906/pinn-all-in-one-handsfree-device. Last accessed on March 9, 2022.

REPLY MEMORANDUM ISO DEFENDANT APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

features, which is relevant to *Georgia-Pacific* Factor Number 13.  (Dkt. No. 515 at 15.)   Pinn does not dispute that the video trailer falls into the business records exception to the hearsay rule.   The video comprises a single narrator making statements about the AirPods.  Pinn is simply wrong in its assertion that the video contains hearsay within hearsay.  Since the parties agree on its relevance, Apple need not have to wait for a damages expert to testify to introduce the Apple video into evidence as Pinn insists.  (Dkt. No. 518 at 16.)  Apple requests that the Court admit the video over Pinn's meritless relevance and hearsay objections.

### D.    Pinn's Exhibits

Pinn concludes its opposition by asking the Court for admission of a number of Pinn exhibits without any attempt to justify admission or address evidentiary objections for these exhibits.  If Pinn wished to obtain pre-admission of these exhibits, it should have filed its own motion.  The fact it did not reveals Pinn's goal with these exhibits: to complicate this issue for the Court and divert attention away from the key exhibits Apple raised in its motion.  Moreover, Pinn includes clearly problematic evidence—a couple examples are the photograph of Apple's headquarters and dozens of requests for admission that Apple has not agreed to pre-admit.  *See* L.R. 16-2.2 (stating that a "stipulation to the existence of a fact does not, unless expressly stated, stipulate to its admissibility in evidence").   Moreover, during the meet and confer before this motion was filed, Pinn did not inform Apple that it would ask the Court to pre-admit many of its own exhibits.  Pinn should not be allowed to hijack this motion with its late and improper request and derail consideration of Apple's request.

## III.    APPLE HAD NO CHOICE BUT TO BRING THIS MOTION

Pinn asserts that Apple has not negotiated in good faith and that Apple is disregarding the Court's express directive by bringing this motion.  Neither assertion is true.  As Apple explained in its accompanying *ex parte* application, Dkt. No. 514, the parties had been negotiating the preadmission of exhibits for months, mindful of the Court's admonition for the parties to work it out themselves.  Unfortunately, Pinn

made it clear it would refuse to pre-admit Apple's most important exhibits—its prior art.  Apple could not agree to pre-admit Pinn's exhibits (including the long list of exhibits it now asks the Court to preadmit), but be left without preadmission of its own prior art and other key exhibits that the parties had been discussing.  That would prejudice Apple in two ways: by precluding Apple from showing exhibits in its opening, and by requiring Apple to take valuable time in trial to admit exhibits, time that Pinn would not have to spend.

Pinn says that Apple walked away from the negotiating table to bring this motion, but trial is imminent and Pinn had made clear it would not agree to pre-admit Apple's prior art.  Indeed, as explained in Apple's *ex parte* application, after Mr. Keyzer had asked the parties to submit a chart on preadmitted exhibits "with input from Pinn," instead of inserting its portions into a chart that Apple circulated, Pinn instead emailed Mr. Keyzer on its own with a list of exhibits—none of the exhibits Apple seeks to pre-admit by this motion were mentioned in that email.  (Dkt. No. 514 at 4 (citing Exh. 5).)  Because Apple could not wait for trial to get these issues resolved, counsel met and conferred and filed this motion.

## IV.    CONCLUSION

Apple respectfully requests that the Court grant Apple's motion and pre-admit certain exhibits contained therein.

REPLY MEMORANDUM ISO DEFENDANT APPLE INC.'S MOTION TO PRE-ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE

1   Dated:  March 10, 2022        FISH & RICHARDSON P.C.

2

3                          By: */s/ Seth M. Sproul*

                               Christopher S. Marchese (SBN 170239)

4                                marchese@fr.com

                               FISH & RICHARDSON P.C.

5                                633 West Fifth Street, 26th Floor

                               Los Angeles, CA 90071

6                                Tel: (213) 533-4240

7                                Fax: (858) 678-5099

8                                Seth M. Sproul (SBN 217711)

                               sproul@fr.com

9                                John W. Thornburgh (SBN 154627)

                               thornburgh@fr.com

10                               FISH & RICHARDSON P.C.

11                               12860 El Camino Real, Suite 400

                              San Diego, CA 92130

12                               Tel: (858) 678-5070

                              Fax: (858) 678-5099

13

14                               Joy B. Kete *(pro hac vice)*

                              kete@fr.com

15                               FISH & RICHARDSON P.C.

16                               One Marina Park

                              Boston, MA 02210

17                               Tel: 617-542-5070

                              Fax: 617-542-8906

18

19                               Karrie E. Wheatley (*pro hac vice*)

                              wheatley@fr.com

20                               FISH & RICHARDSON P.C.

                              1221 McKinney St., Suite 2800

21                               Houston, TX 77010

22                  Attorneys for Defendant APPLE INC.

23

24

25

26

27

28

REPLY MEMORANDUM ISO DEFENDANT APPLE INC.'S MOTION TO PRE-
ADMIT CERTAIN TRIAL EXHIBITS
Case No. 8:19-cv-1805-DOC-JDE