Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PINN'S OBJECTION TO DKT. 520**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Technical Special Master: David Keyzer |

DEFENDANT APPLE INC.'S RESPONSE TO PINN'S OBJECTION TO DKT. 520
Case No. 8:19-cv-1805-DOC-JDE

1      Apple files this brief response to Pinn's Objections (Dkt. No. 521). The Court in Dkt. No. 520 referred to the Special Master (1) issues concerning remote witness testimony and (2) the handful of exhibits Apple identified in its recently filed motion for preadmission of those exhibts. Apple has no objection to this referral, but Pinn objects and argues that the Special Master must also address preadmission of ***30 exhibits and 44 requests for admissions*** that Pinn raised in its opposition brief, without any argument concerning their admissibility. Pinn thus submits that the Special Master should be appointed subject to these "conditions" in its Objection. Apple submits that Pinn's objection is unfounded and that the referral to the Special Master in Dkt. No. 521 should stand as is.

     Pinn's demand that the Special Master resolve the requests for preadmission that Pinn raised in its opposition was merely a reactive move by Pinn—the Special Master need not consider Pinn's requests as a precondition to determining Apple's request. First, Apple moved the court and set forth affirmative grounds for admission over Pinn's evidentiary objections. Pinn did no such thing, instead simply throwing in a long list of exhibits that it would like to have admitted if Apple's exhibits were admitted. As stated above, this list contains numerous exhibits and requests for admission that Pinn wants the Special Master to resolve. And unlike Pinn's long list, Apple only submitted what it submits are "dead-bang" exhibits. Second, Pinn fails to inform the Court that most of Pinn's exhibits and requests for admission were part of a negotiation between the parties on preadmission regarding a large set of exhibits that included numerous exhibits Apple was seeking to pre-admit beyond those in Apple's motion. The negotiation fell apart mainly because Pinn refused to agree on the exhibits in Apple's motion. Pinn should not be permitted to inject a large number of exhibits and requests for admission into this process. Pinn's failure to follow protocol and file its own motion should not be a precondition to resolving Apple's request.

1    Pinn argues that the Special Master needs more authority to resolve the issues
2    of admissibility raised by Apple. Pinn seems to suggest, but does not ask, that the
3    Special Master be given authority to rule on jury instructions related to the Watson
4    patents. The parties have briefed, in consult with the Special Master, all the jury
5    instruction disputes (greatly limiting the number of disputes in the process). The
6    Court heard oral argument on these issues in September 2021. There is nothing left
7    for the Special Master to do at this time. Pinn's request is also wrong because jury
8    instructions do not need to be resolved before admissibility of Apple's prior art can
9    be determined. The parties' respective jury instructions related to the priority issue
10   <u>both</u> contemplate that the Watson prior art will be a live issue for the jury. Pinn's
11   assertion that admissibility of the Watson art turns on the "applicable legal standard
12   and burden" (pages 1-2) does not change that fact. In addition, the admissibility of
13   the Watson patents is fully briefed as part of Apple's request to pre-admit exhibits.

14   Finally, Pinn argues that the Special Master be given deadlines to resolve issues
15   prior to trial. Apple does not object to deadlines for resolving disputes, but Apple
16   believes this is critical only if the trial is proceeding on March 22.

| | | |
|---|---|---|
| 1 | Dated: March 15, 2022 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Seth M. Sproul* |
| | | Christopher S. Marchese (SBN 170239) |
| 4 | | marchese@fr.com |
| | | FISH & RICHARDSON P.C. |
| 5 | | 633 West Fifth Street, 26th Floor |
| | | Los Angeles, CA 90071 |
| 6 | | Tel: (213) 533-4240 |
| 7 | | Fax: (858) 678-5099 |
| 8 | | Seth M. Sproul (SBN 217711) |
| | | sproul@fr.com |
| 9 | | John W. Thornburgh (SBN 154627) |
| | | thornburgh@fr.com |
| 10 | | FISH & RICHARDSON P.C. |
| | | 12860 El Camino Real, Suite 400 |
| 11 | | San Diego, CA 92130 |
| 12 | | Tel: (858) 678-5070 |
| | | Fax: (858) 678-5099 |
| 13 | | |
| 14 | | Joy B. Kete *(pro hac vice)* |
| | | kete@fr.com |
| 15 | | FISH & RICHARDSON P.C. |
| | | One Marina Park |
| 16 | | Boston, MA 02210 |
| | | Tel: 617-542-5070 |
| 17 | | Fax: 617-542-8906 |
| 18 | | |
| | | Karrie E. Wheatley (*pro hac vice*) |
| 19 | | wheatley@fr.com |
| | | FISH & RICHARDSON P.C. |
| 20 | | 1221 McKinney St., Suite 2800 |
| 21 | | Houston, TX 77010 |
| 22 | | Attorneys for Defendant APPLE INC. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28