UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-01805-DOC-JDE          Date: March 16, 2022

Title: PINN, INC. V. APPLE INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER ON PROPOSED JURY INSTRUCTIONS [471] AND VERDICT FORMS [472, 473]**

Before the Court are the parties' September 7, 2021 Proposed Jury Instructions ("Jury Instructions") (Dkt. 471), Plaintiff Pinn Inc.'s ("Plaintiff" or "Pinn") Proposed Verdict Form ("Pl. Verdict") (Dkt. 472), and Defendant Apple Inc.'s ("Defendant" or "Apple") Proposed Verdict Form ("Def. Verdict") (Dkt. 473) and the September 9, 2021 Supplemental Proposed Jury Instructions and Verdict Form Questions ("Supplement") (Dkt. 478). The Court also heard oral arguments on September 9–10, 2021.

**I.    Effective Filing Date**

The Court hereby **ADOPTS** Pinn's proposal that Apple bears the burden of proving, by clear and convincing evidence, that the patents-in-suit are *not* entitled to the benefit of the filing date of the provisional patent application.

The Federal Circuit has characterized the patentee's burden regarding the effective filing date as a burden of production, not an ultimate burden of persuasion. *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327–28 (Fed. Cir. 2008). The *D Three* case cited by Apple does not hold otherwise. *See D Three Enters., LLC v. SunModo*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE                      Date: March 16, 2022

Page 2

*Corp.*, 890 F.3d 1042, 1049 (Fed. Cir. 2018). Indeed, the district court in *D Three* cited *Tech. Licensing* (cited above), explaining that although the patentee has a burden of production, the burden of persuasion remains on the challenger. *See D Three Enters., LLC v. Rillito River Solar LLC*, No. 15–CV–1148–CBS, No. 15-CV-1151-CBS, 2017 WL 1023389, at *5 (D. Colo. Mar. 15, 2017).

      That is, Pinn has a burden to produce evidence that raises genuine issues of material fact as to whether Apple can meet its burden to prove, by clear and convincing evidence, that the patents-in-suit are not entitled to the benefit of the earlier filing date. *See id.* Because Pinn's burden on this issue is only a burden of production, the jury should *not* be instructed on this burden. If Apple believes at trial that Pinn has failed to meet its burden of production, Apple can raise a motion under Federal Rule of Civil Procedure 50 at an appropriate time.

      The Court therefore hereby **REJECTS** Apple's proposal that Pinn has a burden of proving, by a preponderance of the evidence, that the patents-in-suit are entitled to the benefit of the filing date of the provisional patent application.

      Because Apple's burden on this effective filing date issue is *part of* its burden to prove invalidity, the Court hereby **REJECTS** Pinn's proposal of a verdict question on the effective filing date issue (which Pinn has titled "Written Description," *see* Pl. Verdict at 7.). The *In re Owens* case and other cases cited by Pinn at the September 10, 2021 status conference do not compel otherwise in light of the other Federal Circuit decisions cited above. *See In re Owens*, 710 F.3d 1362, 1366 (Fed. Cir. 2013).

      The Court, however, hereby **ADOPTS** Apple's proposal of language that is based on *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1571–72 (Fed. Cir. 1997). Specifically, the portion of Apple's proposal that the Court hereby expressly adopts is as follows:

When considering whether the provisional application satisfies the written description requirement, it is the disclosure of the application that counts. Entitlement to a filing date does not extend to subject matter which is not disclosed but would be obvious over what is disclosed. While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE                                      Date: March 16, 2022

Page 3

Supplement at 11.

      This language explains that entitlement to an earlier effective filing date extends only to subject matter that was actually disclosed in the earlier application (not subject matter that would have merely been obvious over what was disclosed). *Id.* The Federal Circuit has reaffirmed this principle. *See, e.g., PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008). Apple's proposed language in this regard will assist the jury in understanding how to determine the effective filing date.

      The Court hereby expressly **REJECTS** Pinn's proposal of adding (to the end of the above-discussed *Lockwood* language) the following statement: "However, the patentee need not disclose or describe that which is already well known in the prior art." *See* Supplement at 4. This proposed additional sentence does not find a solid basis in the *Lockwood* decision, would tend to confuse rather than assist the jury, and may indeed be read as contrary to the above-cited principle in *Lockwood* that entitlement to an earlier effective filing date extends only to subject matter that was *actually disclosed* in the earlier application. *See* 107 F.3d at 1571–72.

      The Court also hereby **REJECTS** Pinn's proposal of referring to the American patent system as a "first-inventor-to-file" system. Supplement at 4. This is a shorthand used by lawyers and might confuse and mislead the jury. The relevant law is set forth elsewhere in instructions.

      Finally, the Court hereby **REJECTS** Pinn's proposed *preliminary* instruction titled "Effective Filing Date" and thus **SUSTAINS** Apple's objection to providing the jury with a *preliminary* instruction on effective filing date. *See* Supplement at 4–6.

      Nonetheless, the Court hereby **ORDERS** adding the following to the end of the third paragraph of the proposed preliminary instruction titled "Summary of Contentions," *see* Jury Instructions at 12 (Pinn's proposed instruction), 14 (Apple's proposed instruction)): "Also, the parties disagree regarding the effective filing date of the Asserted Claims. This may affect what qualifies as prior art in this case." The parties reached agreement to include this language in their proposed preliminary and final instructions titled "Effective Filing Date," as reflected in the parties' September 9, 2021 Supplemental Proposed Jury Instructions. *See* Supplement at 4, 7, 8, 11. Removing the separate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE                               Date: March 16, 2022

Page 4

preliminary instruction on "Effective Filing Date," and instead including this brief agreed-upon language in the preliminary summary of contentions, will streamline the preliminary instructions and reduce the potential for jury confusion.

## II.     Juror Notebooks

The Court hereby **ADOPTS** Pinn's proposal of providing the jurors with a chart of the Court's claim constructions at the start of trial, to assist the jurors in understanding the testimony of the parties' technical experts.

The Court hereby **REJECTS** Pinn's proposal of a glossary of patent terms and a list of Apple product numbers. The glossary would be redundant with other instructions and would risk confusion, and there are only a few product numbers for jurors to note.

## III.    Eligible Subject Matter

Title 35 U.S.C. § 101 limits what type of subject matter is eligible to be patented. "Because patent protection does not extend to claims that monopolize the 'building blocks of human ingenuity,' claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible." *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1366 (Fed. Cir. 2018) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014)).

Although Apple's technical expert, Dr. Jonathan Wells, addressed this issue in his expert report, *see* Aug. 14, 2020 Opening Expert Report of Jonathan Wells ¶¶ 572–74, Apple did *not* adequately raise this issue in the Proposed Final Pretrial Conference Order, *see* Dkt. 350-1. Apple first presented an instruction and verdict question on this issue on August 27, 2021, in an informal submission to the Technical Special Master, prior to formally filing proposed jury instructions on September 7, 2021. *See* Jury Instructions at 76–77; *see also* Def. Verdict at 10. The Court finds that Apple's request for a jury instruction on this issue is untimely.

Moreover, even if this issue were found to have been timely raised, eligibility can be considered in a bench proceeding and does not require any finding by the jury.

The Court hereby **REJECTS** Apple's proposed jury instruction on "Eligible Subject Matter" and Apple's proposed verdict form question on "Eligibility."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE                        Date: March 16, 2022

Page 5

### IV. Other Issues

On the proposed final instruction titled "Anticipation," the Court hereby **REJECTS** Pinn's proposal that would require Apple to fill in all of its asserted prior art at this time. *See* Jury Instructions at 67. The parties should finalize their proposal for this jury instruction during trial based on whatever prior art Apple actually presents.

The Court hereby **REJECTS** Pinn's proposed final instruction titled "Amending Claims During Patent Prosecution." Supplement at 14. At the status conference on September 10, 2021, the parties reached agreement that instead of this final instruction proposed by Pinn, the preliminary instruction titled "What a Patent Is and How One Is Obtained" should be modified so as to explain that claims may be cancelled during patent prosecution. That is, this preliminary instruction will state (agreed-upon addition underlined): ". . . the applicant also has an opportunity to change the claims<u>, or to cancel the claims,</u> or to submit new claims." *See* Jury Instructions at 5.

The Court hereby **REJECTS** Apple's proposed final instruction titled "Ownership." The Court maintains its *in limine* ruling that issues of ownership will not be presented to the jury. *See* July 14, 2021 Order (Dkt. 459) at 18. Apple submits that it is only proposing this instruction to preserve the record. Jury Instructions at 78; *see id.* at n.13.

The Court hereby **ADOPTS** Apple's version of the final instruction titled "Reasonable Royalty—Availability of Substitutes" because Apple's proposal follows a model instruction, and Pinn does not persuasively justify its proposal to modify the model instruction by removing the phrase "that is licensed under the patent." *See* Jury Instructions at 89–90. Any dispute regarding whether a potential substitute is "licensed" is a separate dispute that should not affect the jury instruction.

Finally, on the preliminary instruction titled "Summary of Contentions," the Court hereby **REJECTS** Pinn's proposal of "Pinn is seeking damages from Apple in the form of a per-unit royalty for allegedly infringing units sold by Apple through today's date." Jury Instructions at 12. The opening statements and expert testimony will provide better context for what damages Pinn is seeking.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE              Date: March 16, 2022

Page 6

**V.      Disposition**

The Court hereby **ORDERS** the parties to jointly file, on the Court's docket, a revised set of proposed jury instructions and a revised proposed verdict form that comply with the Court's rulings as set forth above **no later than March 18, 2022, at 12:00 P.M.** Immediately upon filing, the parties shall also submit their proposed jury instructions (in Microsoft Word format) to the Technical Special Master by e-mail and to the Court at DOC_Chambers@cacd.uscourts.gov.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kdu

CIVIL-GEN