# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE            Date: March 16, 2022

Title: PINN, INC. V. APPLE INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER OVERRULING PLAINTIFF'S OBJECTIONS [521]**

      Before the Court is Plaintiff Pinn, Inc.'s Objection ("Pl. Obj.") (Dkt. 521) to the Court's March 11, 2022 Order Referring Disputes and Motion to Pre-Admit Certain Trial Exhibits to Technical Special Master ("Order") (Dkt. 520). In that Order, the Court referred, to the Technical Special Master, the Motion to Pre-Admit Certain Trial Exhibits (Dkt. 515) filed by Defendant Apple Inc. This Order also referred various disputes regarding requests for remote trial testimony accommodations pursuant to Federal Rule of Civil Procedure 43(a), *see* Order at 1, and neither side objects to that portion of the referral.

      Plaintiff's primary objection is that the Court referred Defendant's motion regarding pre-admission of trial exhibits without also giving the Technical Special Master authority to pre-admit trial exhibits offered by Plaintiff. *See* Pl. Obj. at 1. Moreover, Plaintiff argues that the Technical Special Master cannot adequately address the disputes regarding pre-admission of trial exhibits without also being granted authority to resolve certain remaining disputes regarding jury instructions. *Id*. at 1-2. Finally, Plaintiff objects that the Court's referral order "does not address the making of a record or timing and

standards for reviewing the [Technical Special Master's] orders, findings, and recommendations." *Id*. at 3.

Defendant responds that it has no objection to the manner of the referral, that the referral plainly relates to the specific motion that Defendant has filed, and that the Technical Special Master needs no additional authority to be able to fully resolve that motion. Defendant's Response ("Def. Resp.") (Dkt. 522) at 1-2. Defendant maintains that this is true regardless of Plaintiff's suggestion, in its Opposition to Defendant's Motion for Pre-Admission (Dkt. 518), that if the Court pre-admits any of Defendant's proposed trial exhibits, then the Court should also pre-admit various trial exhibits proposed by Plaintiff. *Id*. at 1. Defendant argues that Plaintiff has not supported pre-admission of those exhibits identified in Plaintiff's opposition brief and, again, Defendant emphasizes that Plaintiff has not filed any motion to pre-admit any trial exhibits. *Id*.

The Court agrees with Defendant that Plaintiff's objection lacks merit. The Court referred Defendant's Motion to Pre-Admit Certain Trial Exhibits to the Technical Special Master for entry of an order resolving that motion. Plaintiff has filed no similar motion. Further, Plaintiff does not persuasively show that any additional grant of authority is necessary for the Technical Special Master to be able to fully resolve Defendant's Motion.

As to Plaintiff's objection that the Court should set forth the manner and timing for action by the Technical Special Master, the parties shall communicate with the Technical Special Master to facilitate resolution of Defendant's motion (as well as the other referred disputes) prior to trial unless the Court directs otherwise. Further, no special instructions are necessary for the Technical Special Master to determine how to create an appropriate record of the resolution of Defendant's motion and the other referred disputes. Finally, Federal Rule of Civil Procedure 53(f) provides sufficient clarity regarding the applicable standards of review, and the Court declines to speculate regarding the nature of every possible aspect of anticipated rulings by the Technical Special Master. Plaintiff's request for a hearing regarding any objections to the anticipated rulings by the Technical Special Master, Pl. Obj. at 2, is premature but is noted.

Based on all of the foregoing, Plaintiff's Objection is hereby **OVERRULED**.

Initials of Deputy Clerk: kdu