DAVID KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC., | ) |
| | ) Case No. 8:19-CV-01805-DOC-JDE |
| Plaintiff, | ) Hon. David O. Carter |
| | ) |
| v. | ) |
| | ) **TECHNICAL SPECIAL MASTER** |
| APPLE INC., | ) |
| | ) **ORDER No. TSM-15** |
| Defendant. | ) |
| | ) |
| | ) |

Pursuant to authority provided by the January 25, 2021 Second Amended Order Appointing Technical Special Master (Dkt. No. 379) and the March 11, 2022 Order Referring Disputes and Motion to Pre-Admit Certain Trial Exhibits [515] to Technical Special Master (Dkt. 520), the Technical Special Master conducted a hearing on

TECHNICAL SPECIAL MASTER ORDER No. TSM-15 - 1

Defendant's Motion to Pre-Admit Certain Trial Exhibits (Dkt. 515) on March 16, 2022. (*See* Dkt. 528.)

For the reasons set forth herein, Defendant's motion is GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

This case arises out of a patent dispute between Plaintiff Pinn, Inc. ("Plaintiff" or "Pinn") and Defendant Apple Inc. ("Defendant" of "Apple"). Plaintiff has asserted United States Patents No. 9,807,491 ("the '491 Patent"), 10,455,066 ("the '066 Patent"), and 10,609,198 ("the '198 Patent") against Defendant. (*See generally* Dkt. 93, Second Amended Complaint.) The remaining asserted patents are the '066 Patent and the '198 Patent. (Dkt. 525, Mar. 15, 2022 Joint Statement of the Case.)

Before the Technical Special Master are Defendant's Motion to Pre-Admit Certain Trial Exhibits (Dkt. 515) ("Motion" or "Mot."), Plaintiff's response (Dkt. 518) ("Response" or "Resp."), and Defendant's reply (Dkt. 519) ("Reply"). The Technical Special Master held a hearing on March 16, 2022. (*See* Dkt. 528.)

## II. DISCUSSION

At the beginning of the March 16, 2022 hearing, the parties read into the record various agreements, regarding pre-admission of trial exhibits, that the parties reached after the filing of Defendant's Motion and prior to the start of the hearing. The Technical

Special Master understands that counsel intend to file a joint stipulation or joint motion for pre-admission of those exhibits.

Among those exhibits that are now subject to agreements between the parties regarding pre-admission are DTX-70 (physical exhibit of Plaintiff's "Pinn" product),[1] DTX-260 (Lydon), DTX-274 (Kalayjian), DTX-466, -467 (2007 Bluetooth Headset), and DTX-910 (Apple Promotional Video), which were addressed in Defendant's Motion but are thus no longer in dispute.

**A.  The Watson Patent Publications**

DTX-272, -273, -311, and -312 relate to "two provisional patent applications [filed] on June 5, 2015": "Provisional Application No. 62/171,338 (DTX-272) led to Application No. 15/172,070 that published as U.S. Patent Application No. 2016/0357510 A1 on December 8, 2016 (DTX-311).  Provisional Application No. 62/171,376 (DTX-273) led to Application No. 15/171,310 that also published on December 8, 2016 as U.S. Patent Application No. 2016/0360350 (DTX-312)."  (Mot. at 6)  These references are attached to Defendant's Motion as Exhibits 8–11 and are sometimes referred to as the "Watson Patent Applications," "Watson Patent Publications," "Watson References," or simply as "Watson."

---

[1] The parenthetical descriptions of the exhibits are a shorthand of the Technical Special Master's own devise to assist the reader and are not intended to be of any other effect.

1    Defendant argues that the authenticity of the Watson Patent Publications is not in

2 question, that the Watson Patent Publications are offered to show their filing dates and

3 their "technological disclosure" (not the truth of the matter asserted), and Defendant

4 states it "will establish through documents and expert testimony that [the Watson Patent

5 Publications] predate the Pinn patents, and thus invalidate them." (Mot. at 7–9.)

6    Defendant also notes that "the Court stated 'it anticipates allowing Defendant to

7 present evidence of . . . the 'Watson' patents such as United States Patents No.

8 10,070,212, 10,219,062, and 10,524,037.' Dkt. No. 459 at p. 7. Apple submits that this

9 indicates the Court anticipates allowing not just the listed patents, but also the underlying

10 applications." (Mot. at 9.)

11    Defendant concludes that "[p]ut simply, Pinn's attempt to prevent the jury from

12 seeing critical prior art in the opening statement is meritless and should be overruled."

13 (*Id.* at 10.)

14    Plaintiff responds: "The Watson Patent Applications must qualify as prior art first

15 before they can invalidate Pinn's patents. To establish that they qualify as prior art,

16 Apple must show that Pinn's patents are not entitled to the April 3, 2015, priority date.

17 Lack of entitlement to the asserted priority date is a fact issue that Apple must prove by

18 clear and convincing evidence." (Resp. at 11 (citation omitted).)

19    Plaintiff concludes: "Pinn is prepared to discuss the priority issue during its

20 opening statement ('The evidence will show . . .') but views the Court's instruction as a

clear prohibition against [Defendant] pounding its fist and demanding the right to preview that exhibit to the jury during opening statements. The purpose of opening statements is simply to preview the evidence, not to present it or to argue its merits. Previewing patent applications that are not prior art would cause confusion that cannot be cured by instructions later." (*Id.* at 13.)

Defendant replies that "there is no question the Watson [Patent Applications] are relevant and will come into evidence," and "Pinn's objections go to whether the Watson Applications are prior art, not whether they are admissible, and should be overruled." (Reply at 2.)

The Technical Special Master heeds the letter and spirit of the Court's instructions at the September 10, 2022 status conference that, as a general matter, only agreed-upon pre-admitted exhibits can be shown to the jury during opening statements. The Technical Special Master understands this to mean that in the absence of agreement, opening statements may discuss what the evidence will show but, as a general rule, counsel may not actually show that evidence to the jury during opening because that evidence has not yet been received. The Court did, however, state that "dead bang" exhibits could be pre-admitted and used during opening statements.

The Watson Patent Publications are not so-called "dead bang" exhibits for purposes of pre-admission for opening statements. As Plaintiff argued at the March 16, 2022 hearing, the Watson Patent Publications are "conditional prior art" in the sense that

they are only prior art if the jury finds that the patents-in-suit are not entitled to the effective filing date of Plaintiff's provisional patent application.  Plaintiff expressed concern that, during opening statement, Defendant will show the jury a series of prior art references dated in or around 2007 (which the parties now agree can be pre-admitted) and then immediately show the jury the Watson Patent Publications, which are dated about seven years later and which are prior art only if the jury finds against Plaintiff on the effective filing date issue.

The Technical Special Master agrees with Plaintiff that showing the Watson Patent Publications to the jury during opening statements presents a high risk of jury confusion and potential unfair prejudice as contrasted with how this evidence would be presented to the jury as part of the examination of a witness.  The issue of whether the Watson Patent Publications are prior art is expected to be a central issue at trial, is hotly contested, and will require the jury to apply detailed final jury instructions on the issue during deliberations.  (*See, e.g.*, Dkt. 478 (supplemental proposed jury instructions); Dkt. 526, Mar. 16, 2022 Order (resolving various disputes regarding jury instructions, including as to jury instructions regarding effective filing date); *id.* at 3 (adopting agreed-upon language for preliminary instruction titled "Summary of Contentions" including: "Also, the parties disagree regarding the effective filing date of the Asserted Claims.  This may affect what qualifies as prior art in this case."; rejecting Plaintiff's proposal of a separate preliminary jury instruction regarding effective filing date).)

1   Defendant's request for pre-admission of DTX-272, -273, -311, -312 (Watson

2   Patent Publications) should therefore be denied.

3   **B. The Pinn "Kickstarter" Video**

4   DTX-1212 is a promotional video used by Plaintiff as part of a "Kickstarter"

5   campaign to raise funds to market and sell Plaintiff's "Pinn" product. (Mot. at 12.)

6   Defendant argues that "[t]he jury should have the benefit of seeing the Pinn

7   product and the related video in Apple's opening statement before hearing Pinn's

8   damages expert testify that, assuming the Pinn patents are valid and infringed, the jury

9   should award Pinn tens of millions of dollars in damages." (*Id.*)

10  Defendant submits that Plaintiff objects based on Rules 402, 403, 802, 805, 901,

11  and based on a motion in limine ruling.

12  Defendant argues that "[t]he way Pinn marketed and sold its product is also

13  relevant to Pinn's understanding of its device, especially vis-à-vis other products such as

14  the Apple AirPods, which Mr. Kim has said destroyed his market." (Mot. at 12 (citations

15  omitted).) Defendant also argues that "[t]he relevance of Pinn's statements about its own

16  product outweighs any potential prejudice, and Pinn has not articulated any reason why

17  this video is unfairly prejudicial." (*Id.* at 13 (citation omitted).) Further, Defendant

18  argues that "[t]he statements by Pinn in an official video advertising its product—

19  a video that features Mr. Kim (the CEO of Pinn) in a primary role—are admissible as

20

an opposing party's statement under Rule 801(d)(2)," and "[i]t is what Apple purports it to be, a video made by Pinn to advertise the Pinn product." (*Id.* at 13–14.) Finally, Defendant submits: "Pinn objects under MIL 8, which is the MIL that resulted in the limiting instruction: 'The jury shall not compare the accused AirPods products to the Pinn product for purposes of infringement or validity.' Dkt. No. 459 at 7. The purpose of the limiting instruction was to allow Apple to show the jury the Pinn device and related evidence such as the video." (Mot. at 14.)

Plaintiff responds:

> Apple's Motion confirms Pinn's original instincts and concerns – namely, that Apple seeks to improperly compare the two products for purposes of infringement or validity. The Pinn [Kickstarter] video is not relevant for either side on the contested issues of infringement and invalidity. Nevertheless, Apple argues that the Pinn video is relevant on the issue of damages, because "Pinn's product was a commercial failure." But again, there is no evidence – from either side – that the Pinn product practices one of the three asserted claims to be litigated at trial. Premature presentation of the Pinn video – before Apple has established that the Pinn product actually practices an asserted claim – would be unduly prejudicial and confusing, because the jury may believe (and Apple hopes the jury will believe) that "the Pinn Product" is shorthand for "the patented inventions."

(Resp. at 15.)

Defendant replies that "[l]ike the Pinn product, the Pinn video is relevant to the reasonable royalty analysis because it showcases the marked Pinn product that was ultimately a commercial failure." (Reply at 4.)

1    The Technical Special Master agrees with Plaintiff that allowing pre-admission of
2    the Kickstarter video would present a high risk of jury confusion during opening
3    statements.   In particular, presenting the Kickstarter video would greatly increase the risk
4    that the jury might improperly compare Plaintiff's product to Defendant's product (or
5    otherwise improperly presume that Plaintiff's product is "the invention," so to speak)
6    without the benefit of context, of cross-examination, and of the agreed-upon limiting
7    instruction (*see* Dkt. 459 at 7 ("The jury shall not compare the accused AirPods products
8    to the Pinn Product for purposes of infringement or validity")).  The Technical Special
9    Master believes that this is the type of evidence that the Court, at the September 10, 2022
10   status conference, cautioned would not be allowed during opening statements unless
11   agreed upon by the parties.
12       Defendant's request to pre-admit DTX-1212 (Pinn "Kickstarter" Video) should
13   therefore be denied.

### III.  DISPOSITION

Based on the foregoing, Defendant's Motion to Pre-Admit Certain Trial Exhibits (Dkt. **515**) is hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth in the following chart:

| Exhibit Number (with brief description in parenthetical)[2] | Technical Special Master Ruling on Defendant's Request for Pre-Admission |
|---|---|
| DTX-70 (Pinn Product)<br>DTX-260 (Lydon)<br>DTX-274 (Kalayjian)<br>DTX-466, -467 (2007 Bluetooth Headset)<br>DTX-910 (Apple Promotional Video) | Granted,<br>as now agreed upon between the parties |
| DTX-272, -273, -311, -312 (Watson) | Denied |
| DTX-1212 (Pinn "Kickstarter" Video) | Denied |

The Technical Special Master notes that the denials set forth above are denials of Defendant's requests for pre-admission (whereby Defendant seeks an ability to use these exhibits during opening statement). In denying Defendant's requests for pre-admission, the Technical Special Master does not purport to rule on the admissibility of these exhibits at trial in general.

IT IS SO ORDERED.

Dated: March 17, 2022        By: /s/ David Keyzer
                                 David Keyzer
                                 Technical Special Master

---

[2] The parenthetical descriptions of the exhibits are a shorthand of the Technical Special Master's own devise to assist the reader and are not intended to be of any other effect.