| | |
|---|---|
| Ryan E. Hatch (SBN 235577)<br>ryan@hatchlaw.com<br>LAW OFFICE OF RYAN E. HATCH, P.C.<br>13323 Washington Blvd., Suite 100<br>Los Angeles, CA 90066<br>Tel: 310-279-5079 | Christopher S. Marchese (SBN 170239)<br>marchese@fr.com<br>FISH & RICHARDSON P.C.<br>633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 533-4240 / Fax: (858) 678-5099 |
| David A. Skeels (*pro hac vice*)<br>dskeels@whitakerchalk.com<br>WHITAKER CHALK SWINDLE & SCHWARTZ PLLC<br>301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102<br>Tel: 817-878-0500 | Seth M. Sproul (SBN 217711)<br>sproul@fr.com<br>John W. Thornburgh (SBN 154627)<br>thornburgh@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Tel: (858) 678-5070 / Fax: (858) 678-5099 |
| Cabrach J. Connor (*pro hac vice*)<br>cab@clands.com<br>Jennifer Tatum Lee (*pro hac vice*)<br>jennifer@clands.com<br>CONNOR LEE & SHUMAKER PLLC<br>609 Castle Ridge Road, Suite 450<br>Austin, Texas 78746<br>Tel: 512-777-1254 | Joy B. Kete *(pro hac vice)*<br>kete@fr.com<br>FISH & RICHARDSON P.C.<br>One Marina Park<br>Boston, MA 02210<br>Tel: 617-542-5070 / Fax: 617-542-8906 |
| Attorneys for Plaintiff PINN, INC. | Attorneys for Defendant APPLE INC. |

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**JOINT STIPULATION REGARDING REMOTE TRIAL TESTIMONY PROTOCOL**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Technical Special Master: David Keyzer |

JOINT STIPULATION REGARDING REMOTE TRIAL TESTIMONY PROTOCOL

1. The Technical Special Master Order No. TSM-14 found that:
   (a) For reasons set forth in TSM-14 Apple has satisfied the "good cause" requirement under Federal Rule of Civil Procedure 43(a) for Ms. Jayna Whitt to testify remotely;
   (b) Apple's remote witness(es) will testify from an Apple facility;
   (c) Apple's remote witness(es) shall use a standard deposition lighting package;
   (d) Should one of Pinn's witnesses unexpectedly needs to testify remotely, that witness would be required to use the same lighting package that will be used for Apple's witness(es)

The parties stipulate to the following remote trial testimony protocol:

- Apple witnesses will appear and testify remotely from a conference room at Apple's office in Cupertino, California.  The testimony will occur at or near 10725 N. De Anza Blvd (depending on the trial date).  The background behind the testifying witness will be a plain white or solid background substantially similar to a standard "pop-up" background used when videotaping deposition testimony.

- There will not be any communication devices (such as cellphones) available to the witnesses during their testimony other than the laptops/tablets discussed in this protocol.  Additionally, no messaging or chat features will be available to the witness.

- Personnel from a court reporting firm selected by Pinn will be present for witness testimony at Apple to monitor compliance with the protocol and to set up the background, video and lighting and handle the exhibits.  This cost will be split 50/50 by the parties.

- Personnel from an Apple vendor will also be present for witness testimony at Apple to provide technical support and will remain outside the conference room while the witness is testifying. Apple will pay this cost.

- For all visitors to Apple, including third-parties, Apple will require compliance with its guest policy. At this time, that policy requires proof of vaccination status and a negative COVID test. It also requires visitors to complete and pass a health screening questionnaire. Apple needs the name and email address of all visitors at least 24-hours in advance of a visit to Apple for purposes of registration and so that Apple can send the health questionnaire. In the event that substitute personnel from a court reporting firm are needed to attend, the court reporting firm will work diligently to provide the email addresses to Apple, but the parties agree that such notice may be less than 24 hours.

- There will be two Zoom sessions running during remote witness testimony. The first Zoom session is for the witness video, and the second Zoom session is for the exhibits. The remote witness will have two computers set-up in the conference room with them (i.e., one for each Zoom session). The Zoom sessions will be hosted by Impact Trial Graphics.

- Sealed exhibits will be sent to the court reporting firm in advance of remote witness testimony and will be unsealed by the witness before testifying in the presence of personnel from the court reporting firm. In addition, the personnel from the court reporting firm will have an electronic copy of all exhibits available on site and accessible from a tablet (the cost of which will be split by the parties 50/50).

- The parties will bring Wi-Fi hotspots into the courtroom for use as needed during the remote witness testimony.

JOINT STIPULATION REGARDING REMOTE TRIAL TESTIMONY PROTOCOL

- The parties have worked together to generate a list of equipment that will be rented through Aquipt, including large and small flatscreen displays, that will be used in the courtroom for the remote testimony. The current non-final list of equipment is attached as Exhibit A the list (Exhibit A) includes 5 flatscreen TV devices and 4 smaller screens at least '28 inches available to be placed in the courtroom on dedicated stands as needed.  The existing Court system will be used to show demonstratives and exhibits used with the remote witnesses and can also be shown on the rented flatscreen TV displays as needed.  The witness testimony that occurs via Zoom will be displayed in the courtroom on multiple rented flatscreen TV displays.  The parties have agreed to split the cost of cost of the equipment rented through Aquipt with Apple paying 2/3 of the costs and Pinn paying 1/3 of the costs.  The flatscreen TV display stand will look similar to the following:



The questioning lawyers will use either their own laptop computers or rented laptop computers to join the Zoom videoconference during remote witness testimony.

- Rented laptop computers will be available for Judge Carter and the court reporter to join the Zoom videoconference.

  - Jury members will not be on camera.  The examining lawyers will be visible to the remote witness.  Judge Carter will also be visible to the remote witness.

  - Courtroom setup will be coordinated between Pinn's and Apple's technical teams.  The parties request time for the technical staff to enter the courtroom to setup and test the equipment and troubleshoot any issues prior to the start of trial.

JOINT STIPULATION REGARDING REMOTE TRIAL TESTIMONY PROTOCOL

- A diagram displaying the current working setup for equipment is attached as Exhibit B. This may be modified based on the Court's instructions or by agreement of the parties' during set up.

- The Court has asked for the parties to address what to do if a witness who will testify live becomes sick and/or tests positive for COVID. **Pinn:** In the event a witness is COVID positive, the parties will confer and determine the location for the testimony taking into consideration these protocols, need for uniformity in the setup and quality of the video, and the need to monitor compliance with the no-outside communication protocol. **Apple:** Because it is difficult to predict the circumstances this far in advance, and due to many variables surrounding such a situation (including witness condition and the requirements at the time of CDC and California state COVID protocols), Apple suggests that the Court and the parties address this issue if the need arises before the trial commences or during the trial. For example, it may not be workable to have a person in the room with the remote witness to monitor them if the remote witness has COVID.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 18, 2022 | CONNOR LEE & SHUMAKER PLLC |
| 3 | | |
| 4 | | By: *David A. Skeels* |
| 5 | | RYAN E. HATCH (SBN 235577)<br>ryan@hatchlaw.com |
| 6 | | Law Office of Ryan E. Hatch, P.C.<br>13323 Washington Blvd., Suite 100 |
| 7 | | Los Angeles, CA 90066<br>Tel: 310-279-5079 |
| 8 | | |
| 9 | | DAVID A. SKEELS (*pro hac vice*)<br>dskeels@whitakerchalk.com |
| 10 | | WHITAKER CHALK SWINDLE &<br>SCHWARTZ PLLC |
| 11 | | 301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102 |
| 12 | | Tel: 817-878-0500 / Fax: 817-878-<br>0501 |
| 13 | | |
| 14 | | CABRACH J. CONNOR (*pro hac vice*) |
| 15 | | cab@clands.com |
| 16 | | JENNIFER TATUM LEE (*pro hac vice*) |
| 17 | | jennifer@clands.com<br>CONNOR LEE & SHUMAKER |
| 18 | | PLLC |
| 19 | | 609 Castle Ridge Road, Suite 450<br>Austin, Texas 78746 |
| 20 | | Tel: 512-777-1254 / Fax: 888-387-1134 |
| 21 | | Attorneys for Plaintiff PINN, INC. |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: March 18, 2022 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: *Seth M. Sproul* |
| 4 | | Christopher S. Marchese (SBN 170239)<br>marchese@fr.com |
| 5 | | 633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071 |
| 6 | | Tel: (213) 533-4240<br>Fax: (858) 678-5099 |
| 7 | | |
| 8 | | Seth M. Sproul (SBN 217711)<br>sproul@fr.com |
| 9 | | John W. Thornburgh (SBN 154627)<br>thornburgh@fr.com |
| 10 | | FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400 |
| 11 | | San Diego, CA 92130 |
| 12 | | Tel: (858) 678-5070<br>Fax: (858) 678-5099 |
| 13 | | |
| 14 | | Joy B. Kete *(pro hac vice)*<br>kete@fr.com |
| 15 | | Fish & Richardson P.C.<br>One Marina Park |
| 16 | | Boston, MA 02210<br>Tel: 617-542-5070 |
| 17 | | Fax: 617-542-8906 |
| 18 | | |
| 19 | | Attorneys for Defendant APPLE INC. |

JOINT STIPULATION REGARDING REMOTE TRIAL TESTIMONY PROTOCOL