Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S *EX PARTE* MOTION FOR A DISCLOSURE SCHEDULE & TO LIMIT LINDA FRAGER TO TESTIFYING ONLY ONCE**<br><br>Trial Date:    March 22, 2022<br>Trial Time:    8:30 a.m.<br>Courtroom:   10 A<br>Judge:          Hon. David O. Carter |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT** Defendant Apple Inc. ("Apple") hereby moves *ex parte* for this Court to issue an order pursuant to Federal Rule of Evidence 611.

As described below, e*x parte* relief is justified because trial is tentatively scheduled to begin Tuesday, March 22, 2022. If Apple's motion were heard on the Court's regular briefing schedule, a hearing would not occur until after trial ended.

Three days before trial, Pinn filed a revised witness list on March 19 (Dkt. No. 536). Apple was surprised to see that Pinn listed as "will call" Apple employee Linda Frager, Senior Product Manager for the accused AirPods. Apple had already told Pinn that it would call Ms. Frager in Apple's case-in-chief. As it currently stands, Apple will need to bring Ms. Frager to Santa Ana this week to wait until Pinn decides to call her, if at all. She will then have to return the week after to testify in Apple's case-in-chief. This is unreasonable and unfair to her. It is also a waste of time for the jury to hear Ms. Frager testify a second time about Apple's marketing of the AirPods.

The parties have also been unable to agree on a schedule for the parties to exchange information that will enable the parties to narrow (if not eliminate) evidentiary disputes that require the Court's attention during trial.

Apple now moves under Rule 611 to request that the Court order that Ms. Frager will testify only once, and Apple further requests that the Court adopt Apple's schedule for trial exchanges going forward. Apple's motion is timely. Specifically, Apple moved the very day it became clear that the parties could not reach an agreement on the issues. On Friday March 18, Apple sent Pinn a proposed schedule for exchanges and requested a meet and confer. (Exh. 1 (3/18/22 email from Ms. Wheatley to Pinn counsel).) The very next day Pinn filed its revised witness list. Dkt. No. 536. Apple immediately requested a meet and confer to discuss the changes to Pinn's witness list and renewed the request to discuss hours later at 7:30 p.m. (Exh. 2 (3/19/22 email from Mr. Marchese to Pinn counsel).) On March 20th at 1:00 p.m.,

the parties met and conferred for over an hour and failed to reach an agreement that would allow Ms. Frager to testify only once at trial, and Pinn was unwilling to discuss a schedule for trial exchanges. Around 4:30 p.m., Apple sent an email setting forth Apple's understanding of the parties' positions at the end of the meet and confer and informed Pinn that Apple would move on the Linda Frager and disclosure schedule issues. (Exh. 3 (3/20/22 email from Ms. Wheatley to Pinn counsel).) This motion followed hours later.

## I. LINDA FRAGER SHOULD BE CALLED TO TESTIFY ONLY ONCE

This Court should exercise its discretion under FRE 611 to permit Ms. Frager to testify just once at trial. Rule 611(a) states that the Court should exercise control to "avoid wasting time" and "protect witnesses from harassment," and Rule 611(b) states the Court "may allow inquiry into additional matters as if on direct examination." Courts have applied these provisions to permit witnesses to testify just once at trial if they are called by both parties. *See Hart v. RCI Hospitality Holdings*, 90 F. Supp. 3d 250, 273-75 (S.D.N.Y. 2015) (allowing witnesses to testify a single time where witnesses were identified by both parties in the interest of "trial efficiency, avoidance of redundancy, and in avoiding needless inconvenience"); *Int'l Custom Prod., Inc. v. United States*, 36 C.I.T. 1482, 1492 (2012) ("Because the parties included many of the same witnesses on their witness sheets, the Court allowed the witnesses to be called only a single time and gave the parties latitude in their questioning."), *aff'd*, 748 F.3d 1182 (Fed. Cir. 2014); *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, No. 95-CV-01700-RPM-CBS, 2005 WL 6009985, at *1 (D. Colo. Oct. 17, 2005) ("Parties' common witnesses shall be made available so that they testify only one time.").

Ms. Frager should testify only once—either in Pinn's or Apple's case-in-chief. Apple has offered to allow Pinn's cross examination to go beyond the scope of direct should Ms. Frager testify in Apple's case-in-chief. Alternatively, Ms. Frager could testify in Pinn's case-in-chief, and Apple's cross would not be limited to the scope of

Pinn's direct.  The problem is that Pinn will not commit to one or the other.  Ms. Frager should not have to travel to Santa Ana to wait until Pinn decides to call her if at all.  Moreover, if Pinn does decide to call her in its case-in-chief, Apple should not have to call Ms. Frager a second time to testify in Apple's case-in-chief.  Doing so would be an "inherent and significant waste of time" for the jury to listen to Ms. Frager testify for a second time about Apple's marketing of the Apple AirPods.  *See* Dkt. 496 at 4 (granting Apple's motion to allow Apple to question Mr. Terlizzi beyond the scope of Pinn's direct so that Mr. Terlizzi would not have to testify a second time in Apple's case-in-chief).

## II.  ADOPTING APPLE'S DISCLOSURE SCHEDULE WILL NARROW EVIDENTIARY DISPUTES DURING TRIAL

In the Joint Proposed Pretrial Conference Order, Apple proposed a schedule to exchange exhibits and demonstratives; object to the exchanged exhibits and demonstratives; and meet and confer in good faith to narrow evidentiary disputes. Dkt. No. 530 at 58-61.  This is important for smooth trial operation and to provide the parties sufficient notice to object to exhibits.

The parties have not agreed to a schedule.  Pinn opposed Apple's proposal for disclosing exhibits and objections and made no counterproposal.  Dkt. No. 530 at 58. As for demonstratives, in the Joint Pretrial Order, Apple proposed that copies of demonstratives to be used on direct examination shall be provided at 12:00 PT three calendar days before calling the witness; any objections to the direct examination demonstratives shall be provided by 7:00 p.m. PT two calendar days before the witness is called. Dkt. No. 530 at 59.  In contrast, in that pleading, Pinn proposed that demonstratives not created on the fly be disclosed by 8:00 p.m. the night before the witness is expected to testify and objections to such demonstratives would be served by 10:00 p.m. Pinn's proposal does not allow sufficient time for the parties to assess objections or change testimony based on such objections or rulings from the Court. *Id.*  Apple's proposal provides an additional day of advance disclosure to allow the parties to identify and resolve disputes.  Having still not reached an agreement on an

3
DEFENDANT APPLE INC.'S *EX PARTE* MOTION FOR WITNESS ORDER
Case No. 8:19-cv-1805-DOC-JDE

exchange schedule, Apple sent a revised proposal to Pinn on Friday March 18th and requested a meet and confer. Pinn would not agree to Apple's proposed schedule. Pinn has not provided a counterproposal.

Apple respectfully requests that the Court adopt Apple's proposed schedule listed below, which Apple modified to require disclosures occur *two days* rather than three days in advance:

### Disclosure of Witnesses/Exhibits

- Parties will disclose names and order of witnesses it intends to call on direct no later than 5:00 p.m. two calendar days before calling the witness. The presenting party shall also include a list of exhibits to be used with each witness by 5:00 p.m. two calendar days before calling the witness.
- Any objections shall be provided by 7:00 p.m. two calendar days before the witness is called. The parties shall meet and confer regarding objections no later than 10:00 p.m. two calendar days before the witness is expected to testify at trial to narrow their disputes and identify any remaining objections to the Court.

### Disclosure of Demonstratives

- Copies of demonstratives to be used on direct examination shall be provided by 5:00 p.m. two calendar days before calling the witness. Any objections to the direct examination demonstratives shall be provided by 7:00 p.m. two calendar days before the witness is called.

Apple understands that the Court will hear and decide argument on objections to demonstratives or exhibits the night before they will be used in trial. Apple's proposed disclosure schedule allows the parties sufficient time to meet and confer to narrow evidentiary disputes the night before the parties expect to escalate unresolved

issues to the Court. Pinn's proposal is unworkable. For example, Pinn would have the parties disclose demonstratives at 8:00 p.m. the night before they are to be used with a witness—far too late for the receiving party to raise objections, for the parties to meet and confer, and to raise unresolved objections with the Court before testimony begins the following day. Apple's proposal provides adequate time for the parties to present streamlined arguments before the Court for speedy resolution.

## III.   CONCLUSION

To avoid wasting time and to make trial procedures effective for determining the truth, the Court should grant Apple's motion under Rule 611, and a) adopt Apple's proposed disclosure schedule; b) order Pinn to decide whether it will call Linda Frager in its case-in-chief or cross examine her after she testifies in Apple's case-in-chief; and c) order that whichever party cross examines Ms. Frager will not be limited to the scope of the direct examination.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 20, 2022 | FISH & RICHARDSON P.C. |
| 3 | | |
| 4 | | By: */s/ Christopher S. Marchese*<br>Christopher S. Marchese (SBN 170239) |
| 5 | | marchese@fr.com<br>FISH & RICHARDSON P.C. |
| 6 | | 633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071 |
| 7 | | Tel: (213) 533-4240<br>Fax: (858) 678-5099 |
| 8 | | |
| 9 | | Seth M. Sproul (SBN 217711)<br>sproul@fr.com |
| 10 | | John W. Thornburgh (SBN 154627)<br>thornburgh@fr.com |
| 11 | | FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400 |
| 12 | | San Diego, CA 92130 |
| 13 | | Tel: (858) 678-5070<br>Fax: (858) 678-5099 |
| 14 | | |
| 15 | | Joy B. Kete *(pro hac vice)*<br>kete@fr.com |
| 16 | | FISH & RICHARDSON P.C.<br>One Marina Park |
| 17 | | Boston, MA 02210<br>Tel: 617-542-5070 |
| 18 | | Fax: 617-542-8906 |
| 19 | | |
| 20 | | Karrie E. Wheatley (*pro hac vice*)<br>wheatley@fr.com |
| 21 | | FISH & RICHARDSON P.C.<br>1221 McKinney St., Suite 2800 |
| 22 | | Houston, TX 77010 |
| 23 | | Attorneys for Defendant APPLE INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |