RYAN E. HATCH
ryan@hatchlaw.com
California Bar No. 235577
Hatch Law, PC
13323 Washington Blvd., Ste. 100,
Los Angeles, CA 90066
Tel: (310) 279-5079/Fax: (310) 693-5328

DAVID A. SKEELS (admitted pro hac vice)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce St., Ste. 3500, Ft. Worth, TX 76102
Tel: (817) 878-0500/Fax: (817) 878-0501

CABRACH J. CONNOR (admitted pro hac vice)
cab@clands.com
Texas Bar No. 24036390
Connor Lee & Shumaker PLLC
609 Castle Ridge Rd., Ste. 450, Austin, TX 78746
Tel: (512) 777-1254/ Fax: (888) 387-1134

Attorneys for Plaintiff PINN, INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>            Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**PINN'S RESPONSE TO APPLE'S MOTION *IN LIMINE* NO. 16**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Tech. Special Master: David Keyzer<br><br>Trial Date:  August 2, 2022<br>Courtroom:  10A<br>Judge:       Hon. David O. Carter |

## I. INTRODUCTION

Apple's Motion in Limine No. 16 is the latest in a series of requests by Apple to keep Ms. Whitt's testimony from the jury. Apple seeks to exclude "argument, evidence, and questions regarding the [Lioness] Article, its contents, and related subject matter with respect to any witness in this case, including Ms. Whitt." ECF 574 at 4. Apple's request is so broad it encompasses several the topics on which Ms. Whitt was designated to speak as a corporate representative, including Apple's "procedures, policies, [and] guidelines." *See* ECF 553 at 2-3. Failing to specify the "content" and "related subject matter" it deems prejudicial, Apple shifts the burden of identifying controversial testimony, argument, and evidence to the Court and Pinn. That tactic is inappropriate and warrants denial of Apple's motion.

## II. APPLICABLE LAW

Overly broad motions in limine are disfavored and should only be granted with sufficient precision to allow the trial's participants to know whether they are in violation of an order. *See* ECF 411 at 28-29, citing *Coppi v. City of Dana Point,* No. 8:11-CV-01813-JGB-RNB, 2014 WL 12589639, slip op. at 4 (C.D. Cal. Feb. 24, 2014) (Bernal, J.) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence are generally disfavored," and "when confronted with this situation, a better practice is to deal with questions of admissibility of evidence as they arise in actual trial as opposed to tackling the matter in a vacuum on a motion in limine.") (citations and internal quotation marks omitted).

The context of this motion makes especially relevant that evidence is not "unfairly prejudicial" simply because it is unflattering. *See United States v. Pappadopoulos*, 64 F.3d 522, 529 (9th Cir. 1995) (district court did not abuse its discretion by admitting unflattering evidence); *see also Red Strokes Entm't, Inc. v. Sanderson*, 977 F. Supp. 2d 837, 846 (M.D. Tenn. 2013) ("Rule 403 does not deem 'prejudicial' otherwise admissible evidence solely on the basis that it

is unflattering to [defendant] or contradicts her own testimony.").

## III.  ARGUMENT

### A.  The requested relief is far too broad and threatens to exclude relevant evidence.

While Apple seeks to exclude Ms. Whitt's Lioness Article, "Pinn has not added Ms. Whitt's article to its exhibit list, has no intention of doing so, and never told Apple it intended to introduce the document." ECF 556 at 21.  Apple merely speculates that Ms. Whitt's article may be used as impeachment evidence (ECF 574 at 6). Pinn does not oppose a narrow ruling *in limine* requiring either party to approach and obtain permission before attempting to offer it into evidence.

With respect to the "content" and "related subject matter" of Ms. Whitt's article, Pinn has no intention of delving into the romantic relationships described, the allegations of drug use at Apple, Ted's alleged drug trafficking, or other such details.  https://www.lioness.co/post/my-coworker-terrorized-me-and-told-me-he-was-part-of-a-drug-ring-when-i-told-apple-i-was-punished.  Apple's motion, however, is not limited to specific topics. Rather, Apple seeks an order excluding Ms. Whitt's article, all content from the article, and all "related subject matter." Such an order would be untenable.  Ms. Whitt touched on scores of broad and potentially relevant topics such as:

1. Ms. Whitt's status as an Apple stockholder;
2. Ms. Whitt's various roles and responsibilities during her time at Apple, including her time as the Head of Patent Litigation;
3. Apple's internal communications and protocols, including chain of command;
4. Apple's leverage and influence as a corporation and the effect that has on corporate decisions, such as licensing practices;
5. Apple's priorities and corporate culture and the effect of that culture on product development; and

    6. Apple's internal policies and the extent to which such policies are followed and enforced.

These topics – all of which are directly covered or implicated by the "content" of Ms. Whitt's article – have been the subject of discovery in this case and are expected to be featured at trial by both Apple and Pinn. The late development of Ms. Whitt's article should not operate to exclude legitimate evidence or argument at trial. Further, a list of "related subjects" would be long and far-reaching. For example, it would encompass invalidity issues, such as Apple's decision to keep the AirPods project secret until it filed its first patent application in June of 2015. And it would extend to damages issues, such as the effect of Apple's leverage during the hypothetical negotiation.

  **B.** **The Court has previously acknowledged the relevance of these topics.**

The Court acknowledged the relevance of these topics and closely related topics. For example, with respect to Apple's knowledge of Pinn's IP portfolio, the Court observed that "Ms. Whitt has testified as a percipient fact witness in this litigation and was serving as Director of IP Transactions at the time that Pinn's CEO, Mr. Sean Kim, sent emails to various Apple employees about his technology." ECF 569 at 3; *see also* ECF 569 at 5 ("Pinn would be significantly harmed if it could not probe the credibility of Ms. Whitt's assertion, apparently based on her experience as a director-level employee at Apple, that 'the mass emails that Pinn sent were [sent to] pretty high-level people at Apple who would follow Apple procedures'") (brackets in original), quoting Whitt Depo.

Similarly, the Court has already ruled that Pinn may question Apple's witnesses about their stock ownership. *See, e.g.*, ECF 411 at 75-76 ("The fact that Defendant provides compensation, stock, and stock options to its employees is relevant to the credibility of these witnesses. Defendant's argument that the witnesses have 'no direct financial stake in the outcome of the case' (Def. MIL Nos.

1–5 Mem. at 10) is undercut by the potential motivation of witnesses to provide testimony favorable to their employer as well as the potential for litigation to affect the value of Defendant's stock.").

Finally, evidence is not unduly prejudicial simply because it is unflattering. Ms. Whitt may or may not portray Apple in an unflattering light. But that is no reason to exclude testimony about relevant issues or to limit the scope of evidence Pinn may present to the jury during its case.

### C. Pinn seeks the truth about relevant issues

Apple's motion is based largely on unfounded speculation that Pinn will seek to harass or embarrass Ms. Whitt or that Pinn seeks to inconvenience Ms. Whitt. Pinn has provided absolutely no indication that it seeks or desires to harass or embarrass Ms. Whitt. To the contrary, Pinn expects Ms. Whitt to testify truthfully about matters relevant to this case–testimony that Apple apparently views with some trepidation. Regarding any potential inconvenience, Pinn previously agreed to accommodate her unique circumstances: "[T]he remote trial testimony protocols that have been extensively negotiated between the parties and ruled upon by the Technical Special Master will substantially mitigate any potential burden on Ms. Whitt." ECF 569 at 7, citing Mar. 18, 2022, Joint Stipulation (ECF 535) and Mar. 17, 2022, Order No. TSM-14 (ECF 530).

## IV. CONCLUSION

The motion should be denied. The Court has previously denied other motions that it viewed as too broad. For example, Pinn moved to prevent Apple from asking about "[t]he quality of the USPTO and its examiners, including that examiners are overworked or that the USPTO is prone to error". The Court held: "This motion is overly broad. The concerns presented by this motion *in limine* can be handled on a question-by-question basis during trial." ECF 459 at 6; *see also* ECF 459 at 7 (denying Pinn's MIL #8 as "overbroad" but agreeing to present the jury with a

1  limiting instruction). Indeed, the Special Master and the Court acknowledged the overbreadth of numerous motions *in limine*. *See, e.g.*, ECF 411 at 9 (Apple complained that Pinn's MIL #2 was overbroad); ECF 411 at 19 (Apple complained that Pinn's MIL #5 was overbroad); ECF 411 at 26-27 (Apple complained that Pinn's MIL #8 was overbroad); ECF 411 at 92 (Apple's MIL #10, seeking to preclude the introduction of "unproduced and untimely disclosed documents" was "too broad for an *in limine* ruling" and was therefore "denied"). Pinn proposes taking the same tack here.

Alternatively, any ruling *in limine* should be narrowly tailored to require the parties to seek the Court's permission before offering the article into evidence. If the Court feels compelled to narrowly address specific allegations raised in the article, such as Ms. Whitt's romantic relationship with Ted or the drug-related allegations (despite Apple's failure to specify such topics in its motion), then the Court should do so in the most narrow and precise way possible – so that the witnesses and other trial participants know exactly which topics are off limits.

Dated: July 7, 2022

CONNOR LEE & SHUMAKER PLLC

*/s/ Cabrach Connor*
**Ryan E. Hatch**
ryan@hatchlaw.com
California Bar No. 235577
**HATCH LAW, PC**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5076
Fax: (310) 693-5328

**David A. Skeels** (admitted *pro hac vice*)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel: (817) 878-0500

Fax: (817) 878-0501

**Cabrach J. Connor** (*admitted pro hac vice*)
cab@clands.com
Texas Bar No. 24036390
Jennifer Tatum Lee (*admitted pro hac vice*)
jennifer@clands.com
Texas Bar No. 24046950
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel: (512) 777-1254
Fax: (888) 387-1134

Attorneys for Plaintiff PINN, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 7, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Cabrach Connor*
Cabrach Connor