Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Roger Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**APPLE'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 16 TO EXCLUDE CERTAIN EVIDENCE**<br><br>Trial Date:    August 2, 2022<br>Courtroom:    10 A<br>Judge:    Hon. David O. Carter |

## I. PINN INTENDS TO USE THE ARTICLE AT TRIAL

After tiptoeing around the issue in Apple's motion for substitution, Pinn comes right out in its opposition and makes clear that it wants to use the irrelevant and prejudicial details of the Article at trial. Pinn boldly asks the Court to treat the Article as it would any other piece of evidence by simply requiring the parties to "seek the Court's permission before offering the Article into evidence." (Opp. at 5.) But introducing the Article or any mention of its irrelevant contents violates Rules 401, 402, 403, and 404 and should not be allowed. Injecting the article or its contents into the trial would certainly create a sideshow that would likely subsume the merits, prejudice Apple and Ms. Whitt, and in the process create serious risk of a mistrial.

Pinn tries to justify this approach by arguing that Apple's MIL is overbroad and will prevent Pinn from asking about potentially relevant topics. That is an unreasonable interpretation of Apple's MIL. Apple is not seeking to preclude Ms. Whitt from testifying about subject matter relating to relevant patent licensing, or to issues that she testified about at her deposition, including her roles and responsibilities at Apple. Those are fair game. But what is not fair, and what Apple seeks to exclude, are references to the Article itself as well as references to its subject matter: Ms. Whitt's alleged personal relationship, allegations concerning the behavior of the other person, Ms. Whitt's responses to that behavior, and Ms. Whitt's grievances regarding Apple. These simply have nothing to do with this patent infringement case. In fact, the lead character in the Article is anonymous and given a pseudonym, and has no connection to this case. Any mention of this Article or its subject matter before the jury would seriously jeopardize the integrity of the trial.

## II. THE ARTICLE IS IRRELEVANT UNDER FRE 401 AND 402

There is no link between the accusations in the Article and the triable issues of patent infringement, validity, and damages. Pinn's attempt to cast the Article as merely "unflattering" fails. (Opp. at 1.) In *United States v. Pappadopoulos*, the defendant did not dispute relevance of the taped conversation and translation admitted

into evidence. 64 F.3d 522, 529 (9th Cir. 1995). Rather, she objected to the government using an unflattering photograph to help the jury understand who was speaking during the taped conversation. *Id.* Similarly, in *Red Strokes Entm't, Inc. v. Sanderson*, 977 F. Supp. 2d 837, 846 (M.D. Tenn. 2013), the email threads sought to be excluded "were highly relevant" to the contract dispute, reflecting the course of transactions between the parties.

Here, no link exists between Ms. Whitt's allegations about her alleged relationship and this case. Rather, this case is about patent infringement and validity. The Article's allegations surrounding bad acts committed by an *anonymous person who will not testify at trial* are not relevant to the case issues and should be excluded. *See United States v. Andreatta*, 737 F. App'x 925, 930 (11th Cir. 2018) (finding no abuse of discretion in excluding testimony from a former employee that the employer propositioned her in exchange for money because the "salacious details of Ms. Owen's testimony could well have distracted from the relevant question of whether Ms. Andreatta was authorized to use the company credit cards for personal use").

Nor can Ms. Whitt's statements regarding Apple's alleged failures be stretched to argue that Apple violates policies generally. Pinn said it plans to explore "Apple's internal policies and the extent to which policies are followed and enforced" (Opp. at 3) through allegations in the Article that Apple failed to investigate her report. In the trial, Pinn also wants to impugn "Apple's priorities and corporate culture" (Opp. at 2) by introducing Ms. Whitt's statements about competitive culture at Apple that allegedly drives employees to certain behaviors, none of which relate to patents. Apple employs roughly 80,000 people, and in such a large and diverse company, workplace disputes may arise that implicate Apple's personnel policies, but such policies are not at issue in this case.[1]

---

[1] Pinn's attempt to use the Article and its subject matter also violates Rule 404, which precludes use of "a person's character . . . to show that on a particular occasion the person acted in accordance with the character." *See Becker v. ARCO Chem. Co.*,

### III. RULE 403 COMPELS EXCLUSION

Even if the Court could detect a whisper of relevance, the details of Ms. Whitt's alleged relationship and dispute with Apple are severely prejudicial and will overwhelm the merits. Pinn's desire to introduce the Article into evidence betrays a lack of confidence about the merits of its case. Faced with invalidating prior art and formidable non-infringement defenses, Pinn wants to parade Ms. Whitt's personal life in front of the jury, when her role in this case is simply to provide testimony regarding licensing and pre-suit emails from Sean Kim. In an instant, the trial will devolve into an indictment of Ms. Whitt's personal life, her alleged relationship, and her grievance with Apple. Rule 403 protects against this, and squarely precludes such evidence.

### IV. APPLE'S MOTION TO SUBSTITUTE A WITNESS

Pinn's opposition underscores the reason why Apple moved for a substitute witness, namely, that Pinn will try to use the irrelevant and salacious detail in Ms. Whitt's Article to distract and confuse the jury from the merits. In addition, Ms. Whitt's status changed as of last week: she is no longer employed at Apple.  In view of this new fact and Pinn's opposition, Apple's original request to substitute Jackie Harlow would avoid the pitfalls presented by Ms. Whitt as a trial witness. As an alternative, given these new circumstances, with the Court's leave, Apple could add Ms. Harlow as a witness, with a pre-trial deposition as previously offered.

### V. CONCLUSION

Apple respectfully requests the Court grant Apple's MIL No. 16 to exclude the Article and the irrelevant subject matter therein. Should Ms. Whitt testify, Apple asks the Court for leeway on sidebar throughout Pinn's examination of Ms. Whitt to hear argument on objections, which will surely arise under the circumstances.

---

207 F.3d 176, 207 (3d Cir. 2000) (ordering new trial for failing to exclude evidence of corporate defendant's prior termination of another employee). Pinn wants to use an Internet post by Ms. Whitt to show Apple's "character" and that it acted in accordance with that "character" in this case. That is not admissible under Rule 404.

| | | |
|---|---|---|
| Dated: July 12, 2022 | | FISH & RICHARDSON P.C. |

By: /s/ *Seth M. Sproul*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240
Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
Fish & Richardson P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070
Fax: 617-542-8906

Karrie E. Wheatley (*pro hac vice*)
wheatley@fr.com
FISH & RICHARDSON P.C.
1221 McKinney St., Suite 2800
Houston, TX 77010

Attorneys for Defendant APPLE INC.