UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-01805-DOC-JDE                                   Date: July 19, 2022

Title: PINN, INC. V. APPLE INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING APPLE INC.'S MOTION IN LIMINE [574]**

Before the Court is Defendant Apple's Motion in Limine (#16) to Exclude Certain Evidence ("Motion") (Dkt. 574). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

Apple seeks to exclude argument, evidence, and questions regarding a now public article ("the article")[1] written by one of its Rule 30(b)(6) designees, Ms. Jayna Whitt. In this article, Ms. Whitt criticizes Apple for failing to investigate her claims against another employee and allegedly reprimanding her for complaints.

Apple filed the instant Motion on June 29, 2022. Pinn opposed ("Opp'n) (Dkt. 577) on July 7, 2022 and Apple replied ("Reply") (Dkt. 578) on July 12, 2022.

Under Rule 401, evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of

---

[1] The Lioness article has been publicly available on the Internet, since at least May 12, 2022, at the following address: https://www.lioness.co/post/my-coworker-terrorized-me-and-told-me-he-was-part-of-a-drug-ring-when-i-told-apple-i-was-punished. Dkt. 553 at 10 n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01805-DOC-JDE                                              Date: July 19, 2022
                                                                                                               Page 2

consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. However, under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Applying Rule 403 "requires a fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

The Court agrees with Apple that references to the article and its subject matter are largely irrelevant. This case is a patent dispute: the parties dispute whether Apple's AirPods infringe Pinn's patents, the validity of those patents, and the extent of damages owed if any. The article discusses Ms. Whitt's personal life and employment status, and makes no mention of the patents involved in this case. Thus, the contents of Ms. Whitt's article are not consequential to any of those issues and fail to make "a fact more or less probable." Fed. R. Evid. 401. The article is only relevant to the extent it may way on the credibility of Ms. Whitt's assertions regarding Apple's adherence to its own procedures.

Even if the article was relevant, its probative value would be substantially outweighed by its prejudicial effect and potential to confuse the jury. For example, introducing the article in trial may mislead the jury to believe that Ms. Whitt's employment status had some relationship to the patent dispute in this case.

The Court disagrees with Pinn's argument that Apple's Motion is improperly broad. Opp'n at 1. As Apple states in its Reply:

> Apple is not seeking to preclude Ms. Whitt from testifying about subject matter relating to relevant patent licensing, or to issues that she testified about at her deposition, including her roles and responsibilities at Apple. Those are fair game. But what is not fair, and what Apple seeks to exclude, are references to the Article itself as well as references to its subject matter: Ms. Whitt's alleged personal relationship, allegations concerning the behavior of the other person, Ms. Whitt's responses to that behavior, and Ms. Whitt's grievances regarding Apple.

Reply at 1.

Accordingly, the Court **GRANTS** Apple's Motion and tentatively precludes the article's contents regarding: Ms. Whitt's personal relationship; the conduct of the other Apple employee; and Ms. Whitt's grievances regarding Apple's management of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-01805-DOC-JDE                                        Date: July 19, 2022
                                                                                                    Page 3

situation. Given the context-specific and fact-intensive nature of these evidentiary rulings, the Court will consider after Ms. Whitt's direct examination whether the article may be introduced for the limited purpose of impeachment. The Court **VACATES** the hearing on the Motion scheduled for August 2, 2022.

MINUTES FORM 11                                                                Initials of Deputy Clerk: kdu

CIVIL-GEN