Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S** *EX PARTE* **MOTION TO ADD JACKIE HARLOW AS A WITNESS IN THE TRIAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Trial Date:    August 2, 2022<br>Trial Time:    8:30 a.m.<br>Courtroom:    10 A<br>Judge:    Hon. David O. Carter |

**TO THIS HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Apple Inc. ("Apple") hereby moves *ex parte* for this Court to grant leave for Apple to add Jackie Harlow as a trial witness. As described below, *ex parte* relief is justified because trial is scheduled to begin August 2, 2022. If Apple's motion were heard on the Court's regular briefing schedule, a hearing would not occur until after trial ended. This application is made after providing notice, pursuant to Local Rule 7-19.1, to counsel for Pinn (who are identified by name, address, telephone number, and email in the attached certificate of service). Notice was provided to Pinn counsel in a telephone conversation on July 20, 2022, as stated in the Sproul Declaration, which is filed concurrently. Pinn's counsel indicated in an email after that call that its position on this *ex parte* application is as follows: *Pinn opposes Apple's motion which is yet another request to substitute Ms. Harlow for Ms. Whitt. At the meet and confer Apple refused to state whether it would question Ms. Whitt at trial and represented that Ms. Harlow would provide the same testimony as Ms. Whitt. When asked whether Apple and Ms. Whitt have entered into an agreement (e.g., an separation agreement that would prevent or compromise Ms. Whitt from testifying), Apple's counsel claimed not to know and refused to ask Apple.*

Apple's response to Pinn's position: There are currently no post-employment agreements between Apple and Ms. Whitt, as detailed herein, and as Apple subsequently told Pinn counsel. However, should that change, Apple will notify Pinn and the Court. Apple also did not refuse to answer whether it would question Ms. Whitt if Pinn calls her to testify. Apple's position is that—as with every other witness—it depends on many factors, including the scope of Pinn's questioning. Finally, Apple did not say Ms. Harlow would duplicate Ms. Whitt's testimony, just that the subject matter would be the same as what Ms. Whitt covered at her deposition.

**MEMORANDUM IN SUPPORT**

I.  **SUMMARY OF REASONS FOR SEEKING AN *EX PARTE* ORDER**

As Apple recently informed the Court (Dkt. 578), Jayna Whitt is no longer an Apple employee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This means she is not an Apple witness, and Apple does not expect to call Ms. Whitt at the upcoming trial. It also means she does not speak for Apple, even if Pinn still chooses to call her as an adverse witness. These new facts justify reconsideration of the Court's denial of Apple's previous motion to substitute Ms. Jackie Harlow for Ms. Whitt. (*See* Dkt. 569.)[1] However, the present motion seeks narrower relief: Apple respectfully requests that it be permitted to add Ms. Harlow to its witness list and to have her testify in Apple's case-in-chief. This narrower request obviates the harm that Pinn claimed in opposing the earlier motion to substitute, and will prevent the unfair and prejudicial result of Apple having ***no witness*** to speak for it on the topics Ms. Whitt previously covered.

Apple has timely filed this *ex parte* application. Apple previously moved to substitute Ms. Harlow as a trial witness for Ms. Whitt on May 30, 2022, and by that point Pinn was fully aware of Apple's desire to have Ms. Harlow testify in the trial. After that motion was denied, Apple informed Pinn on July 15, 2020 that Apple would add Ms. Harlow to its witness list. This was shortly after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The parties met and conferred once again on July 20, 2022, and as stated above, Pinn notified Apple that it opposes this *ex parte* application.

Apple respectfully requests that the Court grant its request to call Ms. Harlow as a witness in the upcoming trial.

II.  **STATEMENT OF FACTS**

The Court is familiar with the facts surrounding Ms. Whitt's publication of the *Lioness* Article, having issued two recent orders on the subject (Dkts. 569 and 579), so Apple will not repeat them. However, two new facts emerged after the Court denied

---

[1] Local Rule 7-18 permits reconsideration *inter alia* upon "the emergence of new material facts."

Apple's motion to substitute: (1) Ms. Whitt is no longer employed by Apple; and (2) ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. This means Apple does not authorize Ms. Whitt to speak for it at trial, and she is no longer appearing as an Apple witness.[2]

But that also leaves Apple with no trial witness who can address the topics previously covered by Ms. Whitt. Apple thus proposed a compromise to Pinn: Pinn could still call Ms. Whitt if it wishes, but Apple would add Ms. Harlow to its witness list. This would cause Pinn no harm because Ms. Harlow has the same title Ms. Whitt previously held; Ms. Harlow's testimony will cover the same topics as Ms. Whitt would have covered if she were still able to speak for Apple; Apple disclosed Ms. Harlow more than 30 days before trial as required by F.R.C.P. 26(a)(3)(B); and Apple offered Pinn a deposition of Ms. Harlow and offered to pay reasonable costs for the deposition.

Apple's need to amend its witness list is also driven by the extraordinary disruptions that Covid has caused this case, which was first set for trial in January 2021 (Dkt. 72), and which was subsequently continued several times (Dkts. 322, 410, 480, 500, 509, 539). In the intervening months, unforeseen circumstances have forced both parties to reassess their witness lists. Dr. Magee, one of Pinn's damages experts, left the case due to health problems only six weeks before the January 5, 2022 trial date. Apple agreed to Pinn's request that Ms. Hikino cover Dr. Magee's topics and took a short deposition of Ms. Hikino on the material previously covered by Dr. Magee. (Dkt. 550-3.) Pinn should do the same with Ms. Harlow.

---

[2] Apple will soon be filing an amended witness list, which will continue to list Ms. Whitt as a witness. However, Apple is simply reserving its rights because Pinn is calling Ms. Whitt and because this motion will likely still be pending when Apple files that amended witness list. Regarding Pinn's question about whether Apple has entered any post-employment agreements with Ms. Whitt, the answer is currently no. However, this is a relatively new situation—and, as stated above, should that change, Apple will notify Pinn and the Court.

### III. ARGUMENT

#### A. Courts Recognize That a Party Should Be Allowed to Add a Trial Witness When Its Previous Witness Is No Longer Employed

Case law supports the common sense notion that when a witness leaves employment by a party before trial, that party should be allowed to add a new witness to speak for it at trial. For example, *Prism Techs., LLC v. T-Mobile USA Inc.*, No. 8:12CV124, 2015 WL 5693080 (D. Neb. Sept. 28, 2015), is on point. There, T-Mobile's previously designated Rule 30(b)(6) witness, deposed by plaintiff, was "no longer employed at T-Mobile" at the time of trial. *Id.* at *2. T-Mobile therefore proposed to add its previous witness' manager (Mr. Krishnan) to its trial witness list. Under these circumstances, the court found "substantial justification is present for the addition of Krishnan as a potential witness." *Id.*

*Ruzhinskaya v. HealthPort Techs.*, LLC, No. 14 CIV. 2921 (PAE), 2016 WL 7388371 (S.D.N.Y. Dec. 20, 2016), is similar. In that case, HealthPort's previous Rule 30(b)(6) witness had "left the company, thus creating a new need for such witnesses"—so it added two other corporate witnesses to its trial witness list. *Id.* at *7. The plaintiff moved to preclude the new witnesses because they had not been disclosed. *Id.* The court denied the motion and allowed the new witnesses, but set limits to ensure fairness: the plaintiff would be permitted depositions of the new witnesses, and the new witnesses would be bound by the previous witnesses' Rule 30(b)(6) testimony. *Id.*

This Court should hold the same. Apple should be permitted to add Ms. Harlow as a trial witness; Pinn should be permitted a short deposition of Ms. Harlow; and Apple will continue to be bound by Ms. Whitt's Rule 30(b)(6) deposition testimony, which was given while she was an Apple employee and Apple's designated representative. However, since Ms. Whitt is no longer an Apple employee and no longer Apple's representative, she will not speak for Apple at trial.

### B. Apple Would Suffer Severe Prejudice If It Cannot Call Ms. Harlow

Apple expected Ms. Whitt to testify on its behalf regarding important topics at trial, including Apple's receipt of Pinn's cold emails, its practices and procedures for handling such cold emails, and Apple's patent licensing practices. Those topics were identified in Apple's previous motion to substitute Ms. Harlow. (Dkt. 553 at 2-3.) While Pinn may still call Ms. Whitt as an individual—and Pinn has said it will—Apple does not intend to designate ▇▇▇ ex-employee to testify on its behalf. This means Apple would have no witness at trial on these topics, which would be fundamentally unfair and prejudicial, particularly since Ms. Whitt's actions of publishing the *Lioness* Article ▇▇▇▇▇▇▇▇▇▇▇▇ were beyond Apple's control. In addition, if the pandemic had not intervened, trial would be long done and Ms. Whitt would have testified while she was an Apple employee. But that did not happen. Apple should not have to bear the brunt of these circumstances.

During meet and confer, Pinn suggested that Apple could simply cross-examine Ms. Whitt after Pinn calls her to testify. Pinn also appeared to suggest that, unless Ms. Whitt were contractually precluded from testifying for Apple, Apple could simply elicit her testimony to address any of the topics Apple would like Ms. Harlow to cover. However, examination at trial of an ex-employee ▇▇▇▇▇▇ is no substitute for direct examination of a current company employee. Apple deserves the chance to tell its side of the story.

### C. Pinn Suffers No Prejudice from the Addition

Pinn will suffer no undue prejudice because it can cross examine Ms. Harlow just as it would previously have cross-examined Ms. Whitt. Apple agrees that it will continue to be bound by Ms. Whitt's previous Rule 30(b)6) testimony, and it has also offered Pinn a supplemental deposition of Ms. Harlow with payment of Pinn's reasonable costs. This will put Pinn in exactly the same position it would have been in if the trial had occurred when previously scheduled.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court permit Apple to add Ms. Harlow to its trial witness list and be permitted to call her at trial.

Dated: July 21, 2022

FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240
Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070
Fax: 617-542-8906

Karrie E. Wheatley (*pro hac vice*)
wheatley@fr.com
FISH & RICHARDSON P.C.
1221 McKinney St., Suite 2800
Houston, TX 77010

Attorneys for Defendant APPLE INC.