REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

RYAN E. HATCH
ryan@hatchlaw.com
California Bar No. 235577
Hatch Law, PC
13323 Washington Blvd., Ste. 100,
Los Angeles, CA 90066
Tel: (310) 279-5079/Fax: (310) 693-5328

DAVID A. SKEELS (admitted pro hac vice)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce St., Ste. 3500, Ft. Worth, TX 76102
Tel: (817) 878-0500/Fax: (817) 878-0501

CABRACH J. CONNOR (admitted pro hac vice)
cab@clands.com
Texas Bar No. 24036390
Connor Lee & Shumaker PLLC
609 Castle Ridge Rd., Ste. 450, Austin, TX 78746
Tel: (512) 777-1254/ Fax: (888) 387-1134

Attorneys for Plaintiff PINN, INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>          Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**PINN'S RESPONSE TO APPLE'S *EX PARTE* MOTION TO ADD JACKIE HARLOW AS A WITNESS**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Tech. Special Master: David Keyzer<br><br>Trial Date:  August 2, 2022<br>Courtroom:  10A<br>Judge:       Hon. David O. Carter |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## I. APPLE REQUESTS RELIEF THE COURT ALREADY DENIED

With trial starting in eleven days, allowing Apple to add a new fact witness will unfairly prejudice Pinn as it prepares to present its case to the jury.

The relief Apple seeks is not a simple exercise in replacing a designated corporate representative. Apple is not even asking to do that. Mr. Watson will be Apple's corporate representative at trial. Rather, Apple is seeking extraordinary relief based upon an unsupported assertion that Ms. Whitt and Apple are "███████" Apple has not told the Court what that means and refused to explain that to Pinn. Nor could Pinn get any explanation or information from Ms. Whitt's counsel, Esther Chang (tel.: 510-992-4560).

What we do know is that nothing has changed about Ms. Whitt's testimony or the facts. She testified as a percipient fact witness in this case (ECF No. 569 at 3), and Apple may examine her as one at trial. Indeed, Apple provides no reason why it cannot ask Ms. Whitt about the facts she knows that are relevant to this case.

Ms. Whitt's relationship with Apple does not change the facts about Apple's conduct when it received and ignored Mr. Kim's emails, Ms. Whitt's knowledge about Apple's corporate policies and procedures, and Apple's licensing strategies at the time (when she was responsible for licensing activities at Apple). Nor does the fact that she and Apple may disagree about things (this fact, of course, has not changed either—the Lioness article published in April 2022) affect her knowledge, experience, and understanding of the facts relevant to damages and Apple's conduct.

Ms. Harlow does not have percipient knowledge of these facts. This is not a redesignation of a Rule 30(b)(6) witness who can prepare to testify. Ms. Whitt is a trial witness, and Ms. Harlow cannot function as a mouthpiece for her knowledge and prior testimony. The fact Apple suggests Pinn could simply "bind" Harlow to Whitt's prior testimony highlights the fact that Apple views Harlow as a ventriloquist's dummy whose controlled testimony is inadmissible under Fed. R.

Evid. 602.

Apple does not address or attempt to explain how Ms. Harlow's testimony could satisfy Rule 602 requiring personal knowledge. While she may know about Apple's *current* policies and procedures, she did not even work at Apple during the period relevant to this case. She lists her "experience" at Apple on her LinkedIn page, which shows she was not at Apple from 2015 to December 2019 (after this case was already underway).

Experience
Principal Counsel & Senior Manager, IP Transactions
Apple · Full-time
Dec 2019 - Present · 2 yrs 8 mos
uspto
Administrative Patent Judge
USPTO
Jan 2015 - Nov 2019 · 4 yrs 11 mos
Litigation Counsel
Apple
Oct 2011 - Jan 2015 · 3 yrs 4 mos

https://www.linkedin.com/in/jackie-harlow/

**II. APPLE'S DAMAGES EXPERT RELIED ON WHITT'S KNOWLEDGE.**

Apple's motion fails to explain or even address how their damages expert, Ms. Knox, could simply replace Ms. Whitt with Ms. Harlow. Ms. Knox relied extensively on "discussions" with Ms. Whitt. Perhaps for this reason, Apple refuses to tell Pinn whether it will question Ms. Whitt at trial. Of course, it has that right and there is no need for Ms. Harlow to even attend if it does. Apple's inability to provide a straight answer or commit to a position on substantive matters like this has been a persistent and wasteful problem

**III. MS. WHITT'S FORMER EMPLOYEE STATUS DOES NOT DISQUALIFY HER AS A WITNESS.**

Apple argues that because Ms. Whitt is no longer an Apple employee, she "is

not an Apple witness . . . [and] she does not speak for Apple." ECF 582-1 at 3. Yet, Apple will call a former Apple employee, Dan Leiva to testify for Apple about "pre-suit communications between Apple and Pinn." ECF 324 at 4. Mr. Leiva left Apple long ago and now works for eBay. Apple has no problem relying upon his testimony at trial on the same subject matter as Ms. Whitt. *See* ECF 324 at 5 (Whitt subject matter includes "pre-suit communications between Apple and Pinn").

## IV. REOPENING DISCOVERY IS UNFAIR TO PINN.

Reopening discovery for a deposition of a new fact witness will not cure the prejudice to Pinn; it will compound it. The parties are preparing for trial, and Pinn has no idea what Ms. Harlow would testify about because Apple will say no more than that Ms. Harlow will be bound by Whitt's prior testimony. This begs the question of why this is necessary.

## V. "█████████████"

Apple claims that "Jayna Whitt is no longer an Apple employee and is now █████████ to Apple." ECF 582-1 at 3 (emphasis in original). Apple fails to state (and has refused to tell Pinn) whether Ms. Whitt resigned or was terminated by Apple. If she was terminated shortly after the Court's adverse ruling on Apple's last motion, it would appear Apple is trying to manipulate the facts to gain a strategic advantage in this litigation.

Apple fails to offer any cogent explanation for how Ms. Whitt is "████████" to Pinn. To Pinn's knowledge, Ms. Whitt has neither ████████ ███████████████████████████, and Apple provides no evidence to the contrary. The fact that she has hired an attorney is of no consequence.

Apple fails to explain why it cannot elicit the factual testimony it needs from Ms. Whitt – who presumably retains all of the knowledge she had a few months ago before her employment issue arose. Apple does not and cannot explain how her current employment status or legal relationship with Apple renders her incompetent

to testify about facts that existed when she was employed by Apple.

Apple claims that it has not "entered [into] any post-employment agreements" with Ms. Whitt (id. at 3 n.2) but fails to admit or deny the existence of other agreements, such as employment agreements, stock purchase agreements, stock redemption agreements, share buyout agreements, etc. The current status between Apple and Ms. Whitt is opaque at best. We know from her attorney Ms. Chang that no action is currently pending against Apple.

Of course, trial should be a search for the truth and not simply an exercise in courtroom theater. *See Mann v. Ryan*, 828 F.3d 1143, 1153 (9th Cir. 2016) (extolling "the very nature of a trial as a search for truth"), citing *Nix v. Whiteside*, 475 U.S. 157, 166, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986). To the extent Whitt's employment status may cause her to have some sort of anti-Apple bias, then Apple can explore that at trial. But nothing in the record suggests that Ms. Whitt, an attorney licensed in California, intends to shape her testimony based upon the whims and conduct of Apple's management.

Finally, Apple invokes Covid, which has nothing to do with this issue.

## VI.   CONCLUSION

The mere filing of Apple's Motion has already disrupted the Court's and Pinn's pretrial preparations. Pinn will be unfairly prejudiced if it is forced to drop everything to prepare for and take Ms. Harlow's deposition less than a week before trial. Pinn will be further prejudiced if Ms. Harlow is allowed to present trial testimony on subjects that were not previously disclosed. Apple already filed this motion and lost.

| | | |
|---|---|---|
| 1 | Dated: July 22, 2022 | CONNOR LEE & SHUMAKER PLLC |
| 2 | | */s/ Cabrach Connor* |
| 3 | | **Ryan E. Hatch** |
| | | ryan@hatchlaw.com |
| 4 | | California Bar No. 235577 |
| 5 | | **HATCH LAW, PC** |
| | | 13323 Washington Blvd., Ste. 100 |
| 6 | | Los Angeles, CA 90066 |
| 7 | | Tel: (310) 279-5076 |
| | | Fax: (310) 693-5328 |
| 8 | | |
| 9 | | **David A. Skeels** (admitted *pro hac vice*) |
| | | dskeels@whitakerchalk.com |
| 10 | | Texas Bar No. 24041925 |
| 11 | | **WHITAKER CHALK SWINDLE & SCHWARTZ PLLC** |
| 12 | | 301 Commerce St., Ste. 3500 |
| | | Ft. Worth, TX 76102 |
| 13 | | Tel: (817) 878-0500 |
| | | Fax: (817) 878-0501 |
| 14 | | |
| 15 | | **Cabrach J. Connor** (*admitted pro hac vice*) |
| | | cab@clands.com |
| 16 | | Texas Bar No. 24036390 |
| 17 | | Jennifer Tatum Lee (*admitted pro hac vice*) |
| | | jennifer@clands.com |
| 18 | | Texas Bar No. 24046950 |
| 19 | | **CONNOR LEE & SHUMAKER PLLC** |
| | | 609 Castle Ridge Rd., Ste. 450 |
| 20 | | Austin, TX 78746 |
| 21 | | Tel: (512) 777-1254 |
| | | Fax: (888) 387-1134 |
| 22 | | |
| 23 | | Attorneys for Plaintiff PINN, INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 22, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Cabrach Connor
Cabrach Connor