Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(A)**<br><br>Trial Date:  August 2, 2022<br>Time:  9:00 a.m.<br>Courtroom:  10 A<br>Judge:  Hon. David O. Carter |

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Apple Inc. ("Apple") hereby moves for judgment as a matter of law ("JMOL") that it does not infringe asserted claim 10 of U.S. Patent No. 10,455,066 ("the '066 Patent") and asserted claim 25 of U.S. Patent No. 10,609,198 ("the '198 Patent") (collectively "the Asserted Patents" and "the Asserted Claims"); that the Asserted Claims are not entitled to an effective filing date of April 3, 2015, when Plaintiff Pinn, Inc. ("Pinn") filed its first provisional patent application; that Pinn failed to apportion damages or tie damages to the claims; and that Pinn failed to prove willful infringement.

"Rule 50(a) permits a federal court to direct entry of judgment as a matter of law when after 'a party has been fully heard on an issue' 'the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.' Fed. R. Civ. P. 50(a). The court must enter a directed verdict when 'there is no substantial evidence to support the claim.'" *Elliott v. Versa CIC, L.P.*, 2019 WL 414499, at *5 (S.D. Cal. 2019) (granting JMOL and citing *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975)); *see also* Retractable Techs., Inc. v. Becton, Dickinson & Co., 653 F.3d 1296, 1313 (Fed. Cir. 2011) (reversing denial of JMOL of noninfringement); *Nite Glow Indus. Inc. v. Cent. Garden & Pet Co.*, No. 2020-1897, 2021 WL 2945556, at *12 (Fed. Cir. July 14, 2021) (affirming JMOL of noninfringement).

Here, plaintiff Pinn has been fully heard, and there is no substantial evidence to support its infringement, priority, damages, and willfulness claims.

**Noninfringement:** Plaintiffs bear the burden of proving infringement for each and every accused product, including separately for each and every limitation of each and every asserted claim. *See* 35 U.S.C. § 271(a); *Riles v. Shell Expl. & Prod. Co.*, 298 F.3d 1302, 1308 (Fed. Cir. 2002). *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005); 2018 AIPLA Model Patent Jury Instructions at 3.0.

In this trial, Pinn has accused Apple AirPods generation 2 and Apple AirPods Pro ("accused AirPods"). Pinn has failed to establish infringement of the Asserted Claims for at least the following reasons:

- First, Pinn failed to introduce substantial evidence that the accused AirPods initiate pairing in response to pressing a user input button on the case. The claims require that "in response to pressing of the user input button of the mobile base station, the at least one processor is configured to execute computer program instructions stored in the at least one memory to initiate processing for the wireless pairing" with the smartphone. Indeed, Rob Watson showed that it is "impossible for an AirPod – or, the AirPod case to initiate pairing."

- Second, Pinn failed to introduce substantial evidence that the accused AirPods case initiates charging of a battery of the AirPods. The claims require "in response to plugging the wireless earbud into the connection hole, the at least one processor is configured to execute computer program instructions stored in the at least one memory to initiate charging of a battery of the wireless earbud" or "while the wireless earbud is plugged in the connection hole of the mobile base station, the mobile base station is configured to charge a battery of the wireless earbud."

- Third, Pinn failed to introduce substantial evidence that the accused AirPods meet the claim limitations of a "mobile base station." As described above and below, such a base station has specific characteristics and requires computer program instructions that perform certain functions and operations that the AirPods case does not perform, such as initiating pairing and charging.

- Fourth, Pinn failed to introduce substantial evidence that the accused AirPods include a mobile application that causes the AirPods to play

sound while the mobile application is searching for the AirPods. The claims require "wherein the mobile system is configured to generate sound when a mobile application installed on the smartphone is searching for the mobile system while the wireless earbud is paired with the smartphone."  Indeed, Rob Watson demonstrated this element would be "impossible" to infringe because the application could not cause the earbuds to make a sound when it is "searching" (*i.e.,* before the earbuds are found and connected).  In response, Pinn expert Dr. Rhyne tried to rewrite the claim, which is legally impermissible.

**No Priority:**  The Court ruled that Apple bears the burden of proving lack of priority if Pinn meets its burden of production. *See* Dkt. 526. Pinn has failed to meet that burden of production because it failed to introduce evidence that the Asserted Claims have written description support in the April 3, 2015 provisional. Pinn's expert Dr. Nettles admitted the provisional discloses a relay system where the "main body" has first and second wireless modules and serves as a relay between the phone and earbuds.  By contrast, the Asserted Claims recite a direct connection between the phone and earbuds.  Pinn also failed to establish that the Pinn provisional discloses a button and computer program instructions that initiate pairing the earbud to the phone.  Dr. Nettles admitted that the provisional discloses a button that pairs the personal wireless media station, not the earbud, to the phone. Thus, Pinn failed to meet its burden as articulated by the Court.  *See Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1571-72 (1997) ("Entitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed. It extends only to that which is disclosed.").

Apple also preserves its previous position (rejected by this Court) that Pinn bears the burden of persuasion on priority because there is no presumption that claims are entitled to an earlier effective filing date. *See PowerOasis, Inc. v. T-*

*Mobile USA, Inc.*, 522 F.3d 1299, 1303-1306 (Fed. Cir. 2008) ("The PTO's own procedures indicate that examiners do not make priority determinations except where necessary . . . The district court therefore correctly placed the burden on [patentee] *PowerOasis* to come forward with evidence to prove entitlement to claim priority to an earlier filing date."); *D Three Enterprises, LLC v. SunModo Corp.*, 890 F.3d 1042, 1049 (Fed. Cir. 2018) ("patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference").

**No Damages:** In *VirnetX,* the Federal Circuit vacated a large jury verdict against Apple where the patentee based damages on the "smallest saleable unit containing the patented feature" without further apportionment. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014). The court explained "the Supreme Court long ago observed that a patentee 'must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative.'" *Id.*, quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884).

Here, Pinn purported to apportion by relying on license agreements between Pinn and Google/Samsung. However, Pinn failed to introduce substantial evidence that its claimed royalty is equivalent to the small lump sums paid by Google and Samsung. Thus, Pinn failed to apportion.

In addition, the Federal Circuit requires that the patentee "carefully tie proof of damages to the claimed invention's footprint in the market place." *VirnetX,* 767 F.3d at 1328-29. Here, Pinn failed to introduce substantial evidence that its claimed royalty is tied to the claimed invention. Indeed, instead of tying its damages to the Asserted Claims, it focused on non-claimed features such as "affordances" and "affinity clusters."

**No Willfulness:** Willful infringement requires proof of the following by Pinn: (1) that Apple knew about the Pinn asserted patents; (2) that Apple intentionally infringed the Asserted Claims of the asserted patents; and (3) that Apple's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful or flagrant, or of the characteristic of a pirate." *See Halo Elecs.*, 136 S. Ct. 1923 (2016); 2019 AIPLA Model Patent Jury Instructions at 11.0. Here, Pinn failed to introduce substantial evidence meeting this standard. Pinn conceded that Apple did not copy, and Apple has maintained strong, good faith defenses ever since it learned of the Asserted Patents during the course of this lawsuit.

**Conclusion:** For the reasons stated above, this Court should grant judgment as a matter of law of noninfringement, no priority, no damages, and no willfulness under Rule 50(a).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 6, 2022 | FISH & RICHARDSON P.C. |
| 3 | | |
| 4 | | By: */s/ Christopher S. Marchese*<br>Christopher S. Marchese (SBN 170239) |
| 5 | | marchese@fr.com<br>FISH & RICHARDSON P.C. |
| 6 | | 633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071 |
| 7 | | Tel: (213) 533-4240<br>Fax: (858) 678-5099 |
| 8 | | |
| 9 | | Roger A. Denning (SBN. 228998)<br>denning@fr.com |
| 10 | | Seth M. Sproul (SBN 217711)<br>sproul@fr.com |
| 11 | | John W. Thornburgh (SBN 154627)<br>thornburgh@fr.com |
| 12 | | FISH & RICHARDSON P.C. |
| 13 | | 12860 El Camino Real, Suite 400<br>San Diego, CA 92130 |
| 14 | | Tel: (858) 678-5070<br>Fax: (858) 678-5099 |
| 15 | | |
| 16 | | Joy B. Kete *(pro hac vice)*<br>kete@fr.com |
| 17 | | FISH & RICHARDSON P.C.<br>One Marina Park |
| 18 | | Boston, MA 02210<br>Tel: 617-542-5070 |
| 19 | | Fax: 617-542-8906 |
| 20 | | |
| 21 | | Karrie E. Wheatley (*pro hac vice*)<br>wheatley@fr.com |
| 22 | | FISH & RICHARDSON P.C.<br>1221 McKinney St., Suite 2800 |
| 23 | | Houston, TX 77010 |
| 24 | | Attorneys for Defendant APPLE INC. |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |