Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(A)**<br><br>Trial Date:  August 2, 2022<br>Time:        8:30 a.m.<br>Courtroom: 10 A<br>Judge:       Hon. David O. Carter |

1  Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Apple Inc. ("Apple") hereby moves for judgment as a matter of law ("JMOL") that claim 10 of U.S. Patent No. 10,455,066 ("the '066 Patent") and claim 25 of U.S. Patent No. 10,609,198 ("the '198 Patent") (collectively "the Asserted Patents" and "the Asserted Claims") are not entitled to an effective filing date of April 3, 2015, when Plaintiff Pinn, Inc. ("Pinn") filed its first provisional patent application; that the Asserted Claims are invalid as obvious; and that claim 10 of the '066 Patent is invalid because Sean Kim is not the sole inventor. This motion supplements Apple's previous JMOL motion (Dkt. No. 624) now that Apple has presented its case.

"Rule 50(a) permits a federal court to direct entry of judgment as a matter of law when after 'a party has been fully heard on an issue' 'the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.' Fed. R. Civ. P. 50(a). The court must enter a directed verdict when 'there is no substantial evidence to support the claim.'" *Elliott v. Versa CIC, L.P.*, 2019 WL 414499, at *5 (S.D. Cal. 2019) (granting JMOL and citing *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975)). JMOL may be granted in favor of a party with the burden of proof. *E.g.*, *Asyst Techs., Inc. v. Empak, Inc.*, No. C 98-20451JF, 2007 WL 2255220 (N.D. Cal. Aug. 3, 2007) (granting JMOL of obviousness), *aff'd sub nom. Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310 (Fed. Cir. 2008)

**No Priority:** Apple has proven by clear and convincing evidence that the Asserted Claims are not entitled to an effective filing date of April 3, 2015. *See, e.g.*, 35 U.S.C. § 112(a); Federal Circuit Bar Association Model Jury Instructions, B.4.2a; *Ariad Pharms. Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1344-46 (Fed. Cir. 2010); *Takeda Pharm. Co. v. Zydus Pharms. USA, Inc.*, 743 F.3d 1359, 1369 (Fed. Cir. 2014); *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1337 (Fed. Cir. 2005).

At trial, Apple proved the Asserted Claims are not entitled to an effective filing date of April 3, 2015 because they lack written description support in Pinn's

1. provisional patent application.  Dr. Wells demonstrated the provisional discloses a relay system where the "main body" has first and second wireless modules and serves as a relay between the phone and earbuds.  By contrast, the Asserted Claims recite a direct connection between the phone and earbuds.  Pinn's expert Dr. Nettles also admitted the provisional discloses a relay system where the "main body" has first and second wireless modules and serves as a relay between the phone and earbuds.  Dr. Wells also demonstrated the Pinn provisional fails to disclose a button and computer program instructions that initiate pairing the earbud to the phone.  Dr. Nettles also admitted the provisional discloses a button that pairs the personal wireless media station, not the earbud, to the phone.  Thus, there is no substantial evidence that the Asserted Claims are entitled to priority.  *See Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1571-72 (1997) ("Entitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed. It extends only to that which is disclosed.").

Pinn has introduced no substantial evidence to the contrary, making judgement as a matter of law in Apple's favor appropriate.

**Obviousness:**  Apple has proven by clear and convincing evidence that the Asserted Claims are invalid as obvious.  *See, e.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3c; *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1129 (Fed. Cir. 2000).

If the Court rules in Apple's favor on priority, Pinn has essentially conceded that the Asserted Claims are obvious over Watson.  In addition, Pinn concedes the Apple iPhone Bluetooth Headset is prior art, and Apple has established that it also renders the Asserted Claims obvious.  To the extent required, Apple has also demonstrated that it would be obvious to combine Watson or Bluetooth Headset with secondary references, such as Lydon (which discloses a button on the base station),

Kalayjian (which discloses "find my"), and the Watson patent filed in 2014 disclosing the use of "find my" with AirPods.

A person of ordinary skill would be motivated to combine these references because all relate to Apple and iPhones and because they disclose logical enhancements to the primary references.  In other words, a person having ordinary skill in the art would have been motivated to combine the teachings of prior art references to achieve the subject matter of one or more of the asserted claims, and would have had a reasonable expectation of success in doing so.

In addition, the secondary considerations relating to the claimed subject matter, including of the commercial failure of the Pinn product, lack of nexus to the success of the Accused Products, teaching away, and no copying, do not support or suggest the non-obviousness of the asserted claims.

Pinn has introduced no substantial evidence to the contrary, making judgement as a matter of law in Apple's favor appropriate.

**Improper Inventorship:**  Apple has proven by clear and convincing evidence that Pinn improperly deleted Jason Stone, Vincent Pascual, Lawson Fisher, and Devjeet Mishra of Speck Design as named inventors of the '066 patent, making the Asserted Claim of the '066 patent invalid.  *See* 35 U.S.C. § 115(a); 35 U.S.C. § 101; MPEP 2157.

Apple demonstrated that each of these individuals signed an oath that they were inventors and that they were deleted after the claims were final (*i.e.*, after final amendments and allowance).  The testimony of Vincent Pascual, Lawson Fisher, Devjeet Mishra, Sean Kim, and Mincheol Kim also demonstrated these individuals contributed to the '066 patent, including the figures, the pogo connectors, and the claimed "integrated body."  They were also deleted without being consulted.

Pinn has introduced no substantial evidence to the contrary, making judgement as a matter of law in Apple's favor appropriate.

**Conclusion:** For the reasons stated above, this Court should grant judgment as a matter of law of no priority, obviousness, improper inventorship under Rule 50(a).

Dated: August 9, 2022  FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240
Fax: (858) 678-5099

Roger A. Denning (SBN. 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070
Fax: 617-542-8906

Karrie E. Wheatley *(pro hac vice)*
wheatley@fr.com
FISH & RICHARDSON P.C.
1221 McKinney St., Suite 2800
Houston, TX 77010

Attorneys for Defendant APPLE INC.