Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTIONS *IN LIMINE* NOS. 17-20**<br><br>Trial Date:    January 4, 2023<br>Courtroom:   10 A<br>Judge:         Hon. David O. Carter |

1  TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT on October 17, 2022 at 8:30 a.m., or as soon
3  thereafter as the matter may be heard in the United States District Court, Central
4  District of California, Southern Division, located at 411 West Fourth Street,
5  Courtroom 10A, Santa Ana, CA 92701, before the Honorable David O. Carter,
6  Defendant Apple Inc. ("Defendant") will move, and hereby does present for hearing
7  by this Court these Motions *in Limine* Nos. 17-20 to address issues that became
8  apparent at the first trial.

9  This motion is made pursuant to Fed. R. Civ. P. 26 and/or Federal Rules of
10 Evidence, as well as the Local Rules applicable thereto.  This motion is based on this
11 notice of motion, the accompanying memorandum of points and authorities, any
12 associated exhibits, and such additional papers and arguments as may be presented at
13 or in connection with the hearing.

14 This motion is made following the conferences of counsel pursuant to Local
15 Rules 7-3 and 16-2, which took place on August 29, 2022 and September 8, 2022.

| | | |
|---|---|---|
| 1 | Dated: September 15, 2022 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Christopher S. Marchese* |
| | | Christopher S. Marchese (SBN 170239) |
| 4 | | marchese@fr.com |
| | | FISH & RICHARDSON P.C. |
| 5 | | 633 West Fifth Street, 26th Floor |
| | | Los Angeles, CA 90071 |
| 6 | | Tel: (213) 533-4240 |
| 7 | | Fax: (858) 678-5099 |
| 8 | | Roger A. Denning (SBN. 228998) |
| | | denning@fr.com |
| 9 | | Seth M. Sproul (SBN 217711) |
| | | sproul@fr.com |
| 10 | | John W. Thornburgh (SBN 154627) |
| 11 | | thornburgh@fr.com |
| | | K. Nicole Williams (SBN 291900) |
| 12 | | nwilliams@fr.com |
| | | FISH & RICHARDSON P.C. |
| 13 | | 12860 El Camino Real, Suite 400 |
| 14 | | San Diego, CA 92130 |
| | | Tel: (858) 678-5070 |
| 15 | | Fax: (858) 678-5099 |
| 16 | | Joy B. Kete *(pro hac vice)* |
| 17 | | kete@fr.com |
| | | FISH & RICHARDSON P.C. |
| 18 | | One Marina Park |
| | | Boston, MA 02210 |
| 19 | | Tel: 617-542-5070 |
| 20 | | Fax: 617-542-8906 |
| 21 | | Karrie E. Wheatley (*pro hac vice*) |
| | | wheatley@fr.com |
| 22 | | FISH & RICHARDSON P.C. |
| 23 | | 1221 McKinney St., Suite 2800 |
| | | Houston, TX 77010 |
| 24 | | |
| 25 | | Attorneys for Defendant APPLE INC. |
| 26 | | |
| 27 | | |
| 28 | | |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. LEGAL STANDARD ............................................................................... 1

III. ARGUMENT ............................................................................................. 2

    A. Exclude Argument, Evidence, or Questions Suggesting Apple's Patents Are Evidence of Infringement (MIL No. 17) .............................. 2

    B. Exclude Argument, Evidence, or Questions About Made-Up "Rules" (MIL No. 18) ................................................................................ 4

    C. Exclude Distracting and Prejudicial Props (MIL No. 19) ...................... 5

    D. Exclude Argument, Evidence, or Questions Regarding Apple's Dropped Defenses (MIL No. 20) ............................................................. 6

IV. CONCLUSION ......................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Assur. Co. v. Am. President Lines, Ltd.*,
    44 F.3d 774 (9th Cir. 1994) ........................................................................... 2

*AVM Techs. LLC v. Intel Corp.*,
    No. CV 15-33-RGA, 2017 WL 2938191 (D. Del. Apr. 19, 2017)
    (Andrews, J.) .................................................................................................. 7

*Buckley v. Evans*,
    No. 2:02-cv-01451, 2007 WL 2900173 (E.D. Cal. Sept. 28, 2007) ............ 1, 2

*Digital Reg of Tex.*,
     2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ............................................. 7

*Larez v. City of Los Angeles*,
    946 F.2d 630 (9th Cir. 1991) ......................................................................... 2

*Magnivision, Inc. v. Bonneau Co.*,
    115 F.3d 956 (Fed. Cir. 1997) ....................................................................... 1

**Other Authorities**

Fed. R. Evid. 401 ................................................................................................. 1

Fed. R. Evid. 402 ................................................................................................. 1

Fed. R. Evid. 403 ............................................................................................. 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") hereby moves *in limine* to exclude improper argument, evidence, or questions based on Pinn's conduct in the first trial. For example, Pinn frequently and improperly argued that Apple's patents are evidence of infringement. This is legally and factually wrong and should be excluded. In addition, Pinn argued made-up "rules" in opening and throughout trial. Pinn's "rules" are incorrect as a matter of law, and regardless, only the Court can instruct on rules, so these too should be excluded. Pinn also distracted the jury with improper props at counsel table, which should be excluded. Finally, in the second trial Apple intends to drop two of its noninfringement defenses ("charging" and "mobile base station") to streamline the second trial. Just as the Court ruled that Apple could not refer to Pinn's dropped claims and products, it should preclude Pinn from referring to Apple's dropped infringement defenses.

## II. LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Furthermore, even if deemed relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Fed. R. Evid. 403.

"Although the trial court has substantial discretion in determining the evidence to be admitted, the ultimate fact must be 'of consequence to the determination of the action,' in the words of Federal Rule of Evidence 401." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997). "In any trial there is a risk that in McCormick's phrase, 'the sideshow will swallow up the circus.' That is that side issues of only tangential relevance will take up inordinate time and divert the jury from the real issues in the case. The trial court's weapons to prevent this [include] the Federal Rule of Evidence 403[.]" *Buckley v. Evans*, No. 2:02-cv-01451, 2007 WL 2900173, at *4 & n.13 (E.D. Cal. Sept. 28, 2007).

"Rule 403 is primarily invoked to avoid waste of time, confusion of the issues and needless presentation of cumulative evidence." *Id.* at *4. Unfair prejudice under Rule 403 "involves an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (quoting Notes on the Advisory Committee on the 1972 Proposed Rules for Fed. R. Evid. 403). "Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case." *Am. Home Assur. Co. v. Am. President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994).

## III. ARGUMENT

### A. Exclude Argument, Evidence, or Questions Suggesting Apple's Patents Are Evidence of Infringement (MIL No. 17)

The Court properly instructed the jury that "[y]ou must compare ***the product*** with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met." Instruction No. 17 (emphasis added). However, Pinn spent much of the trial urging the jury to compare two particular Apple's ***patents*** to Pinn's patent claims, Exhibits 115 and 1099. Pinn failed to lay a foundation connecting the patents to the design or operation of the accused Apple Airpods as sold. Far from it, the record was uncontested that these two patents in particular did not represent the final AirPods design. Use of these patents to show infringement was thus misleading and prejudicial.

Nevertheless, Pinn used these patents for at least two of the contested limitations. For example, both asserted claims comprise a limitation reciting how the mobile system initiates wireless pairing. Counsel asked Apple engineers Kurt Stiehl and Rob Watson to confirm that Apple's '446 patent (Exhibit 115) disclosed a button on the case that would initiate pairing with a phone. *See* Dkt. No. 660 at 28:9-14; Dkt. No. 662 at 57:5-57:15 (asking Mr. Watson to confirm that Apple "told the whole world" in the '446 patent that the button on the case can "initiate pairing"). To

undermine Apple's non-infringement defense that *the earbuds* and not the charging case initiated charging, Pinn counsel presented Apple's source code expert (Dr. Cooperstock) with another Apple patent (Exhibit 1099) that he had never seen before and asked him to confirm that this patent disclosed an embodiment wherein *the case* initiated charging of the earbuds for the Airpods. Dkt. No. 660 at 17:25-18:18. In closing argument, Pinn told the jury to look at Exhibit 1099 "back in the jury room with you" to decide whether the AirPods infringe. Dkt. No. 656 at 14:1-9.

Pinn's use of Apple's patents was misleading and unfairly prejudicial. For example, it was established that Apple's patents often describe early or alternate ideas not implemented in the final product. *See* Dkt. No. 660 at 9:16-17 (testifying that Apple has "several patents that captured many of the *ideas* we generated while working on the AirPods project") (emphasis added). As to Exhibit 1099, after Pinn's counsel elicited testimony from Dr. Cooperstock that this patent shows charging initiated in the case, on redirect Dr. Cooperstock testified that the embodiment shown in Exhibit 1099 does not reflect the charging circuitry in the AirPods products—rather, it showed a case that contains charging circuitry for *both* the earbuds batteries and the case battery, whereas in the actual AirPods, the charging circuitry for the earbud batteries is in the earbuds themselves and not in the case. Dkt. No. 673 at 20:20-22:1. The fact that the charging circuitry for the earbuds is in the earbuds and not the case was uncontested, so testimony about Apple patents that showed the charging circuitry in the case was misleading. Pinn similarly misled the jury with respect to Apple's '446 patent (Exhibit 115). Mr. Stiehl (one of the named inventors) testified that this patent arose from early work on the AirPods, and that the '446 patent captured many of the *ideas* that were generated during the AirPods development project, but did not represent the AirPods as sold to customers. Dkt. No. 660 at 22:12-15; 25:24-25; 70:1-4. Yet Pinn repeatedly suggested that the '446 patent described the AirPods. Dkt. No. 660 at 27:14-30:24 (asking Mr. Stiehl about '446 patent specification disclosures describing the pairing button on a case of an embodiment).

Concerned about this issue, Apple raised a similar issue in its MIL No. 6 with regard to the '446 patent. The Special Master recommended granting that motion, but the Court denied it because the Court "expressly relie[d] on the statements by Plaintiff's counsel that Plaintiff will not use the '446 Patent to argue infringement." Dkt. No. 459 at p. 17. Unfortunately, Pinn did not honor those representations. As shown above, it expressly argued the '446 patent and Exhibit 1099 could be used to infer that the embodiments in these particular Apple patents accurately describe how the AirPods operate and were thus proper evidence of infringement. Yet there was no foundation laid for this argument—that these particular Apple's patents (Exhibits 115 and 1099) accurately describe its products, and in fact, the opposite was established. The Jury could only have been confused by such arguments, especially given the misleading misrepresentations and emphasis given these arguments by Pinn. The law requires comparison of Pinn's asserted claims to Apple's products (only).

Given this history, the Court should preclude any argument, evidence, or questions suggesting Apple's Patents are evidence of infringement.

### B. Exclude Argument, Evidence, or Questions About Made-Up "Rules" (MIL No. 18)

In opening, Pinn counsel announced three "rules" that would govern trial: "Rule number one [sic] is that being first to the Patent Office Matters. Rule Number 2 is infringers have to pay. Very simple. And Rule Number 3 is that those rules apply to everybody, even Apple." Dkt. No. 658 at 36:13-18.

Pinn then referred to these "rules" throughout trial. For example, counsel reminded Apple engineer Kurt Stiehl that "the first rule is that being first to the Patent Office matters" and then asked: "You agree with that rule, right?" Dkt. No. 660 at 13:12-13. Counsel went on to ask Mr. Stiehl if he agreed with "Rule Number 2: That if you infringe a patent, you have to pay?" *Id.* at 14:7-8. Pinn counsel also pressed a second Apple engineer, Rob Watson, to agree with the rule "that being first to the Patent Office" matters. Dkt. No. 669 at 14:20-21. In closing arguments, rather than

1 refer to the Court's jury instructions for the correct legal tests, counsel reverted to the
2 three "rules" from opening. *See* Dkt. No. 656 at 7:20-21 ("We started out with the
3 rules. Rule number one, being first to the Patent Office matters."); *id.* at 9:2-4 ("If
4 Apple infringes, and they do, these two claims, they must pay. That was rule number
5 two. They really hate that rule.").

6 However, Pinn's "rules" are made up and not contained in the Court's jury
7 instructions. Permitting Pinn to refer to such "rules" is misleading and prejudicial
8 and usurps the Court's role in providing the rules and law to the jury.

9 The Court should therefore preclude any argument, evidence, or questions
10 based on "rules" that are not contained in the Court's jury instructions.

11 **C. Exclude Distracting and Prejudicial Props (MIL No. 19)**

12 At the first trial, Pinn prominently displayed distracting and prejudicial
13 materials at counsel table, including a 3 or 4 inch fire-engine red binder with Apple's
14 logo and the words "Apple's Admissions," a green folder labeled "First to File
15 Evidence," and a lock box with a red folder containing source code. Illustration
16 below:



27 These props were distracting, misleading, and unduly prejudicial. Apple's
28 "admissions" introduced into evidence fit onto a handful of pages; there was no need

for a large binder, and certainly not a vivid red, 3-4" binder with Apple's logo and a label saying "Apple's Admissions." There is also nothing unusual about a party responding to requests for admission, and thus the large fire-engine red binder was used for no reason other than to portray Apple in an unfair negative light. Pinn also is not authorized to use Apple's logo. Likewise, there is nothing unusual about a party designating source code confidential under a protective order, and thus the lockbox with the internal red folder containing the source code was pure showmanship designed to unfairly prejudice Apple and mislead the jury into thinking Apple had done something wrong in seeking to maintain the confidentiality of its code. Pinn's effort to transform routine litigation conduct into high drama was misleading, confusing, and unfairly prejudicial.

The Court should therefore preclude all such props at counsel table, including the "Apple's Admissions" binder, the green "Pinn First to File Evidence" folder, and the source code lock box.

### D. Exclude Argument, Evidence, or Questions Regarding Apple's Dropped Defenses (MIL No. 20)

Apple will seek to streamline the second trial by spending more time on fewer defenses. Notably, it plans to drop its non-infringement defenses related to the "charging" and "mobile base station" claim elements.[1]

Pinn should not be permitted to capitalize on Apple streamlining its case. After Pinn dropped numerous patent claims and some accused products, the Court granted Pinn's MIL 14 to exclude reference to dropped claims and products. Dkt. No. 459 at p. 9. The Court should enter an identical ruling with respect to dropped defenses.

The same rationale applies. As the Technical Special Master explained, Pinn's own cited authority "is persuasive that evidence of dropped claims is 'not probative of [the accused infringer's] state of mind with respect to its alleged willful or indirect

---

[1] To be clear, Apple does not concede its accused products practice the charging limitations of the asserted claims because AirPods are not charged in the way claimed, nor do AirPods constitute the claimed "mobile base station." Even so, Apple prefers to spend its trial time on fewer defenses.

infringement of the separate claims that remain.'" Dkt. No. 411 at pp. 46-47, citing *Digital Reg of Tex.*, 2014 WL 4090550, at *10 (granting a motion *in limine* regarding the plaintiff's "decision to drop claims during litigation" as "not relevant to the issues to be tried"), and *AVM Techs. LLC v. Intel Corp.*, No. CV 15-33-RGA, 2017 WL 2938191, at *2 (D. Del. Apr. 19, 2017) (Andrews, J.) ("The fact that claims, theories, contentions, opinions, etc., were previously asserted, but are now withdrawn, has no independent relevance, and, in the world of patent litigation, where such events happen all the time, with the encouragement of the court to reduce the complexity of cases going to trial, such evidence would just invite speculation and sideshows about why lawyers and litigants litigate cases the way they do."). Notably, the cited *AVM* case was addressing a dropped *defense*. 2017 WL 2938191, at *2. And speculation about "why lawyers and litigants litigate cases the way they do" would create just as much of a sideshow for Apple's dropped defenses as Pinn's dropped claims.

Pinn should likewise not be permitted to question Apple's witnesses on its dropped defenses in an attempt to manufacture additional disputes. Obviously Apple's witnesses cannot change their sworn testimony, but they will not address the dropped limitations if Pinn does not bring them up. Likewise, Pinn's witnesses should not be permitted to comment on Apple narrowing the case in this way.

Granting this MIL will not impede Pinn's ability to meet its burden on infringement. At trial, Pinn's expert Dr. Rhyne did not rely on testimony from Apple fact witnesses for his opinion on "charging" and "mobile base station." Dr. Rhyne relied on his inspection of the AirPods and the opinion of Pinn's expert on source code for his conclusion that the "charging" limitation is met. Dkt. No. 670 at 23:20-28:18. For "mobile base station," Dr. Rhyne based his opinion that the limitation was met on his own observation: "There's no doubt but that they're mobile. I had them in my pocket when I walked over here from the hotel." Dkt. No. 670 at 15:21-23. Dr. Rhyne will be able to testify exactly as he did at trial except that he will not have to spend time rebutting testimony from Apple's fact witnesses related to Apple's non-

infringement defenses. In turn, Apple will not elicit testimony from its witnesses to rebut Dr. Rhyne's infringement opinion on "mobile base station" and "charging."

Moreover, Apple dropped other non-infringement defenses before the first trial—Pinn did not comment or elicit testimony on those defenses, and thus cannot be heard to argue prejudice as to the present motion. For example, Apple previously contended that AirPods do not meet the claim limitation that "the mobile base station is configured to obtain characteristics of the wireless earbud and send the characteristics to the at least one processor non-infringement contentions." '066 patent, claim 10. In fact, Apple included this non-infringement defense in the jointly filed [Proposed] Pretrial Conference Order. Dkt. No. 350-1 at 34-35. Pinn was silent on this dropped defense at the first trial, and should be ordered to do the same here.

The Court should therefore preclude any argument, evidence, or questioning of Apple's witnesses regarding Apple's dropped defenses.[2]

## IV. CONCLUSION

Apple respectfully requests that the Court exclude the materials discussed herein.

---

[2] This MIL should also exclude at least the following testimony and demonstratives from the first trial: DDX.25, DDX.28, DDX.37, DDX.39, DDX.41, DDX-47; Dkt. No. 673 at 43:15-45:9, 47:20-25, 53:2-18, 53:19-54:2.

| | | |
|---|---|---|
| Dated: September 15, 2022 | | FISH & RICHARDSON P.C. |
| | By: | */s/ Christopher S. Marchese* |
| | | Christopher S. Marchese (SBN 170239)<br>marchese@fr.com<br>FISH & RICHARDSON P.C.<br>633 West Fifth Street, 26th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 533-4240<br>Fax: (858) 678-5099 |
| | | Roger A. Denning (SBN. 228998)<br>denning@fr.com<br>Seth M. Sproul (SBN 217711)<br>sproul@fr.com<br>John W. Thornburgh (SBN 154627)<br>thornburgh@fr.com<br>K. Nicole Williams (SBN 291900)<br>nwilliams@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Tel: (858) 678-5070<br>Fax: (858) 678-5099 |
| | | Joy B. Kete *(pro hac vice)*<br>kete@fr.com<br>FISH & RICHARDSON P.C.<br>One Marina Park<br>Boston, MA 02210<br>Tel: 617-542-5070<br>Fax: 617-542-8906 |
| | | Karrie E. Wheatley (*pro hac vice*)<br>wheatley@fr.com<br>FISH & RICHARDSON P.C.<br>1221 McKinney St., Suite 2800<br>Houston, TX 77010 |
| | | Attorneys for Defendant APPLE INC. |