1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| PINN, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | **Case No. 8:19-cv-1805-DOC-JDE**<br><br>**EXHIBIT A**<br><br>**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: John D. Early<br>Tech. Special Master: David Keyzer<br><br>Trial Date:  November 8, 2022<br>Time:          8:30 a.m. |

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

PINN, INC.,

      Plaintiff,

v.

APPLE INC.,

      Defendant.

Case No. 8:19-cv-1805-DOC-JDE

Hon. David O. Carter

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

## PRELIMINARY INSTRUCTION NO. __

## DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## PRELIMINARY INSTRUCTION NO. __

## WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to United States patents. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to exclude others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons or entities believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the PTO. The PTO is an agency of the Federal Government and employs trained Examiners who review applications for patents.  The application includes what is called a "specification," which contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it. The specification concludes

with one or more numbered sentences. These are the patent "claims." If a patent is
eventually granted by the PTO, the claims define the boundaries of its protection
and give notice to the public of those boundaries.

The Examiner reviews the application to determine whether or not the
claims are patentable (appropriate for patent protection) and whether or not the
specification adequately describes the invention claimed. In examining a patent
application, the Examiner reviews certain information about the state of the
technology at the time the application was filed. The PTO searches for and reviews
information that is publicly available or that is submitted by the applicant. This
information is called "prior art." The Examiner reviews this prior art to determine
whether or not the invention is truly an advance over the state of the art at the time.
Prior art is defined by law, and I will give you, at a later time during these
instructions, specific instructions as to what constitutes prior art. However, in
general, prior art includes information that demonstrates the state of technology
that existed before the application was filed. A patent lists the prior art that the
Examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the Examiner
informs the applicant in writing of what the Examiner has found and whether the
Examiner considers any claim to be patentable and, thus, would be "allowed." This
writing from the Examiner is called an "Office Action." If the Examiner rejects the

claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims; the applicant also has an opportunity to change the claims, or to cancel the claims, or to submit new claims. This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue.  The papers generated during these communications between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. In addition, there is the possibility that mistakes were made or that information was overlooked. Examiners have a lot of work to do, and no process is perfect. Also, unlike a court proceeding, patent prosecution takes place without input from those who are later alleged to infringe the patent. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent. A person accused of infringement also has the right here in federal court to deny infringement.

It is your job to consider the evidence presented by the parties and determine independently whether or not Pinn has proven that Apple infringes the patents at issue and whether or not Apple has proven that the patents at issue are invalid.

## PRELIMINARY INSTRUCTION NO. ___

## THE PATENTS AT ISSUE

The case involves United States Patent Nos. 10,455,066 and 10,609,198. For your convenience, the parties and I will often refer to U.S. Patent No. 10,455,066 by its last three numbers, namely, as the "'066 patent." The parties and I will often refer to U.S. Patent No. 10,609,198 by its last three numbers, namely, as the "'198 patent."

The '066 patent is titled: "Mobile System with Wireless Earbud."

The '198 patent is titled: "Personal Media System Including Base Station and Wireless Earbud."

The '066 patent is directed to a personal wireless media station including a base station and a wireless earbud. The personal wireless media station may detect that the wireless earbud is docked to the base station, detect that the wireless earbud is undocked from the base station, and cause sound to begin playing through the wireless earbud while the wireless earbud is undocked from the base station.

The '198 patent is directed to a personal media system including a base station and a wireless earbud. The personal media system interacts with a smartphone for wireless pairing. The base station has a connection hole to receive

the wireless earbud. When the wireless earbud is plugged into the connection hole,

the base station and wireless earbud form an integrated body.

## PRELIMINARY INSTRUCTION NO. ___

## SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

Pinn filed suit in this court seeking money damages from Apple for allegedly infringing the '066 and '198 patents by making, importing, using, selling, and offering for sale in the United States products that Pinn contends are covered by claim 10 of the '066 patent and claim 25 of the '198 patent. These are sometimes referred to as the "Asserted Claims." Pinn also contends that Apple has induced others to infringe the Asserted Claims.  The products that are alleged to infringe are Apple's second generation AirPods and AirPods Pro.

Apple denies that it has infringed the Asserted Claims. Apple also contends that the Asserted Claims are invalid, and thus cannot be infringed. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements. Also, the parties disagree regarding the effective filing date of the Asserted Claims. This may affect what qualifies as prior art in this case.

Your job will be to decide on a claim-by-claim basis whether the Asserted Claims have been infringed and whether or not those claims are invalid. If you decide that any claim of the '066 and '198 patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Pinn to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damages award you give. I will take willfulness into account later.

## PRELIMINARY INSTRUCTION NO. __

## FACTS TO WHICH THE PARTIES HAVE AGREED

The following facts are agreed by Pinn and Apple and require no proof:

1.     Seung Jin Kim is also known as Sean Kim.  Sean Kim is the President of
Plaintiff, Pinn Inc.

2.     U.S. Patent No. 10,455,066 is titled "Mobile System with Wireless Earbud"
and may be referred to as "the '066 patent."

3.     The '066 Patent issued on October 22, 2019.

4.     U.S. Patent No. 10,609,198 is titled "Personal Media System Including Base
Station and Wireless Earbud and may be referred to as "the '198 patent."

5.     The '198 patent issued on March 31, 2020.

6.     Pinn accuses second generation AirPods and AirPods Pro of infringing the
'066 and '198 patents.  These products may be referred to as the "Accused
Product" or the "Accused AirPods" throughout the case.

7.     Apple announced its first generation AirPods in September 2016 and
released that product in December 2016.

8.     Apple released the second generation AirPods in March 2019.

9.     Apple released the AirPods Pro in October 2019.

10.    Apple has sold the Accused Products to customers in the United States.

11.    Apple Inc. is a corporation organized under the laws of the State of California, with a principal place of business at One Apple Park Way, Cupertino, California 95014.

12.    Pinn, Inc. is a corporation organized under the laws of the State of California, with a place of business at 2522 Chambers Rd., Suite 100, Tustin, California 92780.

## PRELIMINARY INSTRUCTION NO. __

## PATENT CLAIMS AND CLAIM CONSTRUCTION

The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed claim-by-claim. When a thing (such as a product) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product where each of the claim elements or limitations is present in that product. You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid.

I have determined the meaning of certain terms in the asserted claims of the '066 and '198 patents. I have provided you with a document reflecting certain words and phrases that are used in those meanings. For any claim term for which I have not provided you with a definition, you will apply the ordinary meaning of that term in the field of the patent. You will apply my definitions of the terms I have construed. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity. Those issues are yours to decide.

## PRELIMINARY INSTRUCTION NO. __

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which Pinn and Apple have agreed; and

4.     any facts that I may instruct you to accept as proved.

## PRELIMINARY INSTRUCTION NO. \_\_

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not

evidence. You are to decide the case solely on the evidence received at the trial.

## PRELIMINARY INSTRUCTION NO. ___

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## PRELIMINARY INSTRUCTION NO. ___

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## PRELIMINARY INSTRUCTION NO. ___

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## PRELIMINARY INSTRUCTION NO. __

## EXPERT OPINION

You will hear testimony from expert witnesses who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## PRELIMINARY INSTRUCTION NO. ___

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors. First, keep an open

mind throughout the trial, and do not decide what the verdict should be until you

and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in

the case and on my instructions as to the law that applies, you must not be exposed

to any other information about the case or to the issues it involves during the

course of your jury duty. Thus, until the end of the case or unless I tell you

otherwise:

> Do not communicate with anyone in any way and do not let anyone
> else communicate with you in any way about the merits of the case or
> anything to do with it. This includes discussing the case in person, in
> writing, by phone, tablet, or computer, or any other electronic means,
> via email, text messaging, or any internet chat room, blog, website or
> application, including but not limited to Facebook, YouTube, Twitter,
> Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social
> media. This applies to communicating with your fellow jurors until I
> give you the case for deliberation, and it applies to communicating
> with everyone else including your family members, your employer,
> the media or press, and the people involved in the trial, although you
> may notify your family and your employer that you have been seated
> as a juror in the case, and how long you expect the trial to last. But, if
> you are asked or approached in any way about your jury service or
> anything about this case, you must respond that you have been
> ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules. A juror

who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## PRELIMINARY INSTRUCTION NO. ___

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## PRELIMINARY INSTRUCTION NO. ___

## OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence.

A preponderance of the evidence means that the fact that is to be proven is more likely true than not, that is, that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor.

On other issues that I will identify for you, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, that is, that you have been left with a clear conviction that the fact has been proven.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be

proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, Pinn will present its evidence in support of its contention that some of the claims of the '066 and '198 patents have been and continue to be infringed by Apple and that the infringement has been and continues to be willful.

To prove infringement of any claim, Pinn must persuade you that it is more likely than not that Apple has infringed that claim. To persuade you that any infringement was willful, Pinn must also prove that it is more likely than not that the infringement was willful.  Apple will then present its evidence that the claims of the '066 and '198 patents are invalid. To prove invalidity of any claim, Apple must persuade you by clear and convincing evidence that the claim is invalid. In addition to presenting its evidence of invalidity, Apple will put on evidence responding to Pinn's evidence of infringement and willfulness.

Pinn may then put on additional evidence responding to Apple's evidence that the claims of the '066 and '198 patents are invalid, and to offer any additional evidence of infringement and willfulness. Apple may then respond to any such additional evidence.  This is referred to as "rebuttal" evidence.

Pinn's "rebuttal" evidence may respond to any evidence offered by Apple.

After the evidence has been presented, the attorneys will make closing arguments
and I will give you final instructions on the law that applies to the case. These
closing arguments by the attorneys are not evidence. After the closing arguments
and instructions, you will then decide the case.