UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE                                       Date: October 24, 2022

Title: PINN, INC. V. APPLE INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REGARDING MOTIONS IN LIMINE [688], RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [682], AND TRIAL LOGISTICS**

Before the Court are Defendant Apple's Motions in Limine Nos. 17–20 ("Motions in Limine" or "Mot.") (Dkt. 688) and Apple's Renewed Motion for Judgment as a Matter of Law of Non-Infringement Regarding the "Find My" AirPods Feature ("Renewed Mot.") (Dkt. 682). Plaintiff Pinn, Inc. opposed the Motions in Limine, ("MIL Opp'n") (Dkt. 695) and the Renewed Motion for Judgment as a Matter of Law ("JMOL Opp'n") (Dkt. 697). Apple subsequently filed a reply. ("MIL Reply") (Dkt. 700); ("JMOL Reply") (Dkt. 699).

The Court heard oral arguments on October 18, 2022, during which the Court also ruled on trial-related matters. For the reasons set forth below, the Court rules as follows:

- Apple's Motions in Limine are **GRANTED IN PART and DENIED IN PART:**
    - Motion in Limine No. 17 (Apple's Patents) is **DENIED**, but Pinn should be mindful of the Court's reliance on Pinn's statements that Pinn will not rely on Apple patents to prove infringement. *See* Dkt. 459 at 17.
    - Motion in Limine No. 18 (Pinn's "Rules") is **DENIED.**
    - Motion in Limine No. 19 (Pinn's "Props") is **GRANTED.**
    - Motion in Limine No. 20 (Dropped Defenses) is **GRANTED AS MODIFIED**, such that Pinn cannot discuss that Apple asserted certain non-infringement defenses in the first trial but is not asserting these defenses in the second trial; Pinn can, however, comment on an absence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE                                                                 October 24, 2022
                                                                                              Page 2 of 8

- non-infringement evidence regarding the "charging" limitation and the "mobile base station" limitation.

- Apple's Renewed Motion for Judgment as a Matter of Law is **DENIED.**

- All witnesses, if called upon to testify, must testify in-person. Accordingly, the portions of Special Master Orders No. TSM-14 (Dkt. 530) and No. TSM-16 (Dkt. 618-1) permitting Ms. Jayna Whitt to testify remotely are **VACATED**.

- Trial time is **SET** to a limit of 12 hours per side (not including jury selection, openings, or closings).

I.   **APPLE'S MOTIONS IN LIMINE NOS. 17–20**

   A.  **Apple's Motion in Limine No. 17 – Apple's Patents**

In its motion to preclude Pinn from using Apple's own patents as evidence of infringement, Apple argues that because the Apple patents relied upon by Pinn in the first trial do not represent the final design of the AirPods, Pinn's reliance on those patents when examining Apple's witnesses was improper. Mot. at 2–4.

Pinn argues that Apple seeks to "un-level the playing field" because "Apple wants its witnesses to have the freedom to testify about some AirPod patents that it believes will support Apple's arguments while shielding them from questioning about others." MIL Opp'n at 1–2, 7. Pinn asserts that Apple did not object to this questioning during the first trial. *Id.* at 4. Pinn submits that Pinn appropriately relied on Apple patents to question Apple's witnesses about Apple's development of AirPods, Apple's knowledge of Pinn's patents, and the knowledge of a person of ordinary skill in the art at the time of the invention. *Id.* at 5.

Apple responds that Pinn improperly argued to the jury during the first trial that the jury should consider the disclosures in Apple's '446 Patent when deciding whether the AirPods infringe. MIL Reply at 2. Apple also argues that "Pinn never attempted to present any evidence that the [Apple] '649 patent describes how the AirPods operate, yet on cross, Pinn showed Dr. Cooperstock [(Apple's source code expert)] embodiments from the '649 patent that fit Pinn's infringement theory." *Id.* at 3.

The Court agrees with Pinn. To whatever extent Apple believes at trial that Pinn is leading the jury to compare the asserted claims or the accused products to the disclosures in Apple's patents, Apple may present questioning and arguments to highlight that the appropriate infringement inquiry is to compare the accused products to the asserted claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE                                                                  October 24, 2022
                                                                                                                                            Page 3 of 8

Apple's Motion in Limine No. 17 is thus **DENIED**, and Pinn is reminded to comply with its previous statement that Pinn will not rely on Apple patents to prove infringement. *See* Dkt. 459 at 17.

### B. Apple's Motion in Limine No. 18 – Pinn's "Rules"

Apple moves to exclude the "rules" Pinn stated and applied during the first trial, arguing that they are "made up and not contained in the Court's jury instructions," and that permitting Pinn to refer to them "is misleading and prejudicial and usurps the Court's role in providing the rules and law to the jury." Mot. at 5. The rules are:

> Rule number one is that being first to the Patent Office matters. Rule Number 2 is infringers have to pay. Very simple. And Rule Number 3 is that those rules apply to everybody, even Apple.

Mot. at 4–5. Apple argues that the first rule "that 'being first to the patent office matters' is impossibly vague and flatly incorrect" and that it "misleads the jury into thinking the filing date is all that matters." MIL Reply at 3. Apple argues that the second rule "that infringers have to pay is incorrect" because "[i]f Apple proves the patents are invalid, no damages are owed." *Id.* at 4. Finally, Apple submits that "Apple's 'rules' about Bluetooth are technical, not legal, and not disputed." *Id.*

Pinn responds that Apple "aims to stop Pinn's counsel from advocating for its client," and "Apple did not bother to identify in its motion or during the meet and confer a single jury instruction that Pinn allegedly contradicted by its discussion of 'rules.'" MIL Opp'n at 2. Pinn also notes that during the first trial Apple referred to "rules" in the context of the Bluetooth standard. *Id.*

Pinn's "rules" during the first trial, as a general matter, were within the bounds of attorney argument for purposes of framing the issues and presenting Pinn's view of the evidence. Apple has not shown that any of Pinn's "rules" contradicted any of the Court's instructions to the jury. During the first trial, the Court ruled on specific objections to Pinn's application of these "rules." (*See* Dkt. 696, Trial Tr., Day 2, Vol. 3, 13:12–24 & 14:7–22.) As with other issues, Apple can object during the second trial if Apple believes that specific questioning or argument by Pinn's counsel is impermissible.

Accordingly, Apple's Motion in Limine No. 18 is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE    October 24, 2022
Page 4 of 8

### C.  Apple's Motion in Limine No. 19 – Pinn's "Props"

Apple moves to exclude what Apple refers to as "props" that Pinn placed at Plaintiff's table in front of the jury during the first trial, namely: a large green binder labeled with Pinn's logo and the words "First to File Evidence"; a large red binder labeled with Apple's logo and the words "Apple's Admissions"; and a black lock box with a red label stating "Restricted" and "Confidential Source Code." Apple argues that these props were misleading because "Apple's 'admissions' introduced into evidence fit onto a handful of pages," and "there is nothing unusual about a party designating source code confidential under a protective order."  Mot. at 5.

Pinn responds that "[b]efore any admissions were read into the record, the Court provided the jury with a detailed, agreed instruction about admissions," and "Apple agreed to this instruction and cannot credibly argue now that its admissions were presented as 'unusual' or in an 'unfair negative light.'"  MIL Opp'n at 2.  Pinn also argues that "Apple seeks an order that allows them to hide and minimize the source code because Apple does not want Pinn to show the jury that Apple says one thing in secret and something else in Court." *Id.* Pinn also emphasizes that the Superseding Stipulated Protective Order requires that Apple's source code printouts shall be "kept in a secure manner that ensures access is limited to the persons authorized under this Order."  (Dkt. 69 at 12).  Pinn further notes that, during the first trial, "Apple never objected to any of this, never asked Pinn to remove any items, and never addressed this issue with the Court or with Pinn."  MIL Opp'n at 9.

Apple responds that "Pinn does not dispute that Apple's 'admissions' introduced into evidence fit onto a handful of pages," and that the jury instruction "about the use of admissions to prove certain facts does not neutralize the oversized, brightly colored binder that implied Apple's admissions were voluminous and significant." MIL Reply at 5.

Although Apple did not object to Pinn's "props" during the first trial, the surprise appearance of these materials put Apple in the position of either objecting without adequate time to evaluate or objecting after substantial subsequent trial time had elapsed.

The Court finds that Pinn's large binders with bright colors and prominent labels, filled with papers, positioned facing the jury box, have no probative value and could confuse, distract, or mislead the jury.  *See* Fed. R. Evid. 403. The Court also finds the large lock box Pinn placed on counsel table during the first trial was theatrical and unfairly prejudicial. Pinn has not shown that the source code had always been held in a large brightly labeled lock box, or that a more subdued vehicle cannot convey the source code to and from the courtroom.

Case 8:19-cv-01805-DOC-JDE   Document 710   Filed 10/24/22   Page 5 of 8   Page ID #:35020

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE                                                                October 24, 2022
                                                                                                          Page 5 of 8

Because the probative value of these "props," if there is any at probative value at all, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, Apple's Motion in Limine No. 19 is **GRANTED**.

### D. Apple's Motion in Limine No. 20 – Dropped Defenses

Apple plans to drop two of the non-infringement arguments that Apple made in the first trial, namely that AirPods do not meet the "charging" limitation or the "mobile base station" limitation. Mot.at 6. Apple states that "they will not address the dropped limitations if Pinn does not bring them up" and argues that "Pinn's witnesses should not be permitted to comment on Apple narrowing the case in this way." *Id.* at 7. Apple also notes that the Court previously granted Pinn's Motion in Limine No. 14 to exclude discussion of dropped claims and products. (*See* Dkt. 411 at 46–47 (R&R); *see also* Dkt. 459 at 9 (adopting R&R with modification)). Apple urges the Court to similarly preclude Pinn from discussing defenses that Apple is no longer pursuing. Mot. at 6–7.

Pinn responds that Apple "now seeks protection from its own words and position" and that "Apple has not 'dropped' any defense and has not proffered any stipulation that would take the issue out of contention." MIL Opp'n at 1, 11. Apple replies that a formal stipulation is not necessary, and "Apple will not elicit testimony from its experts or fact witnesses to contest the 'charging' and 'mobile base station' limitations." MIL Reply at 5–6. According to Apple,

> Pinn did not rely on testimony from Apple witnesses to meet its burden on infringement. *None of Apple's witnesses* testified that the AirPods practice the charging or mobile base station limitations. They testified to the opposite. . . . Granting the MIL would in no way prejudice Pinn's ability to meet its burden on infringement.

*Id.* at 6. Apple further urges that "Pinn should not be allowed to harass Apple witnesses about previous testimony that is irrelevant to the second trial where Apple has told Pinn it will not dispute the charging and mobile base station limitations." *Id.* at 6–7.

Pinn does not persuasively demonstrate that it must present evidence, cross-examination, or prior testimony for non-infringement arguments that Apple does not intend to raise. Permitting Pinn to discuss non-infringement arguments made in the first trial, but will not be made in the second trial, would result in undue delay and likely be unfairly prejudicial to Apple. *See, e.g., AVM Techs. LLC v. Intel Corp.*, No. CV 15-33-RGA, 2017 WL 2938191, at *2 (D. Del. Apr. 19, 2017) (Andrews, J.) ("The fact that claims, theories, contentions, opinions, etc., were previously asserted, but are now withdrawn, has no independent relevance, and, in the world of patent litigation, where such events happen all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE                                           October 24, 2022
                                                                        Page 6 of 8

the time, with the encouragement of the court to reduce the complexity of cases going to trial, such evidence would just invite speculation and sideshows about why lawyers and litigants litigate cases the way they do.").

The Court thus **GRANTS AS MODIFIED** Apple's Motion in Limine No. 20, such that Pinn may not raise that Apple asserted particular non-infringement defenses in the first trial that Apple is not asserting in the second trial. Pinn can, however, comment on an absence of non-infringement evidence regarding the "charging" limitation and the "mobile base station" limitation.

## II.   APPLE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF NON-INFRINGEMENT REGARDING THE "FIND MY" AIRPODS FEATURE

In its renewed motion for judgment as a matter of law, Apple submits that, at the first trial, Pinn argued that the accused "Find My" feature meets the claim requirements when *a human* is searching for a mobile system. Renewed Mot. at 1. Apple disputes Pinn's assertion "that Apple's Find My application searches by generating a sound" JMOL Reply at 1 because "[t]he claims do not state that the system generates sound when a *human* is searching—rather, they require generation of sound when the *mobile application* is searching." Renewed Mot. at 4. Apple emphasizes that "Pinn agrees AirPods only beep after the phone has found and connected to them." *Id.* at 2 (citation omitted). According to Apple, "[a]ny searching after that is done by a human—unless the Court accepts Pinn's argument that beeping *is* searching by an application, which is wrong as a matter of law." *Id.* at 3; *see id.* at 3–4.

Pinn responds that the Court already rejected Apple's argument that the "Find My" searching process ends when the earbud generates a sound. According to Pinn, its experts "explained their analysis that FindMy causing the AirPods to play sound met the claim requirement" and Apple's expert "voiced his contrary opinion." JMOL Opp'n at 3. Thus, Pinn argues, judgment as a matter of law is precluded because

> [a] key factual dispute is whether the FindMy application is searching when the AirPods play a sound. The parties' experts offered opposing opinions on that point, and fact witnesses Mr. Kim (the inventor) and Mr. Watson (Apple corporate representative) offered conflicting testimony for the jury to consider . . . .

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE  October 24, 2022
Page 7 of 8

The language at issue appears, for example, in asserted Claim 10 of the United States Patent No. 10,455,066 (emphasis added): "the mobile system is configured to *generate sound when a mobile application installed on the smartphone is searching for the mobile system* while the wireless earbud is paired with the smartphone."

During claim construction proceedings, neither party requested construction of the "searching" here at issue, and a fair reading of the plain meaning of this claim language is that a sound is played while a mobile application is aiding a user in finding an earbud. Apple does not show that Pinn's arguments at the first trial rendered any claim language superfluous, and Apple likewise does not show that at the first trial Pinn accused a human searching rather than a mobile application searching. Apple therefore does not demonstrate any entitlement to judgment as a matter of law on this claim limitation.

Apple's Renewed Motion for Judgment as a Matter of Law is **DENIED.**

## III.  TRIAL LOGISTICS

During the first trial, the Court permitted Ms. Jayna Whitt to testify remotely. Because of substantially changed circumstances, such as reductions in restrictions regarding the COVID-19 pandemic, the Court rules that all witnesses including Ms. Jayna Whitt, if called upon to testify in the upcoming retrial, must testify in-person. The Court therefore vacates the portions of Special Master Orders No. TSM-14 (Dkt. 530) and No. TSM-16 (Dkt. 618-1) that permitted Ms. Whitt to testify remotely.

The first trial also demonstrated that the time limit of 13 hours per side was excessive. For the upcoming retrial, the Court sets a trial time limit of 12 hours per side (not including jury selection, openings, or closings).

Finally, the manner of use of the large foam boards during the first trial was excessively argumentative, particularly as to witness photographs and other evidence being placed on the foam boards. The Court will not permit this during the retrial. Counsel may, however, present enlargements of the claim language.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-CV-1805-DOC-JDE             October 24, 2022
                                           Page 8 of 8

### IV.   DISPOSITION

Apple's Motions in Limine (Dkt. 688) are **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Apple's Renewed Motion for Judgment as a Matter of Law (Dkt. 682) is **DENIED**.

The portions of Special Master Orders No. TSM-14 (Dkt. 530) and No. TSM-16 (Dkt. 618-1) permitting Ms. Jayna Whitt to testify remotely are **VACATED**.

Trial time is **SET** to a limit of 12 hours per side (not including jury selection, openings, or closings).

The Clerk shall serve this minute order on the parties.