DAVID KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC., | ) |
| | ) Case No. 8:19-CV-01805-DOC-JDE |
| Plaintiff, | ) Hon. David O. Carter |
| | ) |
| v. | ) |
| | ) **TECHNICAL SPECIAL MASTER** |
| APPLE INC., | ) |
| | ) **ORDER No. TSM-18** |
| Defendant. | ) |
| | ) |
| | ) |

Pursuant to authority provided by the January 25, 2021 Second Amended Order Appointing Technical Special Master (Dkt. No. 379) and the Court's referral order on November 3, 2022 (Dkt. 717), the Technical Special Master held a hearing on Defendant Apple Inc.'s Ex Parte Motion to Prevent Pinn from Calling Linda Frager Before November 14 (Dkt. 716) on November 4, 2022.

# I.  BACKGROUND

Plaintiff Pinn, Inc. brought suit alleging patent infringement by Defendant Apple Inc. as well as other Defendants.  Apple is the only remaining Defendant.  The Court held a jury trial in August 2022, which ended in a mistrial.  (*See* Dkt. 643.)  A retrial is set to begin on Tuesday, November 8, 2022.  Apple filed an ex parte motion (Dkt. 716) on November 2, 2022, pursuant to Federal Rule of Evidence 611, to limit the timing of when Pinn can call one of Apple's witnesses during Pinn's case-in-chief.  The Court referred this motion to the Technical Special Master and ordered a response from Pinn (Dkt. 717), and Pinn responded on November 4, 2022 (Dkt. 719).  The Technical Special Master held a hearing on November 4, 2022.  (*See* Dkt. 720, Technical Special Master Minutes.)

# II.  LEGAL PRINCIPLES

"The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."  Fed. R. Evid. 611.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3).

### III.  DISCUSSION

Pinn intends to call one of Apple's marketing executives, Ms. Linda Frager, on November 10, 2022, during Pinn's case-in-chief.  Ms. Frager has been an Apple employee since 1992, is now a Senior Product Marketing Manager, and led the marketing for the AirPods products until the summer of 2021.  (Aug. 9, 2022 Trial Tr. (Day 5, Vol. II) at 47:5–9, 50:6–9 & 58:4–13; Dkt. 716 at 2.)  At the first jury trial in August 2022, Ms. Frager testified during Apple's case-in-chief, for a total of 38 minutes, regarding Apple's marketing and release of iPod, Bluetooth Headset, EarPods, and AirPods.  (*See id.* at 45:21–76:25.)  Upon the Court setting the retrial in November 2022, Pinn issued a trial subpoena for Ms. Frager, and at the November 4, 2022 hearing on this motion, Pinn submitted that Apple's counsel accepted the trial subpoena on behalf of Ms. Frager on October 6, 2022.

Apple informed Pinn on October 18, 2022, that Ms. Frager is unavailable on November 9–10, 2022.  (*See* Dkt. 716, Ex. 4, Nov. 2, 2022 K. Wheatley e-mail.)  Apple further informed Pinn on October 31, 2022, that Ms. Frager is unavailable on those days because Ms. Frager is scheduled to give international press briefings on those days, from 8:00 A.M. to 6:30 P.M.[1]  (*See id.*, Nov. 2, 2022 J. Lee e-mail; *see also id.*, Ex. 3, Oct. 31, 2022 K. Wheatley e-mail; Dkt. 716 at 1 & 2.)  The next trial day, Friday (November 11),

---

[1] At the November 4, 2022 hearing, Apple submitted that Ms. Frager is currently leading the marketing campaign for a new Apple Watch product.

is a federal holiday, so there will be no trial testimony that day.  Pinn expects to conclude its case-in-chief the following Monday (November 14), so Apple argues that Pinn would not be prejudiced by calling Ms. Frager on Monday (November 14) instead of on Wednesday or Thursday (November 9–10).  (*Id.*)  Alternatively, Apple suggests that Pinn could cross-examine Ms. Frager during Apple's case-in-chief, as Pinn did at the first trial, and if so then Apple has offered to allow Pinn to exceed the scope of Apple's direct examination.  (*Id.* at 3.)

Apple also emphasizes that, during the first trial, Pinn told Apple that Pinn intended to call Ms. Frager during Pinn's case-in-chief but then Pinn did not do so, which Apple submits caused unnecessary inconvenience to Ms. Frager for an entire week.  (*Id.*)

Apple therefore moves pursuant to Federal Rule of Evidence 611 to preclude Pinn from calling Ms. Frager to testify prior to Monday, November 14, 2022.  (*Id.* at 3.)

Pinn responds that the November 8, 2022 trial setting has been in place since September 2022,[2] that Pinn has subpoenaed Ms. Frager for trial, and that Pinn intends to call Ms. Frager on November 10, 2022, during Pinn's case-in-chief.  (*See id.*, Ex. 4, Nov. 2, 2022 J. Lee e-mail; *see also* Dkt. 719.)  Pinn also submits that "Apple does not provide the Court or Pinn any information about where the [November 9–10, 2022] press

---

[2] On September 13, 2022, the Court set trial for November 1, 2022.  (Dkt. 687)
On September 23, 2022, the Court reset trial for November 8, 2022.  (Dkt. 689.)

1  briefings are being held, whether they are remote or in person, or why they could not be
2  attended by one of Ms. Frager's colleagues." (*Id.* at 1.)
3        Apple persuasively demonstrates that requiring Ms. Frager to testify during Pinn's
4  case-in-chief on November 10, 2022, would impose an undue burden on Ms. Frager and
5  on Apple. *See* Fed. R. Civ. P. 45(d)(1) & (3). Apple submitted at the November 4, 2022
6  hearing that Ms. Frager is the leader of the marketing for a new Apple Watch product.
7  Requiring Apple to modify its international press briefing regarding this product so that
8  Ms. Frager could testify on November 10 would be a substantial burden. This burden
9  would be undue because two satisfactory alternatives are readily available and would
10 cause no unfair prejudice to Pinn. First, Apple intends to call Ms. Frager during Apple's
11 case-in-chief at the upcoming trial, so Pinn could cross-examine Ms. Frager during
12 Apple's case-in-chief (just as Pinn did at the first trial). Second, Pinn could call Ms.
13 Frager near the end of Pinn's case-in-chief on November 14, 2022. Either way, Pinn can
14 obtain the few minutes of trial testimony that Pinn needs, as reflected by Pinn's
15 examination of Ms. Frager during the first trial for a total of 24 minutes (regarding topics
16 such as marketing studies, the button on the AirPods charging case, the accuracy of
17 instruction manuals, and the ability to find misplaced AirPods). (*See* Aug. 9, 2022 Trial
18 Tr. (Day 5, Vol. II) at 45:21–76:25.)
19       Moreover, these findings of undue burden on Ms. Frager and absence of any unfair
20 prejudice to Pinn are reinforced by principles of fairness when further considering that,

during the first trial, Pinn expressed intent to call Ms. Frager to testify during Pinn's case-in-chief but did not. (*See, e.g.*, Dkt. 716, Exs. 2, 6, & 9–10 (August 1–4, 2022 e-mails in which Pinn's counsel stated intent to call Ms. Frager during Pinn's case-in-chief).) Instead, Pinn did not call Ms. Frager but rather Apple called Ms. Frager during Apple's case-in-chief. Although the above-discussed expected circumstances regarding the November 2022 retrial are a sufficient basis to grant Apple's motion, the unnecessary inconvenience to Apple and Ms. Frager during the August 2022 trial is an additional factor that further favors granting Apple's motion.

Apple thus demonstrates that requiring Ms. Frager to testify on November 10, 2022, would impose an undue burden on Ms. Frager and Apple. *See* Fed. R. Civ. P. 45(d)(1) & (3). Apple's motion to preclude Pinn from calling Ms. Frager before November 14, 2022, should therefore be granted.

### IV. DISPOSITION

Apple's Ex Parte Motion to Prevent Pinn from Calling Linda Frager Before November 14 (Dkt. 716) is hereby **GRANTED**. It is therefore hereby **ORDERED** that Pinn shall not call Ms. Linda Frager to testify prior to November 14, 2022.

**IT IS SO ORDERED.**

Dated: November 5, 2022    By: /s/ David Keyzer
David Keyzer
Technical Special Master