RYAN E. HATCH
ryan@hatchlaw.com
California Bar No. 235577
Hatch Law, PC
13323 Washington Blvd., Ste. 100,
Los Angeles, CA 90066
Tel: (310) 279-5079/Fax: (310) 693-5328

DAVID A. SKEELS (admitted pro hac vice)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce St., Ste. 3500, Ft. Worth, TX 76102
Tel: (817) 878-0500/Fax: (817) 878-0501

CABRACH J. CONNOR (admitted pro hac vice)
cab@clands.com
Texas Bar No. 24036390
Connor Lee & Shumaker PLLC
609 Castle Ridge Rd., Ste. 450, Austin, TX 78746
Tel: (512) 777-1254/ Fax: (888) 387-1134

Attorneys for Plaintiff PINN, INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC., <br><br>            Plaintiff, <br><br>v. <br><br>APPLE INC., <br><br>            Defendant. | Case No. 8:19-cv-1805-DOC-JDE <br><br>**PINN'S *EX PARTE* APPLICATION TO COMPEL DEFENDANT APPPLE TO DISCLOSE PRIOR ART COMBINATIONS FOR TRIAL AND PRECLUDE RELIANCE UPON UNDISCLOSED COMBINATIONS BASED UPON THE *LYDON* or *KALAYJIAN* REFERENCES.** <br><br>District Judge: Hon. David O. Carter <br>Magistrate Judge: John D. Early <br>Tech. Special Master: David Keyzer <br><br>Trial Date:  November 8, 2022 <br>Courtroom:     10A |

Pinn's Ex Parte Application Seeking Disclosure of Prior Art Combinations for Trial
Case No. 8:19-cv-1805-DOC-JDE

## I. APPLE REFUSES TO IDENTIFY THE SPECIFIC PRIOR ART COMBINATIONS IT WILL ASSERT AT TRIAL.

Apple's challenge to the validity of the asserted claims is based only on alleged obviousness under 35 U.S.C. § 103. Apple is not relying on any anticipatory prior art under 35 U.S.C. § 102 (because no such art exists). Pinn requests specific identification of the references and primary/secondary combinations that Apple will present at trial next week in support of its validity contention.

When Apple finally disclosed the prior art references that it intends to present at trial next week, it listed a new, undisclosed combination (Kalayjian + Lydon), the combination of Apple Bluetooth Headset (a device) and Lydon, and the Watson references, which are four different documents grouped as Watson I and Watson II.

> **From:** Seth Sproul <sproul@fr.com>
> **Sent:** Friday, November 4, 2022 5:52 PM
> **To:** Cabrach Connor <Cab@clands.com>; Chris Marchese <marchese@fr.com>; David Keyzer <david@keyzerlaw.com>; dskeels@whitakerchalk.com
> **Cc:** Service – FR Apple/Pinn <Service-FRApple/Pinn@fr.com>; Service - Pinn Counsel <ServicePinnCounsel@fr.com>
> **Subject:** Re: Pinn v. Apple, 8:19-cv-1805 (C.D. Cal.) -- Apple's Refusal To Disclose Obviousness Combinations It Intends to Assert at Trial
>
> Hi Cab,
>
> Our prior art for trial is below.
>
> Kalayjian in combination with:
> Lydon; or
> BT Headset and Lydon; or
> Watson
>
> State of the art: Bluetooth button prior art, Find My prior art (including iOS 7 and Ex. 1094 patent), testimony from witnesses on known elements.
>
> Thanks,
>
> Seth

**The Problems with Apple's Disclosure**

1.  The Kalayjian and Lydon references are patent documents, and Apple never disclosed either of them as a primary reference in any obviousness combination and never disclosed the combination of Kalayjian and Lydon. *Nichia Corp. v. Feit Elec. Co.*, No. CV 20-359-GW-Ex, 2022 U.S. Dist. LEXIS 104469, at *15 (C.D. Cal. Feb. 11, 2022) ("Analyzing a reference under one invalidity theory does not equate with a blanket disclosure that allows for later switching theories.").

Apple counsel recently, on October 25, 2022, sent a cryptic email declaring, "Apple reserves the right to use the Lydon '787 patent as a primary prior art reference at trial. *See Okyn Holdings, Inc. v. Hori U.S.A., Inc.*, No. 2:21-cv-04796-AB-PD, 2022 U.S. Dist. LEXIS 109565, at *14 (C.D. Cal. Apr. 5, 2022) ("the Court does not credit reservations of right as constituting some type of protective disclosure"). But Apple and its expert, Jonathan Wells, identified Lydon only as a secondary reference combined with:

Watson I or Watson II;

> 300.  It would have been obvious to one of skill in the art to implement Lydon's charging apparatus in the charging case of Watson I.  Watson I already

> 310.  It would have been obvious to combine Watson II with the prior art discussed above with respect to Watson I.  Watson II and Watson I disclose the same or substantially the same apparatus, and it would have been obvious to combine Watson II with Lydon, Hankey (and Rabu), or the Apple BT Headset, for the same reasons and in the same manner as described above.

Apple Bluetooth Headset:

> 461. It would have been obvious to combine Apple BT Headset with any of Watson I, Watson II, Rabu, Lydon, or Savi to include a user input button on the base station. As shown above, placing a user input button on the base station was well-known in the prior art. Each of BT Headset, Watson I and II, Rabu, Lydon, and Savi

> 462. Accordingly, BT Headset alone, or in combination with Watson I, Watson II, Rabu, Lydon, or Savi render these limitations obvious.

> 499. Accordingly, BT Headset alone, or in combination with any of Watson I, Watson II, Lydon, Savi, and/or Dua renders these limitations obvious.

(All references are from the Expert Report of J. Wells, which replicated Apple's invalidity contentions.)

In the claim charts included in Dr. Wells' expert report and Apple's invalidity contentions, neither Lydon nor Kalayjian were identified as disclosing any element of either asserted claim. *See* Exhibit A (Lydon charts) and Exhibit B (Kalayjian charts). The charts demonstrate that Lydon and Kalayjian were asserted only as secondary references and only for select limitations.

Permitting Apple to assert at trial the new combination of Kalayjian + Lydon unfairly prejudices Pinn because the combination itself was never disclosed, neither reference was mapped to any of the asserted claims, and Pinn is left guessing about how Apple and Dr. Wells combine them or the alleged motivation to combine them. Dr. Wells has no such opinions in his expert report, and Apple never disclosed such a combination. Preclusion is appropriate to prevent prior art ambush at trial.

2. If Apple asserts the obviousness combination of the Apple Bluetooth Headset product as primary and Lydon as secondary (as it previously disclosed), there is no problem. But Apple's disclosure is ambiguous. An attempt by Apple to argue the combination of Lydon (as primary reference) and Bluetooth Headset (as

secondary) presents a unfair surprise for the same reason discussed above (that Apple failed to disclose Lydon as a primary reference). Apple refused to tell Pinn what it intends to present ("we're not providing that level of detail") and offered only that "our disclosure from the prior trial is essentially identical to what we've provide to you this time." Pinn does not know (and Apple refuses to explain) what "essentially identical" means. Apple's disclosure from the prior trial was:

> **"We will proffer the primary references, BT Headset and the Watson Apps, with the secondary references."**

Sproul email dated March 11, 2022 (reproduced below).

> RE: Pinn v Apple - pretrial issues
>
> Seth Sproul <sproul@fr.com>
> To: Cabrach Connor; Karrie Wheatley; Jennifer Lee
> Cc: Bryce Freund; Chris Marchese; Janet Yastic; John Thornburgh; Joy Kete; dskeels@whitakerchalk.com
>
> Cab,
> We will proffer the primary references, BT Headset and the Watson Apps, with the secondary references. I think these are pretty clearly laid out in Dr. Wells report. Let's talk about witness order.
> Seth
>
> From: Cabrach Connor <Cab@clands.com>
> Sent: Thursday, March 10, 2022 2:57 PM
> To: Seth Sproul <sproul@fr.com>; Karrie Wheatley <wheatley@fr.com>; Jennifer Lee <Jennifer@clands.com>
> Cc: Bryce Freund <Bryce@clands.com>; Chris Marchese <marchese@fr.com>; Janet Yastic <janet@clands.com>; John Thornburgh <thornburgh@fr.com>; Joy Kete <kete@fr.com>; dskeels@whitakerchalk.com
> Subject: RE: Pinn v Apple - pretrial issues
> Seth, what are the specific combinations Apple intends to assert at trial?
> Cabrach Connor
>
> **CONNOR LEE & SHUMAKER**
> 609 Castle Ridge Road, Suite 450
> Austin, Texas 78746
> Mobile: 512-767-8341
> Direct: 512-646-2060
> Main: 512-777-1254
> Fax: 888-587-1134
> Cab@CLandS.com
>
> From: Seth Sproul <sproul@fr.com>
> Sent: Thursday, March 10, 2022 4:44 PM
> To: Cabrach Connor <Cab@clands.com>; Karrie Wheatley <wheatley@fr.com>; Jennifer Lee <Jennifer@clands.com>
> Cc: Bryce Freund <Bryce@clands.com>; Chris Marchese <marchese@fr.com>; Janet Yastic <janet@clands.com>; John Thornburgh <thornburgh@fr.com>; Joy Kete <kete@fr.com>; dskeels@whitakerchalk.com
> Subject: RE: Pinn v Apple - pretrial issues
>
> Cab,
> Apple will present the following prior art.
> Watson Applications
> Apple Bluetooth Headset (Dual Dock, Travel Cable, Manual)
> Hankey Group (Hankey, Rabu)
> Lydon
> Kalayjain
> Savi
> iOS 7
> State of the art as set forth in Wells Report (e.g., Bluetooth keyboard, Bluetooth mouse).
> Our combinations use the Watson Apps and BT Headset as the primary references.
> Thanks,
> Seth

So, despite previously identifying (before the first trial) its primary and secondary references and its proposed combinations, Apple now refuses to provide the same

4

type of disclosure for the second trial.

Pinn requests that the Court order Apple to confirm that it will present the same "BT Headset" obviousness combination at trial that it previously presented: Bluetooth Headset (as primary) in combination with Lydon (as secondary reference). No other combination is disclosed and would unfairly surprise Pinn.

3. Apple's disclosure of Watson is ambiguous too. Pinn simply requests confirmation that Apple's contention is the same as the last trial: the Watson I and Watson II references in combination with Kalayjian and iOS 7. If Apple intends to present a new obviousness combination, Pinn requests notice of it.

**Conclusion and Relief Sought**

Fair and full disclosure of a party's trial contentions is a basic premise of a fair trial. To avoid unfair prejudice and surprise, Pinn requests that the Court order Apple to identify with specificity the prior art combinations that it will assert at trial.

Dated: November 6, 2022

CONNOR LEE & SHUMAKER PLLC

*/s/ Cabrach J. Connor*
**Ryan E. Hatch**
ryan@hatchlaw.com
California Bar No. 235577
**HATCH LAW, PC**
13323 Washington Blvd., Ste. 100
Los Angeles, CA 90066
Tel: (310) 279-5076
Fax: (310) 693-5328

**David A. Skeels** (admitted *pro hac vice*)
dskeels@whitakerchalk.com
Texas Bar No. 24041925
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce St., Ste. 3500
Ft. Worth, TX 76102
Tel: (817) 878-0500
Fax: (817) 878-0501

**Cabrach J. Connor** (*admitted pro hac vice*)

cab@clands.com
Texas Bar No. 24036390
Jennifer Tatum Lee (*admitted pro hac vice*)
jennifer@clands.com
Texas Bar No. 24046950
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Rd., Ste. 450
Austin, TX 78746
Tel:  (512) 777-1254
Fax:  (888) 387-1134

Attorneys for Plaintiff PINN, INC.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 6, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Cabrach Connor*
Cabrach Connor

### CERTIFICATE OF CONFERENCE

I hereby certify and swear under penalty of perjury that counsel attempted in good faith to resolve this matter.  Counsel for the parties conferred by email and by phone starting on November 3.  The parties discussed this issue during a conference with the Special Master on November 4, and Pinn counsel again attempted to avoid filing this *ex parte* application by emailing Apple counsel and requesting the disclosure sought.  Counsel for Apple never responded.

*/s/ Cabrach Connor*
Cabrach Connor