UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

Case No. 8:19-CV-1805-DOC-JDE                             Date: November 7, 2022

Title: PINN, INC. V. APPLE INC.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                        None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO COMPEL DISCLOSURE AND PRECLUDE RELIANCE UPON THE LYDON OR KALAYJIAN REFERENCES [722]**

       Before the Court is Plaintiff Pinn's Ex Parte Application to Compel Defendant Apple to Disclose Prior Art Combinations for Trial and Preclude Reliance Upon Undisclosed Combinations Based Upon the Lydon or Kalayjian References ("Motion" or "Mot.") (Dkt. 722). Apple opposes. ("Opposition" or "Opp'n") (Dkt. 725). For reasons discussed below, the Court **DENIES** Pinn's Motion.

       Pinn's motion seeks to preclude Apple's reliance upon the "Lydon" reference (U.S. Pat. No. 8,078,787) and the "Kalayjian" reference (U.S. Patent Application No. US 2008/0125040) in the re-trial set to begin on Tuesday, November 8, 2022. In its Motion to Compel, Pinn argues that Apple never disclosed either patent documents "as a primary reference in any obviousness combination and never disclosed the combination of Kalayjian and Lydon." Mot. at 2. Pinn also points to the charts submitted with the report of Apple's invalidity expert, Dr. Jonathan Wells, and notes that they "demonstrate that Lydon and Kalayjian were asserted only as secondary references and only for select limitations." *Id*. at 3. Pinn cites *Nichia Corp. v. Feit Elec. Co.* for the proposition that "[a]nalyzing a reference under one invalidity theory does not equate with a blanket disclosure that allows for later switching theories." No. CV 20-359-GW-Ex, 2022 WL 4596589, at *5 (C.D. Cal. Feb. 11, 2022) (Wu, J.). Pinn further argues that Apple's disclosures regarding obviousness combinations for the November 2022 retrial are unclear as to which combinations Apple will present. *Id*. at 4–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:19-CV-1805-DOC-JDE | November 7, 2022 |
| | Page 2 of 8 |

In response, Apple contends that it has "clearly disclosed its prior art combinations," "has identified Lydon as a primary reference in both Pretrial Orders filed in this case and reaffirmed that in an email last week," and that "Dr. Wells provided claim charts and significant detailed analysis of Lydon . . . ." Opp'n at 1.

The Court finds that Apple's disclosures, as well as the opinions set forth in the report of Apple's invalidity expert, Dr. Jonathan Wells, were sufficient to put Pinn on notice of Apple's invalidity theories involving Lydon and Kalayjian. *See e.g.*, Dkt. 725, Ex. C ("Aug. 14, 2020 Wells Report") ¶¶ 206–07, 225–27, 236–39. Apple also identified Lydon as a "primary" reference in the July 22, 2022 Proposed Final Pretrial Conference Order. *See* Dkt. 587-1 at 37. Finally, Apple's correspondence with Pinn's counsel has adequately put Pinn on notice of the references—and combinations of references—that Apple intends to assert at the November 2022 retrial. *See e.g.*, Dkt. 722 at 1; Dkt. 725 at 3–4. Apple has thus sufficiently disclosed the manner in which it intends to rely upon the Lydon and Kalayjian references. *Cf. Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. 12-CV-01971-KAW, 2014 WL 1653131, at *2 & *5 (N.D. Cal. Apr. 24, 2014) (Westmore, J.) (considering "whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether").

Accordingly, Pinn's motion to compel further disclosure or to preclude reliance on Lydon and Kalayjian is hereby DENIED.

The Clerk shall serve this minute order on the parties.